# A MANUAL FOR *PRO SE* LITIGANTS APPEARING BEFORE THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK



**January 2011**

**Published and Copyrighted © by
the District Executive's Office
United States District Court
Southern District of New York**

Cited in Liu v Mount Sinai Sch of Med
09Civ9663. Declared 10/4/12
Archived on 10/11/12
This document is protected by copyright.
Further reproduction is prohibited without permission.



Cited in Liu v Mount Sinai Sch of Med
09Civ9663 Decided 9/24/12
Archived on 10/11/12
This document is protected by copyright.
Further reproduction is prohibited without permission.

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    What Does It Mean to Proceed *Pro Se*? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    The Decision to Proceed *Pro Se* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

THE *PRO SE* OFFICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    General Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    Contact Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    Accepting Papers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    Other *Pro Se* Functions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    Forms Available From the *Pro Se* Office . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

THE COURT SYSTEM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    State Courts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    Federal Courts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    Organization of the Federal Courts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

GENERAL INFORMATION ABOUT THE SOUTHERN DISTRICT . . . . . . . . . . . . . . . . . 12
    District Judges/Magistrate Judges . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    Clerk's Office . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    Proper Courthouse Conduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
        In the Courthouse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
        At the *Pro Se* Office . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
        In the Courtroom . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
    Rules of Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
    Legal Research . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

ALTERNATIVES TO SELF-REPRESENTATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
    Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
    Hiring an Attorney . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
    Requesting *Pro Bono* Counsel from the Court . . . . . . . . . . . . . . . . . . . . . . . . . . 25
    Employment Discrimination *Pro Bono* Mediation Panel . . . . . . . . . . . . . . . . . . . 27
    Attorneys' Fees and Costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27
    Interpreters . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

LITIGATION OVERVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Created on www.ww. Main Clinical Sch. of Med — Archived on 10/11/12 — Provided 9/24/12 — This document is protected by copyright. Further reproduction is prohibited without permission.

**JURISDICTION AND VENUE** .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35
   Federal Question Jurisdiction, 28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35
   Diversity Jurisdiction, 28 U.S.C. § 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37
   Venue: In Which Federal Judicial District Should I File My Case? . . . . . . . . . . . . . . . 39
   Organization of Federal Judicial Districts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39
   Venue for a Federal Question Case .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40
   Venue for a Diversity Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40
   Venue for a Corporation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41
   Selected Venue Provisions for Common Statutes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41
   Assignment of Cases: Manhattan or White Plains Courthouse . . . . . . . . . . . . . . . . . . . 42

**COSTS OF FILING AN ACTION IN THIS COURT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43
   *In Forma Pauperis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43
   Prisoners . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44
   Schedule of Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

**WRITING AND FILING THE COMPLAINT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45
   Writing the Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45
   Contents of the Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46
      Caption. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46
      Jury Demand . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47
      Subject Matter Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48
      Venue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48
      Statement of Facts (Rule 8) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49
      Prisoners - Exhaustion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50
      Remedy Sought . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50
      Signature . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51
      Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51
   Filing the Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

**SERVICE OF THE SUMMONS AND COMPLAINT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53
   Summary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53
   Parties Permitted to Serve Process (Rule 4(c)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53
   Forms Required for Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54
   Time Limits for Service (Rule 4(m)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56
   Rules for Service (Rule 4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57
   Waiver of Service of Summons (Rule 4(d)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57
   Service Upon Individuals (Rule 4(e)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58
   Service Upon Minors and Incompetent Persons (Rule 4(g)) . . . . . . . . . . . . . . . . . . . . 59
   Service Upon Corporations and Associations (Rule 4(h)) . . . . . . . . . . . . . . . . . . . . . . 59
   Service Upon the United States and Its Agencies
      or Officials (Rule 4(i)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60
   Service Upon State, Local or Foreign Governments (Rule 4(j)) .. . . . . . . . . . . . . . . . . 60
   Proof of Service (Rule 4(l)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

SERVICE AND FILING OF PLEADINGS AND COURT PAPERS AFTER
   SERVICE OF THE COMPLAINT:  RULE 5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62

AMENDED COMPLAINTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63
   Filing and Service of Amended Complaints . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

ANSWER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65
   An Answer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65
      Responses to the Complaint's Allegations . . . . . . . . . . . . . . . . . . . . . . . . . 65
      Defenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 66
      Counterclaims Against the Plaintiff. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 67
      Cross-Claims Against Other Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . 67
      Third-Party Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 67
   Motion to Dismiss . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68
   Time Limitations to Respond to a Complaint, Counterclaim or Cross-Claim . . . . . . . . 69
   Extension of Time to Respond to the Complaint, Counterclaim or Cross-Claim . . . . . . 70
   Procedure for Filing the Answer or Motion to Dismiss the Complaint. . . . . . . . . . . . . . 70
   Failure to File a Response to a Complaint:  Default Judgments . . . . . . . . . . . . . . . . . . 70

MAGISTRATE JUDGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72
   Consent to Proceed Before a Magistrate Judge
     for All Purposes Including Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73
   Orders Issued by the Magistrate Judge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74
   Objections to a Magistrate Judge's Report & Recommendation . . . . . . . . . . . . . . . . . 75

PRETRIAL CONFERENCES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 76
   The Initial Case Management Conference (Rule 16) . . . . . . . . . . . . . . . . . . . . . . . . . . 76
   Discovery Conferences. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 77
   The Final Pretrial Conference . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 77
   Conduct at All Conferences . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 78

DISCOVERY: INTRODUCTION & INITIAL DISCLOSURES . . . . . . . . . . . . . . . . . . . . . . . . . . 79
   Introduction to Discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79
   Mandatory Initial Disclosures (Rule 26(a)(1)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79
   The Content of Initial Disclosures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80

SCOPE OF DISCOVERY IN GENERAL (RULE 26(b)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 82
   Methods of Discovery:  Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 83

DISCOVERY: INTERROGATORIES (RULE 33) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 84
   Answers and Objections to Interrogatories . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 85
   Court Prepared Interrogatories in Certain Prisoner *Pro Se*
     Actions (Local Civil Rule 33.2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 87
   Court Prepared Discovery Requests in *Pro Se*
     Employment Discrimination Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 87

Cream Litigant Amount Decided on 2012 Further reproduction is prohibited by copyright. This document is protected without permission.

**DISCOVERY: REQUESTS FOR PRODUCTION OF DOCUMENTS (RULE 34)** . . . . . . . . . . . . . . . . . 88
    Response to Document Requests . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 88
    Document Requests to Non-Parties (Rules 34 and 45) . . . . . . . . . . . . . . . . . . . . . . . . . 89
    Response to a Subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 91

**DISCOVERY: PHYSICAL AND MENTAL EXAMINATIONS (RULE 35)** . . . . . . . . . . . . . . . . . . . . . 92

**DISCOVERY: REQUESTS FOR ADMISSION (RULE 36)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 94
    Response to a Request for Admission . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 95

**DISCOVERY: DEPOSITIONS (RULES 27-32)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 96
    Objections at the Deposition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 99
    Deposition of a Non-Party . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 100
    Motions to Quash a Subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 101
    Failure to Appear for a Noticed Deposition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 102
    Procedures After a Deposition is Taken . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 102
    Cost May Make Depositions Impractical for a *Pro Se* Party . . . . . . . . . . . . . . . . . . . 103

**DISCOVERY DISPUTES AND SANCTIONS (RULE 37)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 104
    Motion for a Protective Order (Rule 26(c)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 104
    Motion to Compel or for Sanctions (Rule 37) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 105
    Discovery Sanctions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 106

**MOTION PRACTICE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 108
    Motion Timing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 110
        Extension of Time . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 111
        Urgent Matters . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 112
    Common Types of Motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 113
    Motion to Dismiss the Complaint (Rule 12) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 114
    Discovery Motion (Rule 37) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 117
    Summary Judgment Motion (Rule 56) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 117
    Motions Made During or After Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 120
        Motion for Judgment as a Matter of Law (Rule 50) . . . . . . . . . . . . . . . . . . . 120
        Motions Challenging an Order or Final Judgment (Rules 59 and 60) . . . . . . . . 121

**SETTLEMENT AND MEDIATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 122
    Settlement Negotiations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 122
        Settlement of Prisoner Lawsuits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 124
    Mediation in *Pro Se* Employment Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 124
        The *Pro Se* Employment Case Mediation Process . . . . . . . . . . . . . . . . . . . . . 126

Qtedn u v Mount Sinai Sch. of Med.    Docketed on 9/24/12    Archived on 10/11/12    This document is protected by copyright.    Further reproduction is prohibited without permission.

TRIAL – AN OVERVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 128
    The Role of the Judge During Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 128
    The Stages of a Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 129
        Jury Selection . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 129
        Judge's Statements to the Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 130
        Opening Statements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 130
        Presentation of Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 131
        Direct and Cross Examination of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . 131
        Objections . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 132
        Closing Statements (also known as Closing Arguments) . . . . . . . . . . . . . . . . 133
        Jury Instructions (also known as Jury Charge) . . . . . . . . . . . . . . . . . . . . . . . 133
            Proposed Jury Instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 134
            Objections to Jury Instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 134
        Jury Deliberation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 134
        Verdict . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 135
        Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 135

APPEALS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 136
    Appeal Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 137
    Interlocutory Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 138
    Alternatives to Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 139
        Motion for a New Trial or to Alter or Amend the Judgment (Rule 59) . . . . . . . 139
        Motion for Reconsideration or Reargument (Local Civil Rule 6.3) . . . . . . . . . 140
        Motion for Relief from Judgment or Order (Rule 60) . . . . . . . . . . . . . . . . . . 140
    Proceedings on Appeal Before the Second Circuit . . . . . . . . . . . . . . . . . . . . . 141

GLOSSARY OF TERMS USED IN THIS MANUAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 143

Cited in Hirji v. Mount Sinai Sch. of Med., 09 Civil 9663, Decided 9/24/12

Archived on 10/11/12

This document is protected by copyright.

Further reproduction is prohibited without permission.

## FORMS INCLUDED IN THIS MANUAL

**FORM**      **PAGE***

APPLICATION FOR THE COURT TO REQUEST COUNSEL ........................................ **25**

REQUEST TO PROCEED *IN FORMA PAUPERIS* ............................................ **43**

PRISONER AUTHORIZATION (PLRA FILING FEES ) ........................................ **44**

COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983 (PRISONER COMPLAINT) ......... **45**

COMPLAINT FOR EMPLOYMENT DISCRIMINATION ........................................ **45**

GENERAL COMPLAINT FORM ............................................................ **45**

SUMMONS IN A CIVIL CASE AND CIVIL COVER SHEET ...................................... **52**

AFFIRMATION OF SERVICE .............................................................. **62**

ANSWER AND NOTICE OF APPEARANCE .................................................... **65**

MOTION FOR DEFAULT JUDGMENT ........................................................ **69**

CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE ...................................... **73**

PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS
(PRISONER CASES, LOCAL RULE 33.2) .................................................... **87**

PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS (EMPLOYMENT
DISCRIMINATION CASE) ................................................................ **87**

NOTICE OF MOTION, AFFIRMATION IN SUPPORT OF MOTION,
    AFFIRMATION IN OPPOSITION TO MOTION,
    REPLY AFFIRMATION IN SUPPORT OF MOTION ...................................... **108**

LOCAL CIVIL RULE 12.1 & NOTICE ...................................................... **116**

LOCAL CIVIL RULE 56.2 & NOTICE ...................................................... **120**

SAMPLE SETTLEMENT AGREEMENT AND RELEASE .......................................... **123**

REFERRAL FORM FOR PRO SE EMPLOYMENT DISCRIMINATION MEDIATION ................... **126**

NOTICE OF APPEAL IN A CIVIL CASE ..................................................... **136**

MOTION FOR EXTENSION OF TIME TO FILE APPEAL ........................................ **137**

COMBINED NOTICE OF APPEAL IN A CIVIL CASE
    & MOTION FOR AN EXTENSION OF TIME ........................................... **137**

_____

\*      The page indicated is where the form is discussed; the form itself is found by clicking on the hyperlink in the electronic format, or at the end of that section of the published manual.

Cited in Liu v. Mount Sinai Sch. of Med., 09-Civ-9663. Decided 3/24/12. Decided on 10/11/12. This document is protected by copyright. Further reproduction is prohibited without permission.

## INTRODUCTION

Welcome to the United States District Court for the Southern District of New York.  The

Southern District of New York is the largest and oldest federal court in the nation.  It was first

convened in New York City as the District of New York on November 3, 1789 – three months before

the United States Supreme Court held its first proceeding.  The Southern District of New York sits

in  downtown  Manhattan  and  in  White  Plains,  New  York.   The  courthouses' addresses  are:

United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York  10007-1312

United States District Court
Southern District of New York
Charles L. Brieant, Jr. Federal Building and Courthouse
300 Quarropas Street
White Plains, New York  10601-4150

official website:  www.nysd.uscourts.gov

**Please note that all mailings and filings must be addressed to the *Pro Se* Office at 500**

**Pearl Street in Manhattan.  See "Contact Information," on page 5.**

Cited in Liu v Mount Sinai Sch of Med

09Civ9663 Decided 10/1/12

Archived as of 10/24/12

This document is protected by copyright.

Further reproduction is prohibited without permission.

1

This manual was prepared by the *Pro Se* Office as a guide for persons who are representing themselves either as plaintiffs or as defendants in lawsuits before the United States District Court for the Southern District of New York.  It is intended as an informative and practical resource and guide to understanding the basic practices, rules and procedures of the Court.  A **glossary** that explains some of the words used in this manual begins at page 144.

It is important to note, however, that every time a person feels injured does not mean that the perceived wrong or injury is recognized at law.  What you have experienced may not be a "cause of action" and therefore there may be no remedy recognized at law, or at least none recognized under federal law.

This manual describes court procedures and rules but does not take the place of the Federal Rules of Civil Procedure, the Local Civil Practices of the United State District Courts for the Southern and Eastern Districts of New York, or the Individual Practices of the Judges of this Court. The information contained in this manual applies <u>only</u> to civil cases in this District Court, and <u>does not</u> pertain to bankruptcy proceedings, *habeas corpus* petitions or criminal matters.

The statements and materials presented in this manual are for educational purposes only and do not constitute legal advice.  This manual is not intended to be a substitute for the advice and assistance of a licensed attorney.  In addition, you should keep in mind that the law is constantly changing and the information contained in these pages may not be complete or up-to-date.  The laws and rules to which this manual refers may have changed since the manual's publication, and there may exist new laws or rules applicable to your case.  It is your responsibility to verify the accuracy of any information on which you intend to rely.

Cited in Liu v Mount Sinai Sch of Med 09civ9663 Decided 9/24/12

Archived on 10/11/12

This document is protected by copyright.

Further reproduction is prohibited without permission.

**What Does It Mean to Proceed *Pro Se*?**

Individuals in court cases are generally referred to as "plaintiffs" or "defendants."  The plaintiff is the person bringing the lawsuit who alleges a claim based on a right protected by law, which it is claimed the defendant violated; the defendant is the person who allegedly violated that claim or right.  The great majority of individuals appearing before a court, also known as "litigants" or "parties," are represented by licensed attorneys who practice law, have appeared before the court, and are familiar with the rules and procedures of the court.  Litigants or parties representing themselves in court without the assistance of a licensed attorney are known as *pro se* litigants.  The word "*pro se*" is Latin for "in one's own behalf."

Under United States law, you are permitted to file and conduct cases in federal court *pro se*. 28 U.S.C. § 1654.  (U.S.C. refers to the United States Code, which contains all federal laws.)  Any individual who is before the court without an attorney is considered *pro se*.  There are, however, limitations on the right to self-representation.  A person planning to initiate or defend an action on behalf of a corporation or partnership may not appear *pro se,* and must be represented by an attorney, even if there are only one or two shareholders in the corporation.  Similarly, a *pro se* litigant may not bring a class action (that is, an action on behalf of others).  Furthermore, a non-attorney parent generally may not appear *pro se* on behalf of his/her child, unless it is to appeal the denial of Social Security benefits to such child.

**The Decision to Proceed *Pro Se***

Individuals who are considering representing themselves are encouraged to evaluate carefully the risks associated with proceeding *pro se* and to educate themselves regarding the potential consequences.  Litigation is extremely costly, time consuming, and complex.  The legal process can

be difficult to understand. Although the *Pro Se* Office and other court personnel may explain basic

procedures and provide standard forms, they are prohibited from giving legal advice. They cannot

advise you on whether to bring a certain action or what remedies you should seek. Furthermore, it

is likely that a *pro se* litigant's opponent will be represented by an attorney. Thus, a *pro se* litigant

could be at a serious disadvantage without an attorney. A *pro se* litigant is subject to the same rules

of law and evidence as individuals represented by an attorney. The court cannot make exceptions

for *pro se* parties.

This manual provides a *pro se* party with information to consider before filing a lawsuit as

well as procedural assistance in filing and litigating a lawsuit in the United States District Court for

the Southern District of New York. The following chapters provide general information about the

Southern District of New York, outline the structure of the court system, give an overview of

litigation from the inception of an action through trial, and explain basic court rules and procedures.

Cited in Liu v Mount Sinai Sch of Med
09Civ9663 Decided 9/24/12
Archived on 10/1/12
This document is protected by copyright.
Further reproduction is prohibited without permission.

## THE *PRO SE* OFFICE

### General Information

The *Pro Se* Office acts as a central resource for the Southern District of New York on all *pro se* matters. While its employees accept all papers to be filed in *pro se* cases and may answer general questions regarding court procedures, they are not permitted to give advice on legal strategy, to represent litigants in court, or to participate in any discussion with *pro se* litigants regarding the merits of a particular case. It is important that you read this entire manual before you direct specific questions to the *Pro Se* Office about your case because many of your questions will be answered in these pages.

### Contact Information

The *Pro Se* Office for the Southern District of New York is located in Room 230 of the Daniel Patrick Moynihan Courthouse at 500 Pearl Street in Manhattan. (There is no *Pro Se* Office in the Charles L. Brieant, Jr. Federal Building and Courthouse in White Plains.) The *Pro Se* Office is open to the public Monday through Friday, 8:30 a.m. to 5:00 p.m. The *Pro Se* Office is closed on weekends and federal holidays. The *Pro Se* Office's mailing address is:

United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
*Pro Se* Office
500 Pearl Street, Room 230
New York, NY 10007

The telephone number of the *Pro Se* Office is (212) 805-0175. The *Pro Se* Office cannot accept collect calls. No appointment is needed to speak to *Pro Se* Office staff, in person or on the telephone.

Please remember that it is your responsibility to ensure that the Court is always able to contact you regarding your case.  Therefore, you must immediately notify the *Pro Se* Office in writing of any change of your address (a letter to the *Pro Se* Office is satisfactory, but must identify the name of your case and docket number, as well as your new address).  If you fail to do so, the Judge may dismiss your case.

**Accepting Papers**

The *Pro Se* Office accepts all papers submitted by *pro se* litigants, beginning with the filing of the complaint and ending with the filing of a notice of appeal.  **By standing order of the Court, all *pro se* litigants must submit their papers to the *Pro Se* Office (unless specifically directed by the Judge to submit papers directly to that Judge's chambers).**  Papers can be filed with the *Pro Se* Office in person or by mail; the *Pro Se* Office does not accept faxes or email.  The *Pro Se* Office files the original papers in the Clerk's Office and will send any required courtesy copies to the Judge's chambers.

Once your case is assigned a Judge and a case number, which is known as the docket number, the Judge's initials and docket number must appear on all papers submitted to the *Pro Se* Office.  The docket number consists of the last two digits of the year in which the case was filed, followed by "Civ." to designate its status as a civil case or "Cr." to designate its status as a criminal case, a four or five digit number, and the initials of the Judge assigned to your case.  Thus, 09 Civ. 4567 (LAP) is the 4,567th civil case filed in the year 2009, and the case is assigned to the Honorable Loretta A. Preska.

In addition, all documents after the complaint must be served on the opposing party and <u>must</u> be accompanied by proof of service, called an <u>Affirmation of Service</u>.  The *Pro Se* Office checks all

documents submitted by *pro se* litigants for proof of service before forwarding them to the docketing department, which is responsible for entering documents into the court's computer system, also known as the docket.  Proof of service of all papers <u>after</u> the defendant has responded to the complaint should be on a separate sheet of paper, stating: "I declare under penalty of perjury that I mailed a copy of [name of the document] to counsel for the opposing party, [give the lawyer's name and address], on [date]," and be signed and dated by you.  It need not be notarized.

The *Pro Se* Office is unable to accept any documents without the case number, Judge's initials, and proof of service.  If documents are mailed to the *Pro Se* Office without the required information, they may be returned to you.  To ensure properly filing of your documents, you should include on the top of all filings this information and a title of the document indicating what it is.

### Other *Pro Se* Office Functions

Each day that the court is open for business, a writ clerk is available in the *Pro Se* Office to assist *pro se* litigants who either call, write, or visit the *Pro Se* Office.  The *Pro Se* Office staff is employed by the court and must remain neutral.  Therefore, like all other court employees, the *Pro Se* Office staff may not give substantive legal advice, draft papers for *pro se* litigants, fill out forms, serve papers, act as interpreters, or notarize documents.

Although the *Pro Se* Office staff can provide *pro se* litigants with general instructions concerning court rules and procedures, they are prohibited from interpreting those rules and procedures, the law, evaluating facts, calculating time deadlines, or otherwise participating, directly or indirectly, in any particular case.  Remember that no matter how much a particular court employee may want to help you with your case, that employee is prohibited from giving you any assistance other than basic procedural information.

Keep in mind that all questions concerning the status of your case should be addressed to the *Pro Se* Office rather than to a Judge's chambers.  If you have access to a computer, you may be able to set up an account on Pacer which provides public access to court electronic records.  Pacer permits you to view the docket sheet, which lists the documents that have been filed.  You do not need to be an attorney or have the permission of the court to view documents on Pacer.  The website address for Pacer is www.pacer.psc.uscourts.gov.  This website is not operated by this court and any technical questions regarding the website should be addressed to Pacer.

It is improper for any party to contact the Judge directly about the case outside the hearing of another party (this is called *ex parte* communication with the Judge and it is prohibited).

**Forms Available from the *Pro Se* Office**

The *Pro Se* Office has numerous forms which are available to litigants free of charge, including a General Complaint, Prisoner Civil Rights Complaint, Employment Discrimination Complaint, Summonses, *Habeas Corpus* Petitions (28 U.S.C. § 2255 & § 2254), forms to apply for waiver of the required filing fee based on demonstrated financial need (called the Request to Proceed *In Forma Pauperis*), an Application for the Court to Request Counsel, motion instructions, sample motion forms, and appeal forms, including a Notice of Appeal.  Many forms are included in this manual, and other forms may be obtained from the Southern District's website (www.nysd.uscourts.gov), particularly the section of the website labeled "Representing Yourself In Federal Court," by visiting the *Pro Se* Office personally, or by requesting forms by phone or letter. If you are currently confined at a federal, state or local prison or jail in New York, you also may obtain certain forms from the facility's law library.

8

The *Pro Se* Office also has copies of some common federal statutes and rules, which are available on request.  Please note that the *Pro Se* Office cannot distribute copies of <u>all</u> rules and statutes.

Cited in Liu v Mount Sinai Sch of Med
09Civ9663 Decided 9/24/12
Archived on 10/11/12
This document is protected by copyright.
Further reproduction is prohibited without permission.

## THE COURT SYSTEM

The country's legal structure is made up of state and federal court systems, which function independently.  Certain matters may be brought only in federal court, while other matters may be brought only in state court.

### State Courts

State courts possess general (unlimited) jurisdiction.  That is, they have the power to hear all cases except those over which another court has exclusive authority.  The majority of cases brought in this country are filed in state courts.  These cases include but are not limited to disputes involving contracts, personal injury, automobile accidents, landlord-tenant, divorce and child custody matters.

The organization of the state court system differs from state to state.  Very broadly, in New York, the trial court with general jurisdiction over both civil and criminal matters is the New York Supreme Court.  That court may hear any matter except cases filed against the State, which must be brought in the New York State Court of Claims.  Appeals from the state trial court typically are heard in the Appellate Divisions of the Supreme Court.  New York's highest appeals court is the Court of Appeals, which is located in Albany.

### Federal Courts

Federal courts have the power to hear only certain types of cases.  Unless (a) the case involves a violation of federal law, or (b) the parties live in – i.e., are "citizens of" – different states and the amount of damages in question involves more than $75,000, a federal court does not have the power to hear the case, and the case could not be brought in federal court.  See also "Jurisdiction and Venue," on pages 35-42.

10

## Organization of the Federal Courts

The federal court system is made up of courts on three different levels.  The first level is the district courts, which are the trial courts in the federal system.  In the district courts, cases are tried, witnesses testify, and a jury may be present.  Congress has divided the country into ninety-four federal judicial districts, with each state having at least one district.  Larger states, like New York, have more than one district.  Each district has at least one federal court in it.

The federal appeals courts, the second level, are referred to as circuit courts.  The United States Court of Appeals for the Second Circuit hears appeals from all district courts in the states of New York, Connecticut and Vermont.

The United States Supreme Court, the third and highest level, hears select cases from the Circuit Courts of Appeal and from the highest state courts.  However, since the Supreme Court has the authority to select which cases it chooses to hear, it hears only a small percentage of the cases it is asked to review.

11

# GENERAL INFORMATION ABOUT THE SOUTHERN DISTRICT OF NEW YORK

## District Judges/Magistrate Judges

There are two types of Judges in district court:  United States District Judges and United States Magistrate Judges.  District Judges are appointed by the President with the approval of the United States Senate, pursuant to Article III of the United States Constitution, for life terms.  United States Magistrate Judges are appointed by the Board of Judges of the District Court, for renewable terms of eight years.  All civil cases in the Southern District of New York are assigned randomly to a District Judge and a Magistrate Judge at the time the complaint is filed.  A Magistrate Judge takes charge of the case only when the District Judge refers the case to the Magistrate Judge for a specific purpose or when the parties consent to proceed before the Magistrate Judge for all purposes, as described in the section on "Magistrate Judges" on pages 72-75.

## Clerk's Office

The Clerk's Office consists of several departments.

The Open Records department contains files for all open or pending cases.  If you wish to view or obtain copies of any documents filed in an open case, you must contact this department.

The Closed Records department contains files for closed cases, for a period of two (2) years. If you wish to view or obtain copies of any documents filed in a closed case, you must contact this department.

For the Daniel Patrick Moynihan Courthouse at 500 Pearl Street in Manhattan, the Open Records department is located in Room 260 and the Closed Records department is located in Room 370.  If the Judge to whom the case is assigned is located in White Plains, both the open and closed records are located in Room 156 of the Charles L. Brieant, Jr. Federal Building and Courthouse.

The Records Management department is responsible for handling the copy work for the public at the statutory fee of $0.50 per page.  The Records Management department is located in Room 270 at the Daniel Patrick Moynihan Courthouse and Room 156 of the Charles L. Brieant, Jr. Federal Building and Courthouse.  If you are unable to come to the courthouse, you may obtain copies of documents from the Court's records by writing to the Records Management department.  The Records Management department will determine the cost of your request and inform you of the payment necessary to process your request.  After the Records Management department receives your payment, the documents you requested will be mailed to you.

The Docketing department maintains the computerized record or docket for every case.  A docket is a chronological summary of all significant events in a case.  For example, every time a motion or opposition to a motion is filed or an appearance is made for a conference or hearing, an entry summarizing the event is added to that case's docket.  You may review the docket in your case on public access computer terminals located in the public areas of the Open Records departments, the Closed Records department and the Clerk's Office in Manhattan and White Plains.  You may request a copy of the docket for a case by contacting the Records Management department.  The fee for such a request is $0.50 per page.  The *Pro Se* Office will provide you with a free copy of the docket sheet in your case upon written request.  When responding to your procedural questions, the staff of the *Pro Se* Office may provide relevant docket information to you over the telephone.  Any request about the status of your case, however, must be made in writing so that the *Pro Se* Office can send a docket sheet to you.

13

**Proper Courthouse Conduct**

You must be polite and patient with court personnel at all times.  Keep in mind that busy court employees handle thousands of cases besides yours each year and are not personally responsible for the rules that apply to your lawsuit.  Also, remember that it is improper for you to try to influence court employees in your favor or to try to persuade them to give you non-public information about your case.

In addition, just as you cannot select the Judge who will be assigned to handle your particular case, you cannot select the court staff to process your case either.  Rather than request assistance from a particular *Pro Se* Office employee on any given day, you must accept assistance from the staff assigned to duty that day.

Always be courteous to all court employees, whether they are Judges, court security officers, courtroom deputies, secretaries, law clerks, file clerks, *pro se* staff attorneys, or *pro se* writ clerks.

**In The Courthouse . . .**

- Weapons, contraband and other illegal items are forbidden.

- Cell phones, cameras, radios, recording devices and computers are not allowed, and must be left with the Court's Security Office.

- Dress properly.

- Organize your papers and your thoughts.

**At the *Pro Se* Office . . .**

- Be polite and listen carefully to the staff.

- Do not be afraid to ask questions.  Please be mindful, however, that the staff cannot provide legal advice.

14

- Follow instructions.  Please do not argue with the *Pro Se* Office staff.

- Have your fees ready for payment.  Fees can only be paid by cash, certified check, money order, or credit card.  Personal checks are not accepted.

**In the Courtroom . . .**

- Gum chewing, eating and drinking, reading of newspapers and magazines, sleeping, and loud talking are prohibited in the courtroom.

- When the Judge or jury enters or leaves the courtroom, you should stand up.

- Refer to the Judge as "Your Honor," "Judge," "Sir" or "Madam."

- When addressing the Judge, always stand, speak clearly, and be courteous and polite.

- Be organized and prepared with your argument.  Present your argument in a clear and concise manner.

- If it is not your turn to speak or the Judge has not posed a question to you, do not interrupt opposing counsel or the Judge.   Raise your hand if you need to get the Judge's attention.

**Rules of Procedure**

If you are going to handle your own case in federal court, you should have a basic understanding of the procedural rules governing your case.  There are three types of rules and procedures controlling your case.  (1) the Federal Rules of Civil Procedure (cited as "Fed. R. Civ. P."); (2) the Local Civil Rules for the Southern District of New York; and (3) the Individual Practices of the Judge assigned to your case.  Therefore, it is a good idea to become familiar with all of these rules.

The Local Civil Rules for the Southern District of New York, the Judges' Individual Practices, as well as certain forms, are available on the Court's website (www.nysd.uscourts.gov).  The *Pro Se* Office cannot access the website for you or print/download information from it.  In addition, the Local Civil Rules may be found in most public law libraries in a book published by West Group entitled "McKinney's New York Rules of Court – Federal."  Judges' Individual Practices also are available free of charge from the Court's Cashier's Office.

**Legal Research**

It is important to recognize that laws, rules and procedures change over time.  While this manual is designed to assist you in going forward with your *pro se* litigation, it does not address in any way the substantive law that applies in your case.  This is the area that attorneys know and, if you represent yourself, that you must know.  Therefore, you must do legal research on your own concerning your case.

Your first stop should be a law library that is open to the public.  The law library will have a number of different resources you can use to research the law of your case.  At the law library you can access legal information based on the topic of law, the statutes, and the case law.  Below is a list of courthouse-based law libraries open to the public.

| **Manhattan** | **Bronx** |
|---|---|
| *NY County Public Access Law Library* | *Bronx Supreme Court - Law Library* |
| 80 Centre Street, Room 468 | 851 Grand Concourse, Room 817 |
| New York, NY  10013 | Bronx, NY  10451 |
| (646) 386-3715 | (718) 618-3710 |
| **Brooklyn** | **Queens** |
| *Kings County Supreme Court - Law Library* | *Queens Supreme Court Law Library* |
| 360 Adams Street, Room 349 | Queens County General Courthouse |
| Brooklyn, NY  11201 | 88-11 Sutphin Avenue |
| (347) 296-1144 | Jamaica, NY  11435 |
|  | (718) 298-1206 |

| | |
|---|---|
| **Staten Island**<br>*Richmond County Supreme Court - Law Library*<br>Supreme Court Bldg.<br>18 Richmond Terrace<br>Staten Island, NY  10301<br>(718) 390-5291 | **Westchester County**<br>*Westchester County Supreme Court - Law Library*<br>111 Dr. Martin Luther King, Jr. Blvd.<br>White Plains, NY  10601<br>(914) 824-5660 |
| **Dutchess County**<br>*Supreme Court Law Library*<br>50 Market Street<br>Poughkeepsie, NY  12601<br>(845) 486-2215 | **Orange County**<br>*Supreme Court Law Library*<br>Orange County Government Center<br>255-275 Main Street<br>Goshen, NY  10924<br>(845) 291-3138 |
| **Putnam County**<br>*Supreme Court Law Library*<br>20 County Center<br>Carmel, NY  10512<br>(845) 208-7804 | **Rockland County**<br>*Supreme Court Law Library*<br>1 South Main Street, Suite 235<br>New City, NY  10956<br>(845) 638-5396 |
| **Sullivan County**<br>*Hamilton O'Dell Library*<br>New York State Supreme Court Library<br>Sullivan County Courthouse<br>Monticello, NY  12701<br>(845) 794-1547 | **Nassau County**<br>*Supreme Court Law Library*<br>100 Supreme Court Drive<br>Mineola, NY  11501<br>(516) 571-3883 |
| **Suffolk County**<br>*Suffolk County Supreme Court Law Library*<br>Cohalan Court Complex<br>400 Carleton Avenue<br>Central Islip, NY  11702<br>(631) 853-7530 | **Suffolk County**<br>*Supreme Court Law Library*<br>Criminal Courts Building<br>220 Center Street<br>Riverhead, NY  11901-3312<br>(631) 852-2419 |

Depending on the particulars of your case, your local public library may also have information that could be helpful to you. You may also use the internet to conduct legal research. There are many helpful legal websites on the internet. You should, however, be aware that not all websites provide accurate information. Therefore, you should be cautious when reviewing a website's information.

Credit: NYU v Mount Sinai 09-Civ-9663 Decided on 9/14/12. Archived on 9/14/12. This document is protected by copyright. Further reproduction is prohibited without permission.

You may access free on-line resources through the *Pro Se* pages of the Court's website.  Once there, you can link to many government websites which provide free access to statutes, rules and case law.

If you do not have a computer, you may access these internet resources on computers at your local public library.

Cited in Liu v Mount Sinai Sch of Med
09Civ9663 Decided 9/24/12
Archived on 10/11/12
This document is protected by copyright.
Further reproduction is prohibited without permission.

**THIS PAGE IS INTENTIONALLY LEFT BLANK**

Cited in Liu v Mount Sinai Sch of Med
09Civ9663 Declared 9/24/12
Archived on 10/11/12
This document is protected by copyright.
Further reproduction is prohibited without permission.

## ALTERNATIVES TO SELF-REPRESENTATION

### Introduction

A party may appear in federal court represented by counsel or may represent himself/herself *pro se*. 28 U.S.C. § 1654. (U.S.C. refers to the United States Code, which contains all federal laws.) It is advisable to proceed with an attorney because experienced legal counsel familiar with the rules of procedures and the substantive law can greatly increase your chances of successfully resolving your case.

The Sixth Amendment to the Constitution grants all persons accused of a crime the absolute right to counsel in <u>criminal</u> proceedings only. There is no constitutional right to counsel in civil proceedings, and the Court has no funds to hire attorneys for *pro se* parties.

### Hiring an Attorney

Before you choose an attorney to hire, you should ask yourself three questions:

1.   *Does the attorney practice the type of law involved in your case?*

Many attorneys specialize in certain types of law only, such as criminal law, matrimonial law, landlord-tenant law, estate law, or tax law. An attorney whose practice is primarily in a specific area of the law may not be familiar with the area of law in your case and therefore may not be an effective advocate for you. In addition, many attorneys practice primarily in one particular type of court, such as state court, and may be unfamiliar with the rules and procedures in federal court.

2.   *How does the attorney expect to be paid?*

There are two types of fee arrangements you may make with an attorney: hourly rate and contingency fee. An **hourly rate** fee allows the attorney to bill you for the amount of hours the

attorney works on your case.  This type of arrangement may be beneficial to you if you have funds available to pay for an attorney and if the case is not too complex.  Under this arrangement, at the time of your first meeting or retention of the attorney, the attorney must inform you of the hourly rate he or she intends to charge you, as well as the hourly rate for the work of any partners, associates, and support staff such as paralegals.  Be sure to inquire as to whether the rates are different for "in-court" time and "out-of-court" time.  This arrangement usually requires a "retainer," that is, an amount of money, to be paid to the attorney before work will begin on the case.  A retainer is a sum of money from which the attorney will draw expenses and fee charges.

A **contingency fee** does not generally require a financial retainer but rather is based on the agreement that the attorney will claim a percentage, such as 33⅓%, of any money awarded to you at the end of the case.  Be sure to inquire as to what percentage of the award the attorney will take.

Whether the case is on an hourly fee or contingent fee basis, you will be responsible for the out-of-pocket costs of the litigation, such as postage, photocopying, transcript costs, etc.

All arrangements regarding the fees to be paid to an attorney (including the percentage of any recovery) should be spelled out in the retainer agreement or letter of engagement that you sign when you hire the attorney.  Always obtain and keep a copy of the retainer agreement for your records.

3.    *Are you comfortable with the attorney?*

The relationship between attorney and client is unique.  It is basic that the free flow of information between an attorney and client not be interfered with in any way.  The attorney may need to know details of your life, as well as those of your family, friends, and colleagues;  therefore, you must feel absolutely comfortable when dealing with your attorney.  You also should consider whether

Cited in Liu v. Mount Sinai Sch of Med
09-Civ-9663 Decided 9/24/12
Archived on 10/11/12
This document is protected by copyright.
Further reproduction is prohibited without permission.

the attorney can accommodate you or others involved in your case, for example, a person who does not speak English, who is disabled, or who is a child.

Choosing an attorney may be as easy as opening the telephone book, but a referral to a lawyer from someone you know who has personal knowledge of the lawyer likely will be more reliable. You may also wish to contact the local bar associations listed below for referrals.

New York State Bar Association
1 Elk Street
Albany, New York  12207
(518) 463-3200
www.nysba.org

New York City Bar Association
42 West 44th Street
New York, New York 10036
General:  (212) 382-6600
Referral:  (212) 626-7373
www.nycbar.org

New York County Lawyers' Association
14 Vesey Street
New York, New York   10007
(212) 267-6646
www.nycla.org

Citron Inc v Mount Sinai Sch of Med
09Civ9663 Decided 9/24/12
Archived on 10/11/12
This document is protected by copyright.
Further reproduction is prohibited without permission.

Bronx County Bar Association
New York State Supreme Court Bldg.
851 Grand Concourse
Bronx, New York   10451
General:  (718) 293-2227
Referral:  (718) 293-5600
www.bronxbar.com
info@bronxbar.com

Westchester County Bar Association
One North Broadway, Suite 512
White Plains, New York  10601
(914) 761-3707
www.wcbany.org

Dutchess County Bar Association
P. O. Box 4865
Poughkeepsie, New York  12602
(845) 473-2488
www.dutchesscountybar.org
janna@dutchesscountybar.org

Orange County Bar Association
P. O. Box 88
198 Main Street
Goshen, New York  10924
(845) 294-8222
www.orangecountybarassociation.org
orangelaw@frontiernet.net

Cited in Liu v Mount Sinai Sch of Med 09 Civ 9663 Decided 9/24/12 Archived on 10/11/12 This document is protected by copyright. Further reproduction is prohibited without permission.

Putnam County Bar Association

P. O. Box 44

Carmel, New York  10512

(845) 225-4904

putnamcountybar@yahoo.com

No website yet.

Rockland County Bar Association

337 N. Main Street

New City, New York  10956

(845) 634-2149

www.rocklandbar.org

office@rocklandbar.org

Sullivan County Bar Association

P. O. Box 1040

Monticello, New York  12701

(845) 794-2426

No website yet.

Other bar associations may be found in the telephone book or via the internet.  In addition, other organizations such as The Legal Aid Society, www.legal-aid.org, and LawHelp/NY, www.lawhelp.org/ny, may be helpful.  Other public interest organizations may be willing to represent you in certain types of cases without a fee.

Remember to keep a detailed record of all the efforts you make to find an attorney to represent you.  This not only will help to organize your search, but will provide evidentiary support for any application for appointment of *pro bono* counsel you may make at a later date.

**Requesting *Pro Bono* Counsel from the Court**

Unlike in criminal cases in which the defendant is guaranteed the right to counsel if he or she cannot afford an attorney, there is no right to counsel in civil cases, nor do the federal courts have any funds to pay attorneys in civil cases.  If you are unable to hire an attorney, you may ask the Judge to grant your request for counsel to represent you for free.  The Southern District maintains panels of attorneys who volunteer to represent, <u>at</u> <u>no</u> <u>charge</u>, parties whose requests for *pro bono* counsel have been granted by the Judge.  These attorneys are called *Pro Bono* Attorneys.  These panels are comprised of attorneys who are from private firms, who are solo practitioners, or who are law school students supervised by attorneys at law school clinics.  The names of the panel members are not available to the public.  You should understand, however, that there are many more people in need of attorneys than there are volunteer attorneys willing to represent them.  Even if your request for *pro bono* counsel is granted, it does not mean that a lawyer will be available to represent you.

For the Judge properly to consider a request for *pro bono* counsel, there must already be a lawsuit in this District.  The Judge cannot appoint a lawyer to represent someone to discuss the possibility of filing a lawsuit.

You may request *pro bono* counsel at any time during the litigation.  While a party may submit an application for counsel with the complaint, the Judge often will deny these requests without prejudice to renewing them later in the litigation.

To request *pro bono* counsel, you must complete and submit an <u>Application for the Court to Request *Pro Bono* Counsel</u>.  A sample **form** is included in this manual (at the end of this section), and is available from the *Pro Se* Office and on the Southern District website (<u>www.nysd.uscourts.gov</u>).  The Judge will consider the following factors in deciding whether to grant

Cited in Liu v. Mount Sinai School of Med.
09-Civ-9663 Decided 9/24/12
Archived on 10/11/12
This document is protected by copyright.
Further reproduction is prohibited without permission.

your request for *pro bono* counsel:  whether your case appears to have merit, that is, whether you are likely to succeed in your lawsuit; whether the legal issues are complex or simple; your current financial status insofar as it is relevant to your inability to hire counsel; what attempts you have made to try to hire an attorney; your statement describing your need for an attorney, including facts regarding the degree of your education, whether you have difficulty communicating in English, any disabling conditions that may affect your ability to proceed on your own behalf, or family circumstances that may have an effect on your ability to represent yourself.

A copy of  your request for *pro bono* counsel must be served on the opposing party and the original must be filed with the *Pro Se* Office along with an Affirmation of Service (described on page 62).  The Judge will review the information.  The decision whether or not to grant your request for *pro bono* counsel is entirely within the Judge's discretion pursuant to 28 U.S.C. 1915(e)(1).

Even if the Judge grants your request for *pro bono* counsel, you will receive a *pro bono* attorney **only** if a member of the *pro bono* panel volunteers to take the case.  There is no guarantee you will actually get an attorney.  The Judge cannot force an attorney to take a particular case. Remember, unless or until an attorney files a Notice of Appearance officially notifying the Judge and the other parties that he or she is your counsel of record, you are responsible for your own case.  If an attorney cannot be found to volunteer legal services, you must continue to represent yourself. Unless the Judge says otherwise, your case will proceed through the litigation process while the *Pro Se* Office searches for a volunteer lawyer.

26

**Employment Discrimination *Pro Bono* Mediation Panel**

In January 2000, the Southern District created a program to include *pro se* employment discrimination cases in the Southern District's mediation program by asking *pro bono* counsel to volunteer to represent the *pro se* plaintiff solely for the purpose of mediation/settlement. Both parties must consent and the Judge must refer the case to the program. This program is discussed in the section on "Settlement and Mediation" on pages 122-27.

**Attorneys' Fees and Costs**

Some laws allow an attorney – whether retained by the party or appearing for the party on a *pro bono* basis – to claim a fee for legal services if the attorney wins the case or negotiates a favorable settlement. Litigants who represent themselves are not entitled to attorneys' fees, but may be eligible for reimbursement of costs and expenses if they win their case. The award of attorneys' fees and costs is within the Judge's discretion and is a completely separate issue from the amount of damages to which the party is entitled. Below are some examples of the types of cases which provide for attorneys' fees:

**Civil Rights Cases** – See 42 U.S.C. § 1988.

**Employment Discrimination Cases** – See 42 U.S.C.§ 2000e-5(k).

**Fair Labor Standard Act Cases** – See 29 U.S.C. §§ 216(b), 626.

**Social Security Disability Appeals** – See 28 U.S.C. § 2412.

**Interpreters**

The federal courts are not obligated to provide an interpreter free of charge to a litigant in a civil case who is unable to speak in English. You may hire a certified court interpreter by contacting the Court's Interpreter's Office at (212) 805-0084. If you are unable to afford a certified court interpreter, the Judge has discretion to permit you to use a relative or friend to act as an informal interpreter during pretrial proceedings (but not at trial). If you wish to take advantage of this option, you should ask the Judge for permission to have the informal interpreter appear with you in court, by writing a letter to the Judge (through the *Pro Se* Office) in advance and sending a copy to your adversary. If the Judge grants your request, introduce the person by name and relationship to you to both the Judge and your adversary at the next proceeding.

Interpreters for the hearing-impaired (American Sign Language) are available for conferences, hearings and trial free-of-charge upon request in advance; contact the Court's Interpreter's Office to arrange for an American Sign Language interpreter.

28

## LITIGATION OVERVIEW

The majority of cases never go to trial. Most cases either settle or are dismissed prior to trial. The litigation process that occurs before trial is often more important than the trial itself. The following is an overview of steps involved in litigating your case. Refer to the chart on the next page for a brief description of each numbered step in the graph below. The remainder of this manual explains each step in the litigation process in greater detail.



THE STEPS TO LITIGATING YOUR CASE

1. FILE COMPLAINT

2. SERVICE OF PROCESS

3(c). DEFAULT        no?        3(a). ANSWER        3(b). MOTIONS
      JUDGMENT                        yes?             (to dismiss the
                                                       complaint, for
                                                       extension of time,
4. SCHEDULING/SETTLEMENT                               to compel
         CONFERENCE                                    discovery, for
                                                       summary
5. DISCOVERY                                           judgment, etc.)

4. PRETRIAL/SETTLEMENT                  RESPONSE BY
         CONFERENCE                     OPPOSING
                                        PARTY
6. TRIAL
                                        REPLY BY
dissatisfied?                           MOVANT
8. APPEAL        7. JUDGMENT
                                        DECISION
                                        OF Judge

Cited in L&E v. Mount Sinai Sch. of Med. 09Civ9663 Decided on 10/11/12 Archived on 10/11/12 This document is protected by copyright. Further reproduction is prohibited without permission.

| | |
|---|---|
| 1.  Filing the Complaint | The plaintiff is the person who files the lawsuit.  The defendant is the person or entity being sued.  A complaint should clearly inform the court in a brief and concise way of the reason(s) the plaintiff is bringing the lawsuit including the laws the plaintiff claims the defendant has violated, the parties involved, and the relief the plaintiff seeks.  The filing of the complaint begins a civil lawsuit.  An original and two identical copies of the complaint must be delivered to the *Pro Se* Office, in person or by mail.  See also "Writing and Filing the Complaint," on pages 45-52.  To begin a lawsuit, the plaintiff must either pay a $350 filing fee or file a Request to Proceed *In Forma Pauperis*, asking the court to waive the filing fee.  See also "Costs of Filing an Action in this Court," on pages 43-52. |
| a)  Receiving a Docket Number | Once the case has been processed, the court will assign it a docket number and a Judge.  The number will identify the case in this court and must be put on all future documents submitted to this court.  The Judge's initials are written at the end of the docket number.  An example of a docket number is "09 Civ. 4567 (LAP)." |

| 2. Service of Process | This is the method by which a plaintiff officially notifies a defendant that a lawsuit has been filed against him/her and that there is a limited time within which to respond.  Service of process requires that the defendant be served with a copy of the summons and complaint, according to very specific rules, within 120 days from the date the court issued the summons.  The summons informs the defendant that s/he has been sued and has 21 days to respond to the lawsuit (60 days if the defendant is the federal government).  Appropriate proof that the defendant has been served must be filed with the *Pro Se* Office.  See also "Service of the Summons and Complaint on Defendants," on pages 53-61. |
|---|---|

| | |
|---|---|
| 3. Defendant's Response | After service of process, the defendant will either:  file an <u>Answer</u>, file a <u>Motion</u>, or do nothing. |
| a)  Answer | The answer is a formal response to the complaint by the defendant, including any denials of and defenses to the allegations in plaintiff's complaint.  <u>See</u> <u>also</u> "<u>Answer</u>," on pages 65-68. |
| b)  Motion | A motion is a party's formal application asking the Judge to do something.  There are many different types of motions that can be brought by either party and can be made at any time.  The opposing party must respond to a motion within a set time period.  <u>See</u> <u>also</u> "<u>Motion Practice</u>," on pages 108-10. |
| c)  No Response | If the defendant fails to answer or move to dismiss the complaint, the plaintiff may seek entry of default judgment against the defendant, by making a <u>Motion for Default Judgment</u>.  **Forms** for this purpose are available from the *Pro Se* Office and the Southern District website.  <u>See</u> <u>also</u> Pages 70-71. |

Cited in Liu v. Mount Sinai Sch. of Med.
09Civ9663 Decided 9/24/12
Archived on 10/1/12
This document is protected by copyright.
Further reproduction is prohibited without permission.

| | |
|---|---|
| 4.  Conferences | A conference is a court proceeding at which the attorneys and *pro se* parties appear before the Judge to discuss issues in the case. Conferences are scheduled at the Judge's discretion.  Scheduling, status or discovery, pretrial and settlement conferences are routinely held.  Scheduling Conferences may occur to discuss discovery issues, deadlines, pretrial motions, settlement, or to set a date for trial.  Status or Discovery Conference are called to make sure the case is progressing properly and to resolve any discovery disputes.  Pretrial Conferences are scheduled prior to trial to narrow the issues to be tried, discuss possible issues during trial, enter stipulations, encourage settlement, and resolve any other trial related matters.  Settlement Conferences provide an opportunity for the parties to discuss ways to resolve the dispute with the Court's assistance.  <u>See also</u> "<u>Pretrial Conferences</u>," on pages 76-78. |
| 5.  Discovery | Discovery is the process during which the parties exchange information and gather evidence that may later be introduced at trial. Discovery methods include depositions, document requests and interrogatories.  <u>See</u> <u>also</u> "<u>Discovery</u>," on pages 79-107.  Discovery generally starts after the defendant files the answer.  Discovery generally occurs between the parties, and does not involve the Judge unless there is a dispute. |

| 6. Trial | A trial is the presentation of the case before a Judge and jury, or a Judge without a jury, including jury selection, opening statements, testimony of witnesses, offering exhibits into evidence, motions, objections, closing arguments, and jury instructions.  See also "Trial: An Overview," on pages 128-35. |
|---|---|
| 7. Judgment | A judgment is a final and official disposition in your case, by jury verdict, or Judge's decision on a motion or after trial. |
| 8. Appeal | If you lose your case (that is, if a final judgment is entered against you), you may appeal to the United States Court of Appeals for the Second Circuit by filing a timely Notice of Appeal with the Southern District's *Pro Se* Office.  See also "Appeals," on pages 136-42. |

Cited in Liu v Mount Sinai Sch of Med 09Civ9663 Decided 9/24/12

Archived on 10/11/12.

This document is protected by copyright.
Further reproduction is prohibited without permission.

## JURISDICTION AND VENUE

Before starting an action in this court by filing a complaint, you should ask yourself two questions:  (1) Can the federal court properly hear this case (jurisdiction)?  (2) If so, is the Southern District of New York the appropriate district court in which to file this case (venue)?

The term "jurisdiction" refers to the power of a particular court to hear a certain kind of case.  State courts, which are courts of general jurisdiction, can hear nearly all types of cases, even those arising under federal law.  Federal courts, on the other hand, are courts of limited jurisdiction and may hear only two types of cases:  cases that raise a "federal question" under federal law, or cases where there is "diversity" of state citizenship

### Federal Question Jurisdiction, 28 U.S.C. § 1331

28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  This is called federal question jurisdiction.  A federal question arises when the complaint claims that federal law – either a provision of the federal Constitution, a statute passed by Congress, or a treaty ratified by the United States – has been violated.  If a case is based on a violation of federal law, it generally does not matter how much or how little money is sought.

The following are examples of some of the typical federal question cases that properly may be brought under 28 U.S.C. § 1331.  This manual cannot list every type of case that can be brought in federal court, but the following is a representative sampling of federal question cases.

**Violations of Civil Rights by Prison Personnel or Challenges to Prison Conditions or Policies** – Prisoners who believe their civil rights have been violated by prison personnel, or who are subject to prison conditions or policies that constitute "cruel and unusual punishment," may file an

action in federal court under the Fourth Amendment (for pretrial detainees), the Eighth Amendment (for sentenced individuals), or the Due Process Clause of the Fourteenth Amendment (for both) to the United States Constitution.  These claims are generally filed under the federal civil rights statutes, 42 U.S.C. § 1983.  Before filing this type of claim in federal court, the Prisoner Litigation Reform Act ("PLRA") requires that prisoners must first fully exhaust their prison's internal administrative grievance procedures, including all available internal prison-system appeals.  A **form** Prisoner Civil Rights Complaint, for filing a case under § 1983 and describing the grievance requirement under the PLRA, is included in this manual.

**Violation of Civil Rights by the Police or Other Law Enforcement Personnel** – A person who believes his or her civil rights have been violated by police or other law enforcement personnel, such as claims of excessive force, false arrest or malicious prosecution, in violation of the Constitution, may file a lawsuit under the federal civil rights statute, 42 U.S.C. § 1983.  A **form** General Complaint is included in this manual.

**Employment Discrimination** – If a person believes that, because of prohibited discrimination and/or retaliation, he or she has been denied a job or promotion, is being harassed at work, or was fired, that person may be able to bring a lawsuit in federal court.  This is a federal question case because federal laws prohibit employment discrimination based on race, color, sex, religion, national origin, age, or disability.  See  42 U.S.C. §§ 2000e to 2000e-17; 29 U.S.C.§§ 621-634; 42 U.S.C. §§ 12101-12117.  These statutes require a party first to pursue administrative remedies with the Equal Employment Opportunity Commission ("EEOC") and (except for age discrimination claims) obtain a notice of right to sue letter before filing this type of claim in federal court.  A **form** Employment Discrimination Complaint is included in this manual.

**Social Security Appeals** – A party who has previously filed a claim with the Commissioner of Social Security for disability benefits and/or Supplemental Security Income under the Social Security Act, and is dissatisfied with the Commissioner's decision, may file a lawsuit seeking federal court review of the Social Security Appeals Council denial of the claim, pursuant to 42 U.S.C. § 1383(c)(3). Because these are cases in which federal courts review the administrative record from the Social Security Administration, special litigation procedures must be followed. A **form** for filing a Social Security appeal may be obtained from the *Pro Se* Office. The Southern District has published "A Manual for Claimants: How to Appeal a Social Security/SSI Case In the United States District Court for the Southern District of New York," which explains these procedures. The manual is distributed to litigants by the *Pro Se* Office free of charge after they have received a docket number and Judge in their Social Security cases.

## Diversity Jurisdiction, 28 U.S.C. § 1332

28 U.S.C. § 1332(a) states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ." Generally, even if the lawsuit involves a matter typically handled in state court, if the lawsuit is between citizens of different states and the amount of damages in question exceeds $75,000, the case may be filed in federal district court based on diversity of citizenship. In such a diversity of citizenship case, the plaintiff need not claim a violation of federal law; but in order to satisfy the statutory basis for federal court jurisdiction, there must be complete diversity of citizenship of all plaintiffs and all defendants, and there must be more than $75,000 in dispute.

Complete diversity, the first requirement, means that at the time the action is commenced, the plaintiff may not be a citizen of the same state as any defendant.  If there is more than one plaintiff or more than one defendant, all plaintiffs must be citizens of different states from all defendants.  If complete diversity does not exist, the federal court lacks subject matter jurisdiction and, as a result, the action will be dismissed.

The second element required to invoke the Court's diversity jurisdiction is that the amount in controversy must be greater than $75,000, exclusive of interest and costs.  The amount in controversy refers to the dollar amount the plaintiff is attempting to recover in actual damages from the defendant.  It is very important that this allegation as to the amount of damages be made in good faith.  If the required dollar amount is not met, the case cannot be heard in federal court, even if complete diversity of citizenship exists.

As an example, assume a citizen of New York is involved in an automobile accident.  That person sustained substantial injuries requiring extended hospitalization and follow-up treatments.  Medical expenses total $100,000, and the injuries also caused the plaintiff pain and suffering.  The New York citizen decides to file a lawsuit against the driver of the other car, a citizen of New Jersey, who negligently caused the accident.  This type of case, a personal injury claim, is governed by state law and ordinarily is heard in state court.  But, since the parties are citizens of different states and the amount in controversy exceeds $75,000, a federal district court can hear the case because federal jurisdiction is present due to the existence of diversity of citizenship.  As a second example, assume that the New York citizen wants to sue both the New Jersey driver of the car and the car's owner, who is a New York citizen.  In that example, there would not be complete diversity of citizenship (since plaintiff and one defendant are citizens of New York), and so the case could not be brought in federal court, but could be brought in state court.

## Venue:  In Which Federal Judicial District Should I File My Case?

The term "venue" refers to the geographic location of the federal court in which a lawsuit properly may be brought.  The federal district courts have very strict rules on where an action may be filed.  Failure to comply with these rules may result in a transfer of the case to another federal court or dismissal of the case on the basis of improper venue.  Therefore, the following venue rules should be read very carefully to determine where to file an action.

## Organization of Federal Judicial Districts

There are four federal judicial districts in New York:  the Southern, Eastern, Northern, and Western Districts.  Each district covers specific counties.

The following counties are located in the **Southern District of New York**:  Bronx, Dutchess, New York (Manhattan), Orange, Putnam, Rockland, Sullivan, and Westchester.  The **Eastern District** covers the counties of Kings (Brooklyn), Nassau, Queens, Richmond (Staten Island), and Suffolk.  Thus, New York City is the only city in the country to be split between two federal districts. The **Northern District** covers the counties of Albany, Broome, Cayuga, Chenango, Clinton, Columbia, Cortland, Delaware, Essex, Franklin, Fulton, Greene, Hamilton, Herkimer, Jefferson, Lewis, Madison, Montgomery, Oneida, Onondaga, Oswego, Otsego, Rensselaer, Saint Lawrence, Saratoga, Schenectady, Schoharie, Tioga, Tompkins, Ulster, Warren, and Washington. The **Western District** covers the counties of Allegany, Cattaraugus, Chautauqua, Chemung, Erie, Genesee, Livingston, Monroe, Niagara, Ontario, Orleans, Schuyler, Seneca, Steuben, Wayne, Wyoming, and Yates.

Generally, in order to determine proper venue for a case, you must know the county where you reside, where the defendant(s) reside, and where the claim arose. In general, the following rules will be used to determine the correct federal district court in which to file an action.

## Venue for a Federal Question Case

If the case is based on a "federal question," that is, a violation of federal law, 28 U.S.C. § 1391(b) provides generally for venue in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Generally, it is preferable to bring the claim in the district that has jurisdiction over the place where the claim arose. The determination of where the claim arose usually refers to where the injury or the events or omissions giving rise to the claim actually occurred.

## Venue for a Diversity Case

For a diversity lawsuit, 28 U.S.C. § 1391(a) provides for venue in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events giving rise to the claim occurred, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time of the action is commenced, if there is no district in which the action may otherwise be brought.

If defendants live in *different* states, you may not file the claim in a district where any defendant resides, but must file in the federal judicial district where the claim arose. It is important to note that if the action is based both on diversity *and* a federal question, the venue provision for a federal question case applies.

40

**Venue for a Corporation**

If one of the defendants is a corporation, there is a special rule for determining where the corporation "resides." 28 U.S.C. § 1391(c) provides that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."

In order to determine whether a corporation is doing sufficient business in a particular judicial district to be subject to personal jurisdiction, a plaintiff may look to the state government to confirm if a corporation has been incorporated in that state or if it is licensed to do business in that state.  In New York, the Department of State of the State of New York may be able to answer these questions. You may contact it at:

> N.Y.S. Department of State, Division of Corporations
> 41 State Street
> Albany, NY  12231
> (518) 473-2492
> (900) 835-2677
> www.dos.state.ny.us

It is often difficult, however, to ascertain whether a corporation is doing business in a particular federal judicial district.  In general, a corporation is considered to be doing business in a district if it has a sufficient number of business contacts in that district.  28 U.S.C. § 1391(c).

**Selected Venue Provisions for Common Statutes**

**Social Security Appeal** – 42 U.S.C. § 405(g) provides that such an action shall be brought in the district court for the district where plaintiff resides.  For example, if you live in Manhattan, a Social Security Appeal can be brought in the Southern District.

**Employment Discrimination Action** – 42 U.S.C. § 2000e-5(f)(3) provides that such an action can be brought in the district where the plaintiff worked (or applied for work), where the company keeps its employment records, or in any district in the state in which the alleged discrimination occurred.

**Federal Torts Claims Act Action** – 28 U.S.C. § 1402(b) provides that such an action may be brought "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."

**Freedom of Information Act Action** – 5 U.S.C. § 552(a)(4)(B) provides that an action may be brought in "the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia."

## Assignment of Cases:  Manhattan Courthouse or White Plains Courthouse

The United States District Court for the Southern District of New York has two courthouses: the Daniel Patrick Moynihan Courthouse located in downtown Manhattan, and the Charles L. Brieant, Jr. Federal Building and Courthouse located in White Plains.  Prisoner civil rights cases and social security appeals are assigned proportionately to all judges in the Court, whether sitting at the Manhattan or White Plains Courthouses.  For all other cases, if the claim arose in Manhattan or the Bronx, the lawsuit will generally be assigned to the Manhattan courthouse; if the claim arose in any of the other counties within the Southern District, the case will generally be assigned to the White Plains courthouse.

42

## COSTS OF FILING AN ACTION IN THIS COURT

The filing fee for all civil actions is $350 (except petitions for writs of *habeas corpus*, for which there is a $5 filing fee).  The Southern District of New York does not accept payment of partial filing fees.  The filing fee should be paid in cash, by credit card (Discover, Mastercard, American Express or Visa) or by certified check or money order, made payable to the "Clerk of Court, S.D.N.Y."  Personal checks are not accepted.  Cash is not accepted in cases submitted by mail.

### *In Forma Pauperis*

A plaintiff unable to pay the filing fee must submit an application to waive the filing fee based on financial hardship.  This is called applying for *in forma pauperis* (IFP) status, and is authorized by 28 U.S.C. § 1915(a)(1).

In order to file for IFP status, at the time the complaint is filed, you must submit to the *Pro Se* Office a sworn statement which details certain financial information.  The determination whether to grant or deny the IFP application is made by a Judge, based on demonstrated financial need.  A Request to Proceed *In Forma Pauperis* is included at the end of this section.  This is a sworn statement and, as such, you are subject to the penalties for perjury if you make a false statement on this application.

If the Judge grants your application to proceed *in forma pauperis*, IFP status waives only the cost of the filing fee and the cost of service of the summons and complaint by the United States Marshals Service.  The grant of IFP status does not waive any other costs involved in the litigation.  For example, a Judge may not waive a non-party's right to receive a witness subpoena fee if called upon to testify at a deposition or at trial.

43

Since a Judge must rule on each IFP application as it is received, the *Pro Se* Office cannot tell you how long this will take. The Judge makes every effort to decide IFP applications as expeditiously as possible.

## Prisoners

In April 1996, the Prisoner Litigation Reform Act ("PLRA") became law. The PLRA amends the *in forma pauperis* statute and requires prisoners to pay the full filing fee when bringing a civil action, even if granted IFP status. 28 U.S.C. § 1915(b)(1). Prisoners must submit both an application for IFP status and a Prisoner Authorization form, which authorizes the institution with custody of the prisoner to withhold and forward payments from the prisoner's prison account to the Clerk of Court until the entire $350 filing fee is paid in full, even if the case is dismissed. Thus, a prisoner may be granted IFP status, but must ultimately pay the full filing fee. The granting of IFP status will, however, waive the cost of service of the summons and complaint by the United States Marshals Service. A copy of the Prisoner Authorization **form** is included at the end of this section.

## Schedule of Fees

| filing civil complaint | $350 |
|---|---|
| filing *habeas corpus* petition | $5 |
| filing notice of appeal | $455 |
| photocopies of documents in court file | $.50/page |
| print-out of docket | $.50/page |
| certified copy of document in court file | $7 |
| witness subpoena fee | $40 per day plus travel expenses |

44

## WRITING AND FILING THE COMPLAINT

This section contains information, sample forms and instructions for use by the *pro se* plaintiff for writing and filing a complaint.

In order for you to properly initiate an action in the Southern District, you must write a complaint and submit it (with two (2) identical copies and the required $350 filing fee, or a Request to Proceed *In Forma Pauperis*) to the *Pro Se* Office.  Do not go to the Cashier's Office.  It is very important that you retain copies of all documents you submit in the litigation.

Instructions for starting an action in this federal court are included in this manual. Additionally, the *Pro Se* Office has **complaint forms** for certain types of actions, including a Prisoner Civil Rights Complaint, for actions brought under 42 U.S.C. § 1983 (included at the end of this section of the manual), an Employment Discrimination Complaint, for actions brought under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, or the Americans with Disabilities Act (included at the end of this section of the manual); Social Security Disability Appeals under the Social Security Act (included in the separate Social Security Manual available from the *Pro Se* Office); and the General Complaint, which may be used for any complaint that is not within one of the other categories (included at the end of this section of the manual).

## Writing the Complaint

Your complaint must be typed or printed legibly in English on 8½ x 11 inch paper, double spaced, using one side of the page only, and must contain your original, not photocopied, signature. If there is more than one plaintiff, each plaintiff must sign the complaint.

The following sections describe the elements that must be included in a properly drafted complaint.  These elements should appear in your complaint in the order listed below.  You should use these instructions along with the specific or general complaint form included in this manual.

**Contents of the Complaint**

**Caption**

The first page of your complaint must begin with a caption.  The top of the caption should state the name of the court in which the action is being filed, that is, the United States District Court for the Southern District of New York, followed by the names of all plaintiffs and defendants:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                            :
Your name,                                                  :
                                                            :
                Plaintiff,                                  :          **COMPLAINT**
                                                            :
        -against-                                           :          Jury Trial    Yes ☐   No ☐
                                                            :
Names of all people or organizations you are suing,         :
                                                            :
                Defendants                                  :
-----------------------------------------------------------------X

The proper defendants must be named in the caption.  For example, a lawsuit brought under 42 U.S.C. § 1983 requires that all defendants named in the complaint have some personal involvement in the alleged incident.  It would be incorrect for you to name the prison superintendent as a defendant simply because that person is in charge of the prison.  In employment discrimination

Cited in Liu v Mount Sinai Sch of Med
09 Civ 9663 Decided 3/24/12
Archived on 10/11/12
This document is protected by copyright.
Further reproduction is prohibited without permission.

cases, the named defendant generally is the company-employer and must be identical to the defendant named in the charge to and Notice of Right to Sue letter issued by the Equal Employment Opportunity Commission.  In Social Security actions, the correct defendant is the "Commissioner of Social Security."  In actions under the Federal Tort Claims Act, the only correct defendant is the "United States."

The first section of the body of the complaint also should identify all defendants and briefly describe who they are and their involvement in the claim alleged.

In the event that you do not know the name of any defendant, you may refer to that defendant in the caption as John Doe or Jane Doe.  In the first section of the body of the complaint, you should provide as much information as will help to identify the proper defendant, including his or her position and, if known, the place and time that the incident occurred.  For example, if the defendant is a prison correction officer, he may be identified in the complaint as "Correction Officer John Doe who was on duty at Green Haven Correctional Facility in A Block at 8:00 p.m. on January 6, 2007." Although John Doe's real identity will need to be determined in order to serve the complaint, it is permissible to find out a defendant's identity after the complaint is filed, through the discovery process.

**<u>Jury Demand</u>**

In certain kinds of cases, the plaintiff is entitled to a jury trial.  However, this right may be lost if you do not request it within a certain time period.  Generally, you may demand a jury trial in writing up until fourteen (14) days after service of the defendant's answer.  Fed. R. Civ. P. 38.  If this deadline has passed, the Judge has discretion to grant a jury trial if you make a motion explaining the reasons why you did not make the jury demand earlier.  The easiest way for you to ensure the right

Cited in Liu v Mount Sinai Sch of Med 09civ9663 Decided 9/24/12

Archived on 10/11/12

This document is protected by copyright.

Further reproduction is prohibited without permission.

to a jury trial, if the type of case so allows, is to make the demand at the time the complaint is

submitted.  If you wish to request a jury trial, you should write "jury trial demanded" on the first page

of the complaint, to the right of the caption, or check the "Yes" box, as shown on page 46.

### Subject Matter Jurisdiction

The next section of the body of your complaint must contain allegations that provide a basis

for the court to assume jurisdiction over the subject matter of your case.  This is referred to as subject

matter jurisdiction.  For example, in a lawsuit alleging employment discrimination, it is correct to

state "This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e."  You

are not required to know the precise statute under which you seek relief, but you must provide

sufficient facts to enable the court to determine the legal basis for the claim; if you do not, the

complaint will be dismissed.  See also "Jurisdiction and Venue," on pages 35-42.

### Venue

This section of the body of your complaint must contain a statement explaining why the

Southern District of New York is the proper federal court in which to file the lawsuit.  For example,

it is correct to state that "the Southern District of New York is the proper venue for this lawsuit

because the cause of action arose in Bronx County," which is located in the Southern District of New

York.  Refer to page 39 for the list of counties within the Southern District in order to ensure that your

lawsuit is filed in the correct court.

**Statement of Facts (Rule 8)**

This section of your complaint must contain a brief factual description of the event or events upon which your claim is based.  The facts of the case should be described in chronological order, giving dates and times of each important event, as precisely as possible.  The statement of facts also should include a brief description of what each defendant did or failed to do, and how each defendant's act or failure to act caused you injury, as well as a description of any physical or emotional injury you sustained and what medical treatment, if any, was required.  The facts also can include the names of other persons involved, dates, and locations of described events.  You should be as specific as possible regarding the facts.  For instance, if you do not remember the precise date that something occurred, it may be narrowed down by stating "on or around the fifth day of April 2006."

You should describe each event in a separate, numbered paragraph.  Rule 8 of the Federal Rules of Civil Procedure requires only that you provide enough facts to put the defendant on notice of what your claim is.  But you should be sure to provide sufficient facts to allow the Judge to determine the precise nature of the claim you are raising, and the personal involvement of *each* defendant, especially if you do not state the statute or law that you allege has been violated.

Keep in mind that all lawsuits are subject to <u>a statute of limitations</u> period, which is the time limit within which a lawsuit must be brought.  The statute of limitations is different for every type of legal claim.  You can find the statute of limitations for your particular claim through legal research.  Generally, the time period begins to run at the time the injury or incident occurs, but you must do legal research to be sure your complaint is timely.  If your complaint is filed in federal court within the statute of limitations period, then the lawsuit is timely.  If your complaint is filed after the statute

of limitations period has run out, your lawsuit may be dismissed.  Also, if one of the defendants was a "John Doe," the timeliness of your lawsuit may be based on the date when that individual is actually named as a defendant and served with process.

### Prisoners – Exhaustion

Under the Prisoner Litigation Reform Act ("PLRA"), prisoners must exhaust all available administrative remedies in the prison where the complained of incident or condition occurred or is taking place before filing a complaint in federal court.  This means that, as a prisoner-plaintiff, you must first file a grievance with prison officials and appeal any adverse decision through every available level of the prison grievance process.  Once you have exhausted prison administrative remedies, you may file a complaint in federal court.  When filing that lawsuit, you should include in the complaint information on whether and how you exhausted the claims in the prison grievance system, or why you were unable to seek administrative remedies.  A **form** Prisoner Civil Rights Complaint is included in this manual.

### Remedy Sought

This section of the complaint describes what you want the Judge to do if you win.  The Judge has the power to grant different types of remedies.  The Judge may order the defendant to compensate you by paying a specific amount of money.  The Judge also, or in the alternative, may order the defendant to do or to discontinue certain acts; this type of remedy is called injunctive relief.  The Judge has the power to declare that the defendant violated your rights or that a certain statute is invalid; this type of remedy is called declaratory relief.  You should do legal research to determine what relief you may be entitled to.  You should not ask for relief to which you are not entitled under the law.

**Signature**

At the very end of your complaint, you must type or print your name, address and telephone number, and sign and date the complaint.  Your complaint may be rejected (under Rule 11) or its filing may be delayed, if you file a complaint without an original signature.  Prisoners also should sign a statement as to when they handed their complaint to prison officials for mailing to the court.

**Exhibits**

You may attach exhibits to your complaint if they are necessary to support the facts alleged in your complaint.  They should be marked as exhibits (exhibit 1, exhibit 2, etc.) and referred to in the text of the complaint.  It is inappropriate to send the court a pile of documents that are not specifically mentioned in the complaint.  If, however, the document is relevant to the facts in the complaint, you can include it and explain its relevance in the Statement of Facts section of your complaint.  For example, you should attach your EEOC Notice of Right to Sue letter to your employment discrimination complaint in a Title VII action.  In a suit by a prisoner, you should attach to your complaint documents showing that you exhausted prison grievance procedures.  You generally should not attach documents to the complaint that merely are evidence supporting your claims; you will produce those documents during discovery (discussed on pages 79-81, 88-91) but need not attach such documents to your complaint.

Remember, you should make and keep copies of all papers, including exhibits, that you submit to the court.

**Filing the Complaint**

After you have drafted the complaint and carefully reviewed it, the next step is for you to file it with the court through the *Pro Se* Office.  You may file it in person or by mail, by submitting the signed original and two (2) identical copies of the complaint (including any exhibits) to the *Pro Se* Office.

At the time of filing, you also must submit either the civil filing fee or an application for a waiver of the filing fee, referred to as a Request to Proceed *In Forma Pauperis*.  The procedure for you to follow to apply for a waiver of the filing fee is explained in the section of this manual on "Costs of Filing an Action in This Court" on pages 43-44.

If you pay the filing fee, you are required to fill out a summons and a civil cover sheet, <u>unless</u> the complaint is sent to the *Pro Se* Office through the mail.  In that case, if the complaint is in order, the *Pro Se* Office staff will prepare the summons and civil cover sheet for you.  A **copy** of a blank Summons and Civil Cover Sheet is included in this section of the manual.

If you submit your complaint to the *Pro Se* Office by mail, you must enclose a signed original and two (2) identical copies of the complaint and either the filing fee or a request for its waiver.  The *Pro Se* Office will review the papers and mail you notification of any incomplete or missing information or documents.  You also will be notified by mail of the Chief Judge's decision on your application for *in forma pauperis* ("IFP") status.

Once the case has been assigned a civil docket number and a Judge, the Court will issue an order directing that a service package be sent to you, which contains all necessary documents and instructions on how you should proceed further.

## SERVICE OF THE SUMMONS AND COMPLAINT ON DEFENDANTS

The Federal Rules of Civil Procedure require that the summons and complaint be served on all the defendants in the case. This process is referred to as effecting service of process. These procedures must be followed exactly. If the defendants are not properly served with the summons and complaint, for instance, the case may not proceed further and may be dismissed. Proper service of the summons and complaint within 120 days from the date the summons is issued is a crucial first step in your lawsuit.

### Summary

Once a complaint is filed, the *Pro Se* Office issues a summons containing the signature of the Clerk of Court and the court's seal. It is a federal criminal offense to change or alter a summons. Information on the summons should not be crossed out, added to, erased, or whited-out. Each defendant must be served with a separate *copy* of the summons and complaint. After every defendant is served, the back of the original summons must be completed indicating how service was made. The original summons (the one with the Court's raised seal) along with any other proof of service (such as a process server's affidavit) is returned to the *Pro Se* Office for filing.

### Parties Permitted to Serve Process (Rule 4(c))

Any person eighteen years or older who is not a party to the lawsuit (that is, not a plaintiff or a defendant) may serve the summons and complaint. Fed. R. Civ. P. 4 (c)(2). If a party to the action serves the summons and complaint (except by mail as discussed below), such service is improper, and therefore invalid.

53

As the plaintiff, you must arrange for service of process, as follows:

For fee paid cases (cases where you have paid the filing fee):  Professional process servers are listed in the "Yellow Pages" and in The New York Law Journal.  Professional process servers may be costly.  You are not required to hire a professional to make service if you have a trusted family member or friend willing to serve the papers for you.  Remember, the person must be eighteen years or older and not a party to the lawsuit to qualify as an appropriate server.

The remainder of this section will refer to the person who serves process as the "process server," whether that person is a professional process server or someone else.

For IFP cases:  If you have been granted *in forma pauperis* ("IFP") status (see pages 43–44), the United States Marshals Service will serve the summons and complaint for you without prepayment of service fees.  (Their address is on the next page.)

**Forms Required for Service**

Once the complaint receives a docket number and is assigned to a Judge, the *Pro Se* Office prepares a packet of instructions and forms for you, including the papers necessary to serve the defendants.

In fee paid cases, you will receive:

- the original summons (the original has the raised seal of the court);
- a copy of the summons for each defendant;
- one copy of the complaint (from which you will make copies for service on each defendant).

54

In IFP cases, you will receive:

- the original summons (the original has the raised seal of the court);
- a copy of the summons for each defendant;
- a copy of the complaint for each defendant;
- a certified copy of the order granting IFP status;
- one copy of the order granting IFP status for each defendant;
- one USM-285 U.S. Marshal service instruction form for each defendant.

If you are not using the United States Marshals Service to make service, you must have one copy of the summons and one copy of the complaint served on each defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.  (See pages 57-61 for more information.)

If you wish to use the United States Marshals Service, you must send or deliver the completed forms, organized into sets of documents for each defendant (e.g., one service instruction form, one copy of the IFP, one copy of the summons, and one copy of the complaint), to the United States Marshals Service, whose address is:

> United States Marshals Service
> Daniel Patrick Moynihan United States Courthouse
> 500 Pearl Street
> 4th Floor
> New York, New York 10007

You must not wait until the end of the 120-day time period to deliver the papers to the Marshals Service.  You should deliver the necessary papers to the Marshals Service as soon as possible after receiving them from the Pro Se Office.  It often takes the Marshals Service 60-90 days to serve the defendants.  You should not wait until the last minute to send the papers to the Marshals Service; if you do, the Marshals Service may not be able to serve the defendants within your time

limits for service (described in the next section).  Once you have timely sent the papers to the

Marshals Service, you may rely on the Marshals Service to serve the papers properly.  However, if

you do not give the Marshals Service the full name (or other way to identify the defendant, such as

last name and badge number) and an address for serving the defendant, the Marshals Service will not

be able to serve the defendant.  If the Marshals Service's return of service shows that they were not

able to make service, you will need to provide them with further information.

Remember, the original summons must not be served on the defendant.  After service is

accomplished and the process server has completed the back of the original summons stating how

service was made, the original summons (along with any other proof of service) must be returned

promptly to the *Pro Se* Office for filing.  Where the Marshals Service served the defendant, the

Marshals Service will return the proof of service and send you confirmation of service.

## Time Limits for Service (Rule 4(m))

You have 120 days from the date stamped on the summons to serve the defendants.  Fed. R.

Civ. P. 4(m).  If the summons and complaint are not served within the 120-day time period, the Judge

may dismiss your lawsuit.  If you are unable to serve all defendants within this 120-day time limit,

you may request in writing (sent to the *Pro Se* Office) that the Judge give you additional time, stating

the reasons why you need more time.  The Judge has discretion to grant a request for more time if

made for "good cause" and can set a new date by which the defendants must be served.

Frequently, the Judge will issue an order directing you to explain why the defendants have not

yet been served.  If you fail to respond to such an order, or if you do not have a sufficient explanation

for the delay in service, the Judge may dismiss your lawsuit.  If you have IFP status and you timely

delivered the service papers to the Marshals Service within the 120-day period, but the Marshals

Service failed to serve one or more defendants within the 120-day period, you should include this information in your response to the Judge's order.

**Rules for Service (Rule 4)**

Rule 4 of the Federal Rules of Civil Procedure provides for several methods of service. Additionally, Rule 4(e)(1) authorizes use of the methods of service described in state law. The United States Marshals Service ordinarily will attempt to serve individuals, government officials, organizations, corporations, or partnerships by mail before attempting personal service. If the defendant does not return the acknowledgment of mail service, the Marshals Service will serve the defendant by personal service. The Marshals Service is not permitted to effect service on a foreign state.

The method to be used in a particular case differs depending on the type of defendant being served. For example, the rules governing service of process on an adult are different from the rules for service on a minor child or on a corporation.

**Waiver of Service of Summons (Rule 4(d))**

A plaintiff may choose an alternative to serving the defendant with the summons and complaint: offering the defendant the option to waive service of the summons. Fed. R. Civ. P. 4(d). This option provides an inexpensive, efficient alternative to effecting service, and can be used by you whether you have paid the filing fee to start the action or have been granted IFP status. To serve under the waiver of service provision, you must mail to the defendant's address a copy of the complaint, two (2) copies of the waiver of service form, and a return, self-addressed, postage-paid envelope. Service occurs only if the defendant signs and returns the waiver of service form. If you have not received this signed form from the defendant within thirty (30) days (sixty (60) days if the

defendant is outside of the United States) after the date of mailing to the defendant, then you must have process served by one of the other allowed methods.

**Service upon Individuals (Rule 4(e))**

If the person being served is a competent adult over the age of eighteen (18), the process server may serve the defendant, pursuant to Rule 4(e)(2), by:

- delivering a copy of the summons and complaint personally to the defendant; or

- leaving copies at the defendant's dwelling with a person of suitable age and discretion currently residing at the defendant's dwelling; or

- delivering copies to an agent authorized by appointment or by law to receive service of process.

Thus, if a mentally competent adult is being served, the summons and complaint may be delivered to the defendant personally, left at the defendant's home address with a suitable person who is competent to accept process, or delivered to the defendant's agent. If none of these methods are effective, as a last resort, New York state law authorizes the "nail and mail" method of service, which authorizes the process server, after making three (3) attempts at service at different times of the day, to tape a copy of the summons and complaint to the door of the defendant's home or office and to mail a copy by certified mail, return receipt requested, to the defendant's home address. N.Y. Civil Practice Law & Rules § 308(4). The "nail and mail" method of service is, however, a method of last resort and is not proper unless the process server has made at least three (3) attempts at personal service at different hours of the day (after or before business hours).

**Service upon Minors and Incompetent Persons (Rule 4(g))**

To serve a defendant who is a minor (under the age of eighteen (18)), the process server must personally serve the summons and complaint upon the minor's parent, guardian, custodian or adult spouse or, if none are within the state, upon any other person with whom the minor resides or by whom the minor is employed. If the minor is at least fourteen (14) years old, the minor must also be personally served. Fed. R. Civ. P. 4(g); N.Y. Civil Practice Law & Rules § 309(a). Judicially declared incompetent persons and conservatees must be personally served along with the appointed committee or conservator. N.Y. Civil Practice Law & Rules § 309(b), (c).

**Service upon Corporations and Associations (Rule 4(h))**

Service may be made on a business, corporation or partnership by the process server personally delivering the summons and complaint to an officer or other person authorized by the company to receive process. Usually, this means the president, vice president, or a person specifically designated by the company to receive process. In contrast, a receptionist or secretary may not be authorized by the company to accept service of process, even if that person receives other mail or packages. To determine who is authorized to accept service of process, the process server should call the company to ask who is authorized or designated to accept service of process for the company. The process server also may contact the New York State Department of State, Division of Corporations, for this information at (518) 473-2492. This information also is available on the New York Department of State's website: www.dos.state.ny.us.

If the defendant is a corporation, service may be made on the New York Secretary of State, in Albany, New York, if the corporation is incorporated or licensed to do business in New York State. This is done by delivering, not mailing, the papers to the Secretary of State's office located at 41 State

Street in Albany, New York.  There is a fee for serving the Secretary of State on behalf of a corporation.

**Service upon the United States and its Agencies or Officials (Rule 4(i))**

If the United States government is a defendant, the summons and complaint must be <u>delivered</u> to the United States Attorney for the Southern District of New York or to an employee of that office who is authorized to received process on its behalf.  The next step is to mail a copy of the summons and complaint to the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue N.W., Washington, D.C. 20530-0001, by registered or certified mail.  Fed. R. Civ. P. 4(i)(1)(B).  If the lawsuit is against a United States government official or agency, the procedure described above must be followed, and a copy of the summons and complaint also must be sent to the official and to the chief of the agency or other person authorized to receive process on the agency's behalf.  For example, in an action brought against the Department of Health & Human Services, process must be served on the U.S. Attorney, the Attorney General, and the Secretary of the Department of Health & Human Services, or the person authorized by the agency to receive service.

**Service upon State, Local or Foreign Governments (Rule 4(j))**

In a lawsuit brought against New York State, a copy of the summons and complaint must be <u>delivered</u> to the Office of the Attorney General of the State of New York, 120 Broadway, New York, N.Y. 10271.  N.Y. Civil Practice Law & Rules § 307.  In a lawsuit against the City of New York, the summons and complaint must be <u>delivered</u> to The Law Department of the City of New York, Office of the Corporation Counsel, 100 Church Street, New York, N.Y. 10007.  N.Y. Civil Practice Law & Rules § 311(2).  If a state or local government official is a defendant, the official must be served, along with the chief of the agency or other person authorized to receive process on the agency's behalf.

60

**Proof of Service  (Rule 4(l))**

After service has been made, the person(s) who served process must complete the return of service on the back of the original summons where it says "declaration of server," affirming under penalties of perjury that service has been made and describing the details of the service.  Once the original summons with return of service is completed, it must be filed promptly with the *Pro Se* Office.  In addition, if the waiver of service of summons and complaint have been served by mail, the signed waiver of service form executed by the defendant must be submitted to the *Pro Se* Office as proof that service was effected.

Cited in Liu v Mount Sinai Sch of Med
09Civ9663 Decided 9/24/12
Archived on 10/11/12
This document is protected by copyright.
Further reproduction is prohibited without permission.

## SERVICE AND FILING OF PLEADINGS AND COURT PAPERS
## AFTER SERVICE OF THE COMPLAINT:  RULE 5

All court papers served after the filing and service of the complaint, and all letters to the Judge, must be served on each defendant.  Fed. R. Civ. P. 5.  If an attorney has appeared for a defendant, that attorney must be served instead of serving the party.  The *Pro Se* Office cannot accept any papers without an attached Affirmation of Service.  Including a "cc" on the face of the document indicating that the defendant was sent a copy does not satisfy this service requirement.  All parties listed in the caption must be served, except parties in default unless new or additional claims are asserted against them.  Fed. R. Civ. P. 5(a).

Anyone eighteen (18) years or older, including a party to the lawsuit, may serve the other side. Thus, after service of the complaint, you may serve motions, letters and other court papers on the other side.  Service of court papers (other than the complaint) and letters may be made by hand delivery or regular or priority mail.

Once an attorney has appeared for a party, service of court papers and letters is to be made to the attorney rather than the party.

Proof of service of court papers (other than the complaint) and letters should be in the form "I certify under penalty of perjury that I mailed [or delivered] a copy of [name of document] to counsel for the opposing party, [give the lawyer's name and address], on [date]," and be signed and dated by whoever made the service.  A **form** Affirmation of Service is included in this section of the manual.

## AMENDED COMPLAINTS

If you have failed to state important facts or legal claims in the original complaint, discover a new and significant fact, or want to add additional defendants or provide the real name of a John Doe defendant, you will need to file an amended complaint.

An amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, it is important that you include in the amended complaint all the necessary information that was contained in the original complaint.

You may file and serve <u>one</u> amended complaint without obtaining the Judge's permission. Fed. R. Civ. P. 15(a). If you want to file a <u>second</u> amended complaint, you must obtain either the defendant's written consent or the Judge's permission in order to amend the complaint. To obtain the Judge's permission, you must make a motion requesting the permission to amend the complaint. You must attach to the motion a copy of your proposed amended (or second amended) complaint. <u>See</u> also "<u>Motion Practice</u>," on pages 108-21.

You may amend your complaint within twenty-one (21) days after serving your original complaint. If the defendant files an answer, your time to amend your complaint is extended until twenty-one (21) days after the answer is served upon you. If the defendant files a motion to dismiss pursuant to Fed. R. Civ. P. 12(b), (e), or (f), you may amend your complaint within twenty-one (21) days after the motion is served upon you. <u>See</u> Fed. R. Civ. P. 15(a).

### Filing and Service of Amended Complaint

If the amended complaint does not include any new defendants and is made <u>before</u> any defendant has been served, the amended complaint must first be filed with the *Pro Se* Office and served on each defendant with the original summons in accordance with Rule 4. <u>See</u> "<u>Service of the</u>

Cited in Liu v. Mount Sinai Sch. of Med. 09-Civ-9663 Decided 04/24/12
Archived on 10/11/12
This document is protected by copyright.
Further reproduction is prohibited without permission.

Summons and Complaint," on pages 53-61.  After service, the original summons and any other proof of service must be returned promptly to the *Pro Se* Office for filing.

If new defendants have been added before any defendant has been served, the amended complaint must first be filed with the *Pro Se* Office.  The *Pro Se* Office will issue an amended summons and send you a new packet of instructions and forms necessary for service on the defendants.  The amended summons and the amended complaint must be served on each defendant in accordance with Rule 4.  Again, once service is completed, the original amended summons and any other proof of service must be returned promptly to the *Pro Se* Office for filing.

If the complaint is amended after some defendants have been properly served with the original complaint and summons but before other defendants have been properly served (or if new defendants have been added), all the defendants who had previously been properly served should be sent, by ordinary first-class mail, a copy of the amended complaint.  (If counsel has appeared for a defendant, it should be mailed to the attorney.)  The amended complaint must then be filed with the *Pro Se* Office with an Affirmation of Service.  The remaining defendants – including defendants not yet served or newly added defendants – must be served with the amended complaint and the summons in accordance with Rule 4.  After service on the remaining defendants, the original summons and any other proof of service must be returned to the *Pro Se* Office for filing.

64

# ANSWER

The prior sections of this manual are directed largely to the *pro se* plaintiff.  This section is directed to the *pro se* <u>defendant</u>.  Thus, references to "you" mean the *pro se* defendant.  This section also provides information for the *pro se* plaintiff as to what to expect from any defendant in response to the complaint.

After the plaintiff has served a copy of the summons and complaint on the defendant (<u>see</u> pages <u>53-61</u>), the defendant must file an answer or make a motion to dismiss the complaint.

## An Answer

An answer is a formal written response to the plaintiff's complaint in which the defendant responds to all of the allegations in the complaint and sets forth any defenses to all or part of plaintiff's claims.  In your answer, you must deny each statement in the complaint that is untrue and admit each statement that is true.  Therefore, it is important that you (the defendant) read the complaint carefully.  A **form** <u>Answer</u> is included in this section of this manual.

## Responses to the Complaint's Allegations

You should answer each paragraph in the complaint in a separate, correspondingly numbered paragraph in the answer.  For example, paragraph 3 of the answer should respond to paragraph 3 of the complaint.  In addition, each sentence in each paragraph of the answer should correspond, as closely as possible, to the order of the sentences in that paragraph of the complaint.  For example, if paragraph 2 of the complaint alleges: "Defendant is an officer of X company.  The principal place of business of X Co. is in New York, New York," an appropriate response might be a statement in

paragraph 2 of the answer that "The defendant admits that he is the president of X company. Defendant denies that X Co.'s principal place of business is in New York, New York."

You (defendant) may not have enough information to admit or deny an allegation contained in the complaint. In that case, you (defendant) should state that, due to a lack of sufficient information or knowledge, you are unable to admit or deny the allegations contained in a certain numbered paragraph of the complaint.

**Defenses**

In addition to responding to the allegations in the complaint, your answer to the complaint should raise any underlined defenses that you (defendant) have to the complaint. In general, the defendant has a defense to a lawsuit if, even assuming the truth of the allegations in the complaint, the law does not permit the plaintiff to win the case. For example, assume that in 2006, plaintiff filed a complaint under 42 U.S.C. § 1983, alleging civil rights violations that occurred in 2001. Since, in New York, claims under § 1983 must be filed within three years of the occurrence of the event, the claim based on the 2001 occurrence would be barred by the statute of limitations. Defendant's answer should assert an affirmative defense of the statute of limitations.

Under Rule 12(b) of the Federal Rules of Civil Procedure, certain defenses are waived if they are not asserted in the answer or in a pre-answer motion. For example, suppose that a defendant believes that venue, which is the particular place where the complaint was filed, is improper. The defendant must assert a defense of improper venue in the answer or in a pre-answer motion. If the defendant fails to raise this defense in the answer or pre-answer motion, the defendant will be unable to raise this defense at all.

66

**Counterclaims Against the Plaintiff**

In addition to any defenses the defendant may have, the defendant may raise a <u>counterclaim</u> in the answer.  A counterclaim is a claim that the defendant has against the plaintiff and arises out of the same transaction stated in the complaint.  A counterclaim <u>must</u> be included in the defendant's answer or it is waived.  For example, if the plaintiff has sued the defendant for breach of contract, the defendant may counterclaim, as a separate allegation, that in fact it was the plaintiff who breached the contract and that therefore the plaintiff owes the defendant a sum of money.

**Cross-Claims Against Other Defendants**

An answer may also contain a <u>cross-claim</u>, in which a defendant makes a claim against another defendant who plaintiff named in the complaint.  If you believe that another defendant is responsible for all or some of the damages claimed by the plaintiff, then you may file a cross-claim against the other defendant.  In other words, a cross-claim is a lawsuit by one defendant against another defendant within the original lawsuit based on the same dispute.  If the plaintiff has named only one defendant in the complaint, there can be no cross-claim.

**Third-Party Claims**

The answer also may contain a third-party claim, under Rule 14 of the Federal Rules of Civil Procedure, in which the defendant alleges that new parties to the lawsuit, called third-parties, are responsible for the relief sought by the plaintiff.  For example, if plaintiff alleges that defendant caused plaintiff's injuries, and the defendant claims it was not his fault but someone else's fault – someone who is not already a defendant in the lawsuit – the defendant can assert a third-party claim against that new party.  A third-party summons will be issued by the *Pro Se* Office and the

Cited in Liu v. Mount Sinai Sch. of Med 09 Civ. 9663 Decided 9/24/12 Archived on 10/11/12 This document is protected by copyright. Further reproduction is prohibited without permission.

defendant's claim against that new, third-party must be served just like a complaint.  See also "Service of the Summons and Complaint," on pages 53-61.

**Motion to Dismiss**

Although most of a defendant's defenses to a complaint are stated in the answer, a defendant has the option of asserting certain defenses in a motion to dismiss before filing the answer.  Certain defenses must be asserted in a motion to dismiss or they are lost.  A motion is an application to the Judge asking that the Judge take some particular action.  The procedure for making a motion is explained fully in the section entitled "Motion Practice" on pages 108-21.

Under Rule 12 of the Federal Rules of Civil Procedure, a motion to dismiss the complaint may contain the following arguments:  (a) the court lacks the power to decide the subject matter of the case; (b) the court lacks personal jurisdiction over the defendant; (c) venue is not proper so plaintiff's case should not be in the Southern District of New York; (d) service of process on the defendant was not proper; (e) the complaint fails to state a claim which the law will recognize as enforceable; and/or (f) the plaintiff has failed to join a needed party.  Motions to dismiss under Rule 12 are explained more fully in the section entitled "Motion Practice," on pages 108-21.

It is very important for the plaintiff to respond to a motion to dismiss; otherwise, the case may be dismissed without the plaintiff having an opportunity to present an argument to the Judge.  If the motion to dismiss is granted, plaintiff's complaint is dismissed and the case is over.  If the motion to dismiss is denied, the defendant must answer the complaint.

68

**Time Limitations to Respond to a Complaint, Counterclaim or Cross-Claim**

The defendant must respond to the complaint by filing an answer or a motion to dismiss within twenty-one (21) days (sixty (60) days if the defendant is the United States or an agent thereof). A defendant (other than the United States) that has waived service under the procedure in Federal Rule of Civil Procedure 4(d) (discussed on page 57) has thirty (30) days after sending the waiver to file an answer or motion to dismiss.

If no response to the complaint is filed within the required time period, the plaintiff should file a motion for a default judgment. A **form** for a Motion for Default Judgment is included in this manual.

If the defendant's answer contains a counterclaim, the plaintiff must respond to the counterclaim within twenty-one (21) days after being served.

If a defendant is served with an answer from another defendant that contains a cross-claim, that defendant must serve a response within twenty-one (21) days. The response to a cross-claim or counterclaim follows the same format as an answer.

Unless the answer contains a counterclaim, the plaintiff is neither required to nor permitted to file any further pleading in response to the answer.

If the defendant makes a motion to dismiss the complaint, the plaintiff has fourteen (14) days after service of the motion to respond to the motion. The defendant has seven (7) days after being served with plaintiff's opposition to the motion to file a reply. If the defendant's motion to dismiss is denied, the defendant generally will be required to answer the complaint within fourteen (14) days after the Judge decides the motion, unless the Judge sets a different date for when the defendant's answer is due.

69

**Extension of Time to Respond to the Complaint, Counterclaim or Cross-Claim**

If more time is needed to respond to the complaint, counterclaim or cross-claim (by answer or motion to dismiss), a defendant may request an extension of time to respond to the complaint. Prior to asking the Judge for an extension of time, the defendant should ask the plaintiff or his or her attorney to stipulate, that is, agree, to an extension of time to file the response to the complaint. If plaintiff does not consent, the defendant must ask the Judge for an extension of time.

**Procedure for Filing the Answer or Motion to Dismiss the Complaint**

Once the defendant has prepared the answer or motion to dismiss, a copy must be served on the plaintiff (plaintiff's attorney if an attorney has appeared for the plaintiff), either by personal delivery or ordinary mail. The next step for the *pro se* defendant is to attach an Affirmation of Service to the original answer (or motion) and file it with the *Pro Se* Office.

If the Judge's Individual Practices require that courtesy copies be furnished to chambers, the defendant should submit the courtesy copies to the *Pro Se* Office at the same time as the answer or motion is filed; the *Pro Se* Office will deliver the courtesy copies to the Judge.

**Failure to File a Response to a Complaint:  Default Judgments**

If a defendant who has been properly served fails to respond to the complaint (by answer or motion), the plaintiff may request a default judgment for the relief requested in the complaint. A default judgment can be entered by the Judge against a defendant who has been properly served and has failed to respond to the complaint. A **form** for use in preparing a Motion for Default Judgment is included in this manual.

A defendant who has defaulted may file a motion to vacate the default judgment under Rule 60 of the Federal Rules of Civil Procedure.  The Judge may set aside a default judgment if the defendant shows good cause for having defaulted.

Cited in Liu v Mount Sinai Sch of Med
09Civ9663 Decided 9/24/12
Archived on 10/11/12
This document is protected by copyright.
Further reproduction is prohibited without permission.

## MAGISTRATE JUDGES

There are two types of Judges in the Southern District of New York (and the other federal district courts):  United States District Judges and United States Magistrate Judges.  District Judges are appointed for life terms by the President with the approval of the United States Senate pursuant to Article III of the Constitution.  United States Magistrate Judges are appointed by the Board of District Judges of the Southern District of New York for terms of eight (8) years, and may be reappointed at the expiration of the term.  Magistrate Judges are judicial officers who are authorized, pursuant to 28 U.S.C. § 636, to conduct any and all proceedings in civil cases, including a jury or non-jury trial, and to order the entry of a final judgment.

When the complaint is filed and a case is assigned a docket number and a District Judge, a Magistrate Judge is "<u>designated</u>" at random as well.  The Magistrate Judge designated to your case will not be involved in your case, however, unless the District Judge enters an order <u>referring</u> all or part of your case to the Magistrate Judge.

The parties' consent is not needed for the District Judge to refer the case to the Magistrate Judge for non-dispositive purposes (that is, for purposes other than trial or final decisions on motions that seek to dispose of a legal claim or defense).  Referring cases to the Magistrate Judge is a fairly common practice, and is within the discretion of the District Judge.  It is common for the District Judge to refer a case to the Magistrate Judge for general pretrial supervision (that is, to supervise discovery, set schedules, and try to settle the case).  Other references may be limited for only supervision of discovery, or for settlement purposes.  Where a case is referred to a Magistrate Judge for general pretrial purposes, that means that all pretrial issues regarding scheduling, requests for extensions of time, discovery proceedings and disputes, the schedule for the filing of motions, and

settlement, all should be addressed to the Magistrate Judge.  Letters about such matters should not

be sent or copied to the District Judge.

Rules 72 and 73 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 636, describe the

Magistrate Judge's role in civil lawsuits.

### Consent to Proceed Before a Magistrate Judge for All Purposes Including Trial

If all parties to the lawsuit consent, the lawsuit may be heard for all purposes by the Magistrate

Judge, pursuant to 28 U.S.C. § 636(c).  That means that the Magistrate Judge not only will set the

schedule and resolve all discovery disputes, but also that the Magistrate Judge will decide all motions

and conduct the trial of the case, with a jury if either party is entitled to and has requested a jury trial.

A Consent to Proceed Before a Magistrate Judge **form** is included in this manual.

There are a number of benefits to consenting to proceed before a Magistrate Judge for all

purposes.  Perhaps the greatest benefit is time.  District Judges are required to give priority to felony

criminal trials, which often are lengthy and complicated.  If you consent to proceed before the

Magistrate Judge, you will find that your lawsuit generally proceeds with greater speed than if the

case were before the District Judge.  Because Magistrate Judges are not affected by the scheduling

requirements imposed by felony criminal cases, generally the pretrial and discovery conferences and

trial will occur sooner, and on a specified date, before the Magistrate Judge.  In other words, your

legal rights are the same before the District Judge or the Magistrate Judge, but generally your case

will proceed to trial faster if you have consented to have your case heard before the Magistrate Judge.

You have the same right to a jury in a trial before a Magistrate Judge as you would have in a trial

before a District Judge.

In cases where the parties have consented to proceed before the Magistrate Judge for all purposes, the Magistrate Judge issues orders and opinions, and any appeal from the Magistrate Judge's decision is directly to the United States Court of Appeals for the Second Circuit.  See also "Appeals," on pages 136-42.

**Orders Issued By the Magistrate Judge**

In cases where the parties have not consented to proceed before the Magistrate Judge for all purposes, and the case has been referred by the District Judge to the Magistrate Judge, the Magistrate Judge may issue an order (and/or opinion) on any issue (such as a discovery dispute) that does not dispose of a claim or defense of a party.  If you disagree with the Magistrate Judge's order, you must serve and file objections within fourteen (14) days.  Objections should be sent to the *Pro Se* Office for filing, along with courtesy copies for both the District Judge and the Magistrate Judge.  If you do not object to the Magistrate Judge's order within that fourteen (14) day period, you may not later object to the order.  The District Judge will consider any objections filed and set aside or modify the Magistrate Judge's order only if it is clearly erroneous or contrary to law.  Note, however, that you are required to obey any order of a Magistrate Judge even if you have filed objections, unless you obtain a stay of the order from the Magistrate Judge or the District Judge.

For matters that do dispose of a claim or defense – such as a motion to dismiss or a motion for summary judgment – if the parties do not consent to the referral of the matter to the Magistrate Judge for all purposes, the Magistrate Judge will not issue an order on the matter, but instead will issue a Report & Recommendation to the District Judge.

**Objections to a Magistrate Judge's Report & Recommendation**

If you disagree with the Magistrate Judge's Report & Recommendation, you must object in writing to any or all of the contents of the Report & Recommendation within fourteen (14) days of service of the Report & Recommendation.  You must serve all parties with your objections, attach a completed Affirmation of Service, and you must file all objections with the *Pro Se* Office and include courtesy copies for both the District Judge and the Magistrate Judge.  All objections should be captioned "Objections to Report & Recommendation."  You must clearly connect your objections to specific recommendations and explain why you object to any particular recommendation.  The other side may respond to your objections within fourteen (14) days after being served.

The District Judge will make a final decision, relying on the Magistrate Judge's Report & Recommendation and the parties' objections.  The District Judge may adopt the Magistrate Judge's findings in full or in part, or may decline to adopt the Report & Recommendation and issue an entirely new decision.  If the District Judge's decision results in a final disposition of your case, you may appeal to the United States Court of Appeals for the Second Circuit.  See also "Appeals," on pages 136-42.

Further information regarding the Report & Recommendation process may be found in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(C).

75

## PRETRIAL CONFERENCES

The Judge may schedule a number of pre-trial conferences in your case.

A pre-trial conference typically is held in the Judge's courtroom with the parties or their lawyers present.  In prisoner cases, the conference may be held by telephone.  Generally, there are no witnesses to give testimony and no evidence submitted.  Rather, the *pro se* party, opposing counsel and the Judge meet to discuss and resolve scheduling or discovery issues or other matters.  Scheduling of conferences is not automatic; it is up to the Judge whether and when to hold conferences.

Once the defendant has filed an answer to the complaint, or after there has been a decision on a motion to dismiss the complaint, the Judge may schedule an **initial case management conference**, also known as a Rule 16 conference or scheduling conference.  Later conferences may be held to deal with changes to the schedule, to try to settle the case, or to resolve discovery disputes.

## The Initial Case Management Conference (Rule 16)

The initial case management conference often is the first opportunity for you and opposing counsel to meet with the Judge and briefly describe the nature of your claims and the defendant's defenses.  The Judge will discuss discovery and the parties' discovery plan (if there is one), and whether the case can be settled at an early date.  The Judge may enter a scheduling order setting deadlines for amendment of the pleadings, motions and the completion of discovery.

At least twenty-one (21) days before the initial case management conference, you should meet (in person or by telephone) with opposing counsel to discuss settlement, develop a proposed discovery schedule and plan, and arrange for service of initial disclosures pursuant to Rule 26(a)(1) (as described on pages 79-81).  Fed. R. Civ. P. 26(f).  Fourteen (14) days after this conference between

the parties, the parties are to submit a joint discovery plan to the Judge. Fed. R. Civ. P. 26(f). That plan will be discussed at the initial case management conference. In some cases, the Judge will approve the discovery plan without holding a conference.

**Discovery Conferences**

Under Local Rule 37.2, before a discovery motion may be filed, you must request a conference with the Judge. This is done by writing a letter to the Judge, serving the letter on opposing counsel, and submitting the letter (with an Affirmation of Service) to the *Pro Se* Office to forward to the Judge. The letter should describe the nature of the discovery dispute and your position. Often, the Judge will schedule a conference to try to resolve the discovery dispute. If such a conference is scheduled, you should bring copies of the discovery that is in dispute and be prepared to tell the Judge about your position as to the discovery. For example, if you served a request for documents on the other side and that party objected to some of your requests, you should bring to the conference your document request, the other side's response, and any letters you wrote to try to resolve the dispute, and you should be prepared to tell the Judge why you need those documents for your case.

**The Final Pretrial Conference**

After discovery has been completed and the Judge has ruled on any summary judgment motions or other pretrial motions, the Judge generally will schedule a Final Pretrial Conference to discuss trial-related matters, including the number of days needed for trial, the identity of trial witnesses and identification of trial exhibits, and any objection to the other side's witnesses or exhibits, as revealed by the Pretrial Order required by Rule 26(a)(3) of the Federal Rules of Civil Procedure.

77

## Conduct at All Conferences

When attending a conference, all parties should show respect for the Judge by dressing neatly and being on time.  A conference may be held in the courtroom or in a conference room.  If the conference is held in the courtroom, the Judge will sit on the bench and the parties will sit at the tables.  Generally, when the tables are side-by-side, the plaintiff sits at the table closest to the jury box; where the tables are in front of each other, the plaintiff sits at the front table.  The Judge's deputy clerk will direct you where to sit.  At times, particularly where the *pro se* party is incarcerated or does not live in the New York area, the Judge may hold a conference on the telephone.

Whenever you speak to the Judge, you should stand.  It is customary to begin by saying "Good [morning or afternoon], Your Honor, my name is [your name] and I am the [plaintiff or defendant] in this case."  Whether in the courtroom or in a conference room, whenever you speak to the Judge, it is customary to refer to the Judge as "Your Honor."

After introductions, you should be prepared to answer the Judge's questions completely.  The other side also will have the opportunity to answer the Judge's questions.  You should not interrupt the person who is speaking, and you never should interrupt the Judge.  When the Judge is finished asking questions, the Judge usually will ask if the parties have anything else they want to discuss.

## DISCOVERY: INTRODUCTION & INITIAL DISCLOSURES

### Introduction to Discovery

Discovery is the process of collecting the evidence necessary to support a claim or defense. During discovery, you may uncover relevant facts and identify documents and witnesses whose testimony can establish those facts. You may obtain evidence from the other parties to the litigation (the plaintiff and defendant), non-parties, and public records.

The discovery process is designed to go forward between the parties, with minimal involvement by the Judge. Only if the parties have disputes or disagreement about the proper scope of discovery and cannot resolve the problems themselves, will the dispute be raised before the Judge.

Federal Rule of Civil Procedure 5 and Local Civil Rule 5.1 provide that discovery requests and responses should not be filed with the Court unless directed to do so by the Judge. Therefore, discovery requests, responses, and produced documents should be sent only to the parties to the case, and not to the *Pro Se* Office for filing.

As with all papers in your case, you should keep copies of all discovery materials that you serve on other parties and that you receive from the other parties.

### Mandatory Initial Disclosures  (Rule 26(a)(1))

At the very beginning of the lawsuit, unless the case is in a category that is excluded, each party must automatically provide certain information and documents to all other parties, without the need for a request. This is referred to as "initial disclosures."

Rule 26(a)(1)(B) excludes nine categories of lawsuits from initial disclosures. In general, cases filed *pro se* by prisoners and Social Security appeals are excluded from initial disclosures. In

general, all other *pro se* cases are required to make initial disclosures.  For example, a *pro se* plaintiff who is not in prison and who is suing a police officer must provide initial disclosures to defense counsel.  As another example, a *pro se* plaintiff alleging employment discrimination under Title VII must make initial disclosures.  In contrast, a case brought by *pro se* prisoner alleging excessive force by correction officers is exempt from initial disclosures requirements.

**The Content of Initial Disclosures**

Initial disclosures are information that you have to provide early in the case to all other parties to the case, without a request from your adversary.  Your initial disclosures must be served within fourteen (14) days after the Rule 26(f) meet and confer conference, unless:  (1) the parties stipulate (agree) to a different time; or (2) the Judge orders a different time; or (3) a party objects during the conference that initial disclosures are not appropriate under the circumstances of the lawsuit, and states the objection in the proposed discovery plan.

You must provide the following initial disclosure information to all other parties in the lawsuit:

(1)     The name, address and telephone number of each individual likely to have information that you may use to support your claims or defenses and the type of information each of those individuals have.

(2)     A copy of all documents (including emails or other electronically stored information) that is in your possession or control that you may use to support your claims or defenses.

(3)     A calculation of the damages you are claiming.  You also must provide documents that support your calculation of damages, including documents showing the nature and extent of any injuries.

(4)     The defendant must provide copies of any insurance agreements which may apply to any award of damages in the lawsuit.

In summary, your mandatory initial disclosures must identify your witnesses, provide copies of all documents that you have that you believe support your case, and provide a calculation of the damages you claim.

Your initial disclosures must be made in writing, must be signed by you, and must be served on all other parties, but it should <u>not</u> be filed with the *Pro Se* Office.

You must serve your initial disclosures on all other parties to the lawsuit even if you have not completed your investigation of the case.  You must serve your initial disclosures even if you think that the other party's initial disclosures are inadequate, or even if the other party failed to provide any initial disclosures at all.

In all aspects of discovery, you must comply with your disclosure and discovery obligations even if you believe the other party has not complied with their discovery obligations.

If after providing initial disclosures you learn that your information is incomplete or incorrect, you must promptly supplement or correct your initial disclosures.

If you fail to comply with your initial disclosure obligation, you generally will not be allowed to use witnesses or documents that you did not disclose to the other party.  For example, if you identify yourself and John Watson as your witnesses, you will not be able to call Irene Adler to testify for you at trial or on a motion.  Similarly, if you fail to provide copies of certain documents to the other party, you generally will not be allowed to offer them into evidence at trial or on a motion.

## SCOPE OF DISCOVERY IN GENERAL:  RULE 26(B)

Rule 26(a)'s mandatory initial disclosures are automatic – you must make the disclosures described in the prior section without any request from the other party.  Discovery under Rule 26(b) of the Federal Rules of Civil Procedure is different – unless you ask the other party in writing for documents or information, the other party need not give it to you.

Rule 26(b)(1) of the Federal Rules of Civil Procedure states that you may obtain discovery regarding any non-privileged matter that is relevant to the claim or defense of any party to an action. Material is relevant to a claim or defense if it is reasonably likely to lead to the discovery of admissible evidence.

You must review Rules 26 through 37 and Rule 45 of the Federal Rules of Civil Procedure, which provide the primary methods for pretrial discovery, and the Southern District's corresponding Local Civil Rules.  In particular, Local Rule 26.3 provides uniform definitions of certain general terms that apply to all discovery requests.

Although the scope of discovery under the Federal Rules is quite broad, there are some limitations.  You are not permitted to seek discovery of privileged or otherwise protected information or of documents that an attorney prepared for trial or in anticipation of litigation.  The most common privilege is the attorney-client privilege, which applies to a party that is (or was) represented by an attorney.  A party that asserts a claim of privilege in objection to discovery must follow the procedures outlined by Local Civil Rule 26.2.

In addition, the Judge may limit discovery in a specific case, in particular when:

(1)      a party unreasonably seeks information that has already been provided, or that is already available from some other source which is more convenient, less burdensome, or less expensive; or

(2)      The burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Federal Rule of Civil Procedure 26(e)(2) requires that you <u>supplement</u> or correct your responses to any discovery request if you later learn that the response is incomplete or incorrect.

In cases that must comply with the initial disclosures under Rule 26(a), discovery under Rule 26(b) cannot begin until the parties have their Rule 26(f) meet and confer conference, unless all parties agree that discovery can begin earlier, or the Judge orders earlier discovery. For cases that are exempt from mandatory initial disclosures under Rule 26(a)(1)(B), including cases filed by *pro se* prisoners, discovery generally may begin as soon as a defendant has filed an answer.

**Methods of Discovery:  Introduction**

The Federal Rules of Civil Procedure provide the following methods of discovery: (1) interrogatories (Rule 33); (2) requests for production of documents (including electronically stored information) (Rule 34); (3) requests for mental or physical examinations (Rule 35); (4) requests for admissions (Rule 36); and (5) depositions (Rules 30 and 31). Each method is designed to obtain different types of information. The different discovery methods may be used in any order or at the same time. Some methods are less costly than others. Some discovery methods are more "user-friendly" as a practical matter for a *pro se* party. The following sections discuss these discovery methods.

## DISCOVERY: INTERROGATORIES (RULE 33)

Interrogatories are written questions that you may ask any other <u>party</u> to the case. Interrogatories may be used to discover information only from <u>parties</u> to the litigation. <u>See</u> Fed. R. Civ. P. 33. You may not use interrogatories to obtain information from non-parties. You also may not direct the interrogatories to a specific employee of a corporate party; the corporation determines who will answer the interrogatories on its behalf.

Under Local Civil Rule 33.3, unless otherwise ordered by the Judge, you may use interrogatories at the start of discovery only to: (1) find out the names of witnesses who may have information about the case; (2) calculate the type of damages alleged; and (3) discover the existence of documents relating to the case. During the course of discovery you may serve interrogatories seeking additional types of information only if interrogatories are a more practical (that is, better) way of obtaining the information rather than another method of discovery (such as a document request or deposition). For example, a *pro se* plaintiff alleging that he was beaten and falsely arrested by a police officer properly could use interrogatories at the start of discovery to ask the City to provide the names of all police officers present at the incident, as well as information regarding whether any of the officers prepared a written report of the incident, in contrast, interrogatories could not be used at the beginning of discovery to learn what each officer did during the incident.

You may serve <u>no more than twenty-five (25) interrogatories</u> on any one party, unless the Judge gives you permission to serve more. You cannot avoid the twenty-five (25) interrogatory limit by asking several questions within one interrogatory. If an interrogatory has separate subparts, each subpart is counted as an interrogatory. You may serve different interrogatories on different parties.

For example, if there is more than one defendant, you may serve up to twenty-five (25) interrogatories on each defendant.  Each written question or subpart counts as one interrogatory.

You should not use interrogatories merely to identify documents that the opposing party may have.  Document requests (see pages 88-91) are a better way to obtain documents (and electronically stored information) from the other side.  Document requests are not limited to twenty-five (25) questions as interrogatories are.  You should not waste your limited number of interrogatories by using them to obtain documents.

While interrogatories are limited to twenty-five (25), where a *pro se* party does not take any depositions, upon written request, some Judges may be willing to allow the *pro se* party more than twenty-five (25) interrogatories.

**Answers and Objections to Interrogatories**

If the other party sends you interrogatories, you must respond to the interrogatories in a sworn, signed statement within thirty (30) days.  Fed. R. Civ. P. 33(b).  If you need more time to respond to interrogatories served on you, you may request an extension of time from the party that served the interrogatories; if that party will not agree to give you more time to answer the interrogatories, you may file a motion with the *Pro Se* Office asking the Judge to give you additional time to respond.

You must answer each interrogatory separately and fully, unless you have an objection to the interrogatory.  You may respond by answering an entire interrogatory question or by objecting to the question or part of the question.  If you object to part of a question, you must answer the rest of that interrogatory question.  You must state any objections in writing, including the reasons for your objection.  If you do not understand what is being asked of you, you should first try to discuss it with the other party, rather than objecting.

If the other party believes that your objection is incorrect or unreasonable, that party may make a motion to the Judge under Rule 37(a) of the Federal Rules of Civil Procedure, requesting an order directing you to answer the interrogatory.  Before any such motion is made, however, the parties must discuss the request and the objection to try to resolve the dispute before bringing it to the Judge's attention.

You must answer an interrogatory with all the information that you have available.  Under Rule 33(d) of the Federal Rules of Civil Procedure, you must look for the answer to an interrogatory question if it can be found in your records or some other available place.  It is inappropriate for you to answer "I don't know" to an interrogatory if the information needed to answer the question is available to you.

If the burden of obtaining the answer to an interrogatory from records is the same for both you and the party serving the interrogatory, you may specify where the information can be obtained. Under Rule 33(d) of the Federal Rules of Civil Procedure and Local Civil Rule 33.1, you must identify the records in sufficient detail to permit the serving party to locate and identify the documents where the answer can be found.  You also must give the serving party a reasonable opportunity to review and copy the documents within fourteen (14) days after service of the interrogatory answers or at a date agreed to by the parties, unless otherwise ordered by the Judge.

Interrogatories are an inexpensive way for you to discover information relating to your lawsuit.  The only real cost is for postage to mail the request to counsel for the opposing party.

**Court Prepared Interrogatories in Certain Prisoner _Pro Se_ Actions (Local Civil Rule 33.2)**

Under Local Civil Rule 33.2, the Court has prepared form discovery requests (combining interrogatories and document requests) for use in _pro se_ prisoner cases alleging excessive force, inmate against inmate violence, or disciplinary due process violations where punishment was confinement in the segregated housing unit (SHU) for more than one hundred (100) days, and where the events occurred while the prisoner was in custody of the New York City Department of Correction or the New York State Department of Correctional Services.

The _pro se_ plaintiff in such a case must serve on the defendants, along with the summons and complaint, the court-prepared standard request entitled "Plaintiff's Interrogatories and Request for Production of Documents (Prisoner Cases, Local Rule 33.2)," a **copy** of which is included at the end of this section of the manual. The defendants must respond to this standard request within 120 days of service of the complaint. The defendants must serve their response on the _pro se_ plaintiff and file a copy with the _Pro Se_ Office.

The Local Civil Rule 33.2 interrogatories and document requests are the only discovery permitted during that 120 day period. After that period, if you believe that you need additional follow-up information from the defendant(s), you may serve the defendant with additional interrogatories or document requests.

**Court Prepared Discovery Requests in _Pro Se_ Employment Discrimination Cases**

A **form** Discovery Requests in _Pro Se_ Employment Discrimination Cases, which contains some of the document requests and interrogatories that a _pro se_ plaintiff in an employment discrimination case may use to draft discovery requests on the defendant employer, is included at the end of this section of this manual.

87

### DISCOVERY:  REQUESTS FOR PRODUCTION OF DOCUMENTS (RULE 34)

Under Federal Rule of Civil Procedure 34, you may request production of any document (or electronically stored information, such as emails) containing information relevant to issues in the lawsuit.  You may use this discovery method to obtain documents (such as records, letters, contracts), electronically stored information (such as emails), and other tangible items (such as physical things).  Document requests can be served on any person, including individuals or organizations that are not parties to the lawsuit (but if the request is to a non-party, a subpoena will be required.  See "Document Requests To Non-Parties," on pages 89-91.

The document request must be made in writing and it must contain a description of the documents you want, as well as the date, time, place and manner for their production.

If you have placed your medical (or mental health) condition in issue in the lawsuit (such as by claiming physical injury, emotional distress or pain and suffering), the defendant may ask you to complete and return a release or authorization so that the defendant can obtain medical or other "private" records and information from a non-party such as your doctor.

**Responses to Document Requests**

If the opposing party serves a document request on you, you must respond to the document request within thirty (30) days after its service upon you, unless otherwise agreed by the parties or ordered by the Judge.  In the response, you may agree to produce the requested documents, or object to all or part of the request.  If you object, you also must provide the reasons for your objection.  You must produce documents to the parts of the request to which you did not object.

When you produce documents, you must produce the documents in the manner that you usually keep them, or you must organize and label them to correspond with the categories in the document request.

You must supplement your response if you later discover more documents called for by the document request.

You should number all the documents you produce, keep a copy of the numbered documents, and keep a record of what documents you produced when.  That way, if the other side claims you did not produce a document, you would have proof that you did produce it.

**Document Requests To Non-Parties (Rules 34 and 45)**

You may request documents from a person or organization that is not a party to the case.  You first should request the information informally, such as by a letter; by doing so you may avoid the expense of obtaining a subpoena.  If this informal method is not successful, under Rule 34(c) of the Federal Rules of Civil Procedure, you may formally request the documents from a non-party through a subpoena under Rule 45 of the Federal Rules of Civil Procedure.

Rule 45 sets out the procedures for issuing, serving, opposing and responding to subpoenas. A subpoena is issued by the Clerk of Court, upon application by a party, requiring a non-party to appear for a court proceeding (such as a deposition or trial) or to produce documents at a specific time and place. There are two types of subpoenas:  (1) a *subpoena duces tecum*, which commands a person to produce relevant documents, and (2) a *subpoena ad testificandum*, which compels a witness to appear at a judicial proceeding, such as a deposition or trial.

As a *pro se* party, if you need a subpoena, the subpoena will be issued by the *Pro Se* Office and it can be served on a person (for documents or testimony) (i) at any place in the Southern District,

89

(ii) at any place within 100 miles of the hearing, deposition, document production or trial (even if such place is outside the Southern District), or (iii) at any place within New York State where a subpoena could be served under state law.  You may obtain a subpoena from the *Pro Se* Office.  If the deposition or document production is to occur outside the Southern District of New York and more than 100 miles from the place of the deposition or document production, you will need to obtain the subpoena from the court for the geographic area where the deposition or document production will occur.

A copy of the subpoena must be personally served (hand delivered), by a person who is not a party to the lawsuit and is at least 18 years old, on the individual that is being asked to produce the requested information.  The $40 subpoena fee and travel expenses must be served on the non-party at the same time.  See 28 U.S.C. § 1821.  (The Marshals Service will not serve subpoenas.)

**The Southern District has no funds to pay the subpoena fee for a *pro se* party (whether or not IFP status was granted) and cannot waive the subpoena fee.  If you cannot afford to pay this subpoena fee, you cannot subpoena a non-party.**

A copy of the subpoena also must be served on all the parties in the lawsuit.  You must provide other parties with copies of all documents that you obtain in response to a subpoena to a non-party.

You must take reasonable steps to avoid imposing an undue burden or expense on the non-party receiving the subpoena for production of documents.

**Response to a Subpoena**

Under Rule 45(c)(2)(A), a non-party that receives a *subpoena duces tecum* is not required to appear in person at the time and place for the document production, unless that person has been subpoenaed to appear for a deposition, hearing or trial at the same time and place.  The non-party simply can send you the requested documents.

A non-party that has been served with a *subpoena duces tecum* for production of documents may ask the Judge to quash the subpoena.  A motion to quash a subpoena is a request to vacate or void the subpoena, so that the non-party no longer has to obey it.  If the Judge grants the motion to quash, the non-party no longer is required to produce the requested documents.  If the subpoenaed person files a motion to quash your subpoena, you may oppose the motion.  See Discovery Motions on pages 117.

In addition, a non-party that has been served with a subpoena for production of documents generally has fourteen (14) days to serve any written objections to the subpoena under Rule 45(c)(2)(B).  Once an objection has been made to a request, if you still want the documents you must make a motion or application to the Judge (through the *Pro Se* Office) to order production of the requested documents from the non-party.

# DISCOVERY:  PHYSICAL AND MENTAL EXAMINATIONS (RULE 35)

If your physical or mental condition is at issue in your lawsuit, the defendant may ask you to submit to a physical or mental examination under Rule 35 of the Federal Rules of Civil Procedure. The examination must be done by a suitable licensed or certified examiner, such as a doctor or psychiatrist.  Generally, the party that requested the examination must pay for it.

For example, if you allege that you sustained serious injury in a car accident, and the defendant driver of the car denies that you were injured or injured as severely as you claim, the defendant might seek to have you submit to a doctor's examination to determine the extent of your physical injury.  The defendant would make arrangements with a doctor and would pay all costs incurred in getting the examination.  As another example, if you claim that you were discriminated against by your employer and as a result you suffered severe emotional distress, the defendant employer might seek a mental examination of you by a psychiatrist.

Unlike other discovery methods, a mental or physical examination may be obtained only by agreement of the parties or by the party seeking the examination filing a motion for the Judge to decide.  Any motion must (1) explain the need for the examination, (2) specify the time, place, manner, conditions, and scope of the proposed examination, and (3) identify the person(s) who will conduct the examination.  The motion must be served on all parties.  If a motion is made and granted by the Judge, the person to be examined must be notified in writing of the time and place of the examination, the name of the person performing it, and the procedure to be performed.

Once the Rule 35 examination is completed, you may request a copy of the examination report.  Such a request, however, obligates you to make available any similar report of any examination that you may have about the same condition, unless you show that the information is

unavailable.   In addition, requesting the report waives any otherwise applicable doctor-patient privilege regarding the physical or mental condition at issue.

Cited in Liu v Mount Sinai Sch of Med
09Civ9663 Decided 9/24/12
Archived on 10/11/12
This document is protected by copyright.
Further reproduction is prohibited without permission.

## DISCOVERY:  REQUESTS FOR ADMISSION (RULE 36)

A request for admission is a discovery method, under Rule 36 of the Federal Rules of Civil Procedure, by which a party is asked to stipulate (that is, agree) that certain facts are true, or certain documents are authentic.  You also may use a request for admission to seek agreement on the application of law to a fact.  Requests for admission are intended to relieve parties of the time and costs associated with proving facts that will not be disputed at trial.

Requests for admission may be served only on other parties to the litigation.  If a party admits something under this discovery method, that fact will be treated as proved.

An admission is only for the purposes of that lawsuit, and is not an admission for any other lawsuit or any other purpose.  An admission in a lawsuit cannot be used against that party in any other proceeding.  Any matter that is admitted is treated as if it has been proven for the purpose of the rest of the lawsuit, unless the Judge allows the answering party to withdraw or change the admission.

Unlike other discovery devices where generally you are trying to learn information, a Request for Admission is best used to obtain agreement on facts you already have learned from the other side.  For example, a request to admit that the defendant police officer beat up the plaintiff or used excessive force on the plaintiff is not likely to be admitted by the defendant.  In contrast, a request to admit that the only three police officers present at the incident were Officers Baynes, Bradstreet and Lestrade is likely to be admitted.  Also, a request to admit that a document is authentic generally will eliminate a challenge to its admission into evidence.

**Response to a Request for Admission**

If the other party serves you with a request for admission, you must admit or deny the request, object to the request, or state in detail the reasons why you cannot admit or deny the request. If you cannot admit or deny a particular request in total, you must admit the part that is true and either deny or explain why you cannot admit the rest. You only may state that you lack knowledge or sufficient information to permit admission or denial after making a reasonable inquiry.

If you fail to answer a request for admission, that constitutes an admission. If you do not deny or object to a request for admission within thirty (30) days after its service, the request is deemed admitted. Thus, it is crucial for you to affirmatively deny all requests not believed to be true. At the same time, you should not hesitate to admit facts that are true.

Under Rule 37(c)(2) of the Federal Rules of Civil Procedure, if a responding party denies or otherwise fails to admit the genuineness of a document or the truth of a fact in a request for admission and the requesting party later proves that the fact is true or the document authentic, the requesting party may file a motion requesting the Judge to order the other party to pay reasonable expenses incurred in proving the matter, including attorneys' fees. (A *pro se* party is not entitled to attorneys' fees.) The Judge must grant the motion unless the Judge finds that (1) the request for admission was objectionable under Rule 36(a), (2) the requested admission was not important, (3) the answering party had reasonable ground to fail to admit the matter, or (4) there was other good reason for the failure to admit.

## DISCOVERY:  DEPOSITIONS (RULES 27-32)

A deposition is a procedure in which the testimony of a party or of a non-party witness is taken under oath about their knowledge of certain facts in a lawsuit.  See Fed. R. Civ. P. 27-32.  It is taken before trial, a question and answer format is used, and it generally is recorded by a stenographer (a court reporter) but it also can be recorded by electronic means (videotape or audiotape).

Prior to noticing or taking a deposition, you should review Rules 28 and 30(b) of the Federal Rules of Civil Procedure, which explain the recording of a deposition, the role of an officer in recording a deposition, and other relevant information.

The process of questioning a party or witness at a deposition is called deposing a person, or taking a deposition.  The person answering the questions is referred to as the deponent.  The deponent answers all questions under oath, which means that he or she swears under penalty of law that all of the answers given are true.  The deponent can be any person who may have information about the lawsuit, including parties, non-parties, eyewitnesses, or expert witnesses.

A deposition taken by a party represented by counsel generally occurs in a conference room in that lawyer's office.  A deposition taken by a *pro se* party can occur in the opposing lawyer's conference room.  If necessary, however, arrangements can be made through the Clerk's Office to have the deposition at a room in the courthouse (subject to availability).  If you are suing individuals or organizations that do not live or work in New York, you generally are required to take the deposition where the person lives or works.

A deposition is taken before a person authorized to administer oaths, such as a court reporter, notary public, or other authorized officer as specified in Rule 28.  It is the duty of the party conducting the deposition to arrange for the court reporter or other authorized officer (and audiotape or videotape

operator if the deposition is to be audiotaped or videotaped).  At the very start of the deposition, the

court reporter or other notary public will swear in the deponent, that is, have the deponent swear to

tell the truth.

The questions and answers in a deposition must be recorded.  The party taking the deposition

may choose the method for recording the deposition and is responsible for paying the cost of the

recording.  A deposition may be taken by stenographic means (with a court reporter or court

stenographer who will later provide a written record called a transcript of the deposition), or by non-

stenographic methods (audiotape or videotape), unless otherwise ordered by the Judge.  Where the

deposition is recorded by audiotape or videotape, it generally will be necessary for you to have a

written transcript prepared from the audiotape or videotape, before it can be used in connection with

a motion, conference or trial.

A party may conduct a deposition over the telephone by written stipulation of the parties or

by obtaining the Judge's permission.

Rule 30(a) allows all of the plaintiffs, or all of the defendants, to take no more than ten (10)

depositions, absent the Judge's permission for more or a written agreement between the parties.  For

example, if there are two defendants, and the first defendant has taken seven depositions and the

second defendant has taken three depositions, neither defendant may take any more depositions

without the Judge's permission or the parties' agreement.

Generally, a party does not need the Judge's permission to take a deposition.  However, under

Rule 30(a) of the Federal Rules of Civil Procedure, a party must seek the Judge's permission when:

(1) the deponent is in prison; (2) the party's side of the lawsuit has already taken ten (10) depositions,

and the parties have not stipulated in writing that the party can take more; or (3) the deponent has

already been deposed in the same case, and the other parties have not stipulated in writing that the deponent can be deposed again.

You initiate the process of taking a deposition by writing and serving a Notice of Deposition on all parties to the lawsuit within a reasonable time before the deposition is scheduled. This notice should contain:

1. The case caption including the docket number (described on page 6).

2. The date, time and place where the deposition will be held. If you intend to conduct the deposition at the Southern District Courthouse in Manhattan, you should go to the Clerk's Office, Room 120, on the day of the deposition and request a room. The Clerk's Office will provide any available room. If you intend to conduct the deposition at the Southern District Courthouse in White Plains, you must request a room in writing, a few days in advance of the deposition date, from the Deputy-Clerk-in-Charge.

3. The name and address of the deponent. Where information is sought from an organization, such as a corporation or a government agency, and you do not know who within the organization has the desired information, Rule 30(b)(6) of the Federal Rules of Civil Procedure allows you to name the organization as the deponent and describe the subject or subjects you want to discuss at the deposition. The organization must then designate the person(s) to testify on its behalf and the subject on which each person will testify.

4. The method by which the deposition will be recorded, such as stenographic (with court reporter or stenographer), audiotape or videotape. A *pro se* party who is taking a deposition by audiotape at the Courthouse should contact the Southern District's Audiovisual Department to make arrangements well in advance.

A copy of the Notice of Deposition must be served (mailed or delivered) to each deponent and all parties in the case, or if a party is represented by counsel, to counsel. The notice of deposition should not be filed with the *Pro Se* Office.

Under Rule 30(d)(2) of the Federal Rules of Civil Procedure, unless otherwise agreed by the parties or ordered by the Judge, a deposition is limited to one day of no more than seven hours.

The party requesting the deposition, the deponent, the deponent's attorney, and the parties to the lawsuit and their attorneys may attend a deposition. A person whose presence is shown to be essential to the presentation of a party's case also may be permitted to attend a deposition. For example, it may be necessary to arrange for an interpreter to be present where there is a language issue. The officer of a corporate party also has the right to attend a deposition. The corporate party may designate one person to represent the organization as a party representative and another person to be the representative deponent under Rule 30(b)(6). Finally, a court reporter or other person who will administer the oath and record the testimony will be present at a deposition. The Judge is not present at the deposition.

Under Rule 30(c), any party to the action may ask questions at a deposition. Generally, the party who requested the deposition asks questions first and then the other parties' attorney(s) may ask questions. A non-party deponent's attorney may also ask question at the deposition.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, you may ask questions about any non-privileged matter that is relevant to the claim or defense of any party. A question is relevant if it is reasonably likely to lead to the discovery of admissible evidence.

**Objections at the Deposition**

Under Rule 30(c), the deponent (or the deponent's attorney) is entitled to state objections to: (1) the qualification of the officer taking the deposition; (2) the manner the deposition is being taken; (3) particular questions asked at the deposition; or (4) the conduct of any party at the deposition. Any

Cited in Liu v Mount Sinai Sch of Med 09cv9663 Decided 9/24/12 Archived on 10/11/12 This document is protected by copyright. Further reproduction is prohibited without permission.

objection made should be noted on the record of the deposition, but the deposition should continue until it is concluded.

An objection during a deposition must be stated concisely and made in a non-argumentative and non-suggestive manner. Fed. R. Civ. P. 30(d)(1). You may refuse to answer a question only to preserve a privilege, to enforce a limitation previously ordered by the Judge, or to present a motion to the Judge under Rule 30(d)(4). Otherwise, you should state the objection for the record but you should answer the question. Later, you can bring the objection to the Judge's attention for a ruling.

Rule 30(d)(4) allows a deponent or a party at any time during the deposition to present a motion to the Judge (usually by telephone if the Judge is available) arguing that the deposition should be stopped, that certain questions should not be answered, or that some other limitation should be placed on the manner in which the deposition is being taken. The deponent or the party making the motion must show that the deposition is being conducted in bad faith or in an unreasonable manner to annoy, embarrass, or oppress the deponent or party.

### Deposition of a Non-Party

If you wish to take the deposition of a non-party to the lawsuit, you must serve the deponent with a subpoena in accordance with Rule 45 of the Federal Rules of Civil Procedure. As discussed above, a subpoena is a document issued by counsel for a represented party or by the *Pro Se* Office upon application by a *pro se* party, requiring a person who is not a party to appear for a trial or a deposition or to produce documents at a specific time and place. See Page 89-91.

The same subpoena form is used for a deposition as for a request for the production of documents. A *pro se* party can obtain a subpoena from the *Pro Se* Office for any deposition that will take place within the Southern District of New York. If the deposition is to be taken outside the

100

Southern District, you must get the subpoena issued by the court where the deposition is to take place. A subpoena must be personally served (hand delivered), by a person who is not a party to the lawsuit and is at least eighteen (18) years old, on the deponent, along with the witness fees and travel expenses as provided in Rule 45(b)(1).

Under 28 U.S.C. § 1821, you must pay a non-party deponent $40 per day for deposition testimony.  If you request a deposition of a non-party, you also are responsible for the non-party deponent's reasonable travel expenses.

As discussed above, the Court does not have funds to pay subpoena fees on behalf of a *pro se* party, nor can the Court waive the subpoena fee.  If you cannot afford to pay the non-party deponent subpoena fee and travel fee, you cannot subpoena the deponent for a deposition.

**Motions to Quash a Subpoena**

A non-party deponent served with a subpoena may ask the Judge to quash the subpoena.  As discussed above, a motion to quash a subpoena is a request to vacate or void the subpoena, so that the person no longer has to obey it.  If the Judge grants the motion to quash, the subpoena will not be responded to.

You must take reasonable steps to avoid imposing an undue burden or expense on any person you subpoena for a deposition pursuant to Rule 45(c)(1) of the Federal Rules of Civil Procedure.  A non-party deponent may seek to get a subpoena quashed if it imposes an undue burden or expense. In addition, if a deposition subpoena requires a non-party deponent to travel more than 100 miles from a home or work address, and the non-party objects, the Judge <u>must</u> either quash or modify the subpoena under Rule 45(c)(3)(A)(ii).

**Failure to Appear for a Noticed Deposition**

Under Rule 30(g), if you notice a deposition and fail to attend the deposition, the Judge may order you to pay the reasonable expenses of all parties and their attorneys who attended the deposition.  If you request the deposition of a non-party deponent and fail to serve a subpoena and the non-party deponent fails to show up, the Judge may order you to pay the reasonable expenses of all parties and their attorneys who attended the deposition.

If the other side notices your deposition and you fail to appear, the Judge can impose a variety of sanctions on you, including monetary sanctions and dismissal of your case.  Therefore, if you are unable to attend a deposition on the date it is scheduled, you must notify the opposing attorney before the scheduled deposition date.

**Procedures After a Deposition is Taken**

Before the deposition is completed, a party or deponent may request that the deponent have the right to review the transcript or recording of the deposition.  The transcript of a stenographic recorded deposition is usually provided by the court reporter or stenographer.  The person who transcribes the recording of a deposition taken by audiotape or videotape must certify that the transcript is a true record of the deponent's testimony.  The original transcript, and any audiotape or videotape, is held by the party that noticed the deposition and should be carefully protected against loss or destruction.

Under Rule 30(e) of the Federal Rules of Civil Procedure, once a transcript of a deposition is available, the deponent has thirty (30) days to review the transcript and to make changes in form or substance.  For your deposition, if you make changes on reviewing the deposition transcript, you must sign a statement listing the changes and the reasons for making them.  The court reporter having

102

control of the transcript must attach your list of changes to the official deposition transcript.  The deposition transcript itself is not altered.  Once the review period expires, pursuant to Rule 30(f), the court reporter will certify that the deponent was duly sworn and that the deposition is a true record of the testimony given by the deponent.

Deposition transcripts are to be kept by the parties and should not be filed with the Court unless the Judge otherwise directs.

**Cost May Make Depositions Impractical for a *Pro Se* Party**

Deposition related expenses are probably the major expense of a lawsuit before trial.  Usually a court reporter will charge an appearance fee and a per page charge for the transcript.  The transcript fee may be $4 per page or more for the original transcript.  An hour long deposition may consist of 35 to 45 pages of the transcript.  For example, if you took a deposition that lasted four hours with a court reporter, the cost might be approximately $1,000.  If you plan to take a deposition using a court reporter, you should call several different reporting agencies to find out their prices prior to scheduling the deposition.  Again, you are responsible for the costs for the deposition.

## DISCOVERY DISPUTES AND SANCTIONS (RULE 37)

Sometimes parties have disagreements about disclosure and discovery. All parties must conduct discovery in good faith and attempt to resolve between themselves all differences that may arise, before seeking assistance from the Judge. If, however, the parties are unable to resolve discovery disputes after making efforts to do so, it may be appropriate and necessary to seek the Judge's intervention.

If you are not able to resolve discovery disputes by discussing them with the other side, Local Civil Rule 37.2 requires that you request a conference with the Judge for the purpose of resolving the disputed issue. You do this by writing a letter to the Judge, serving it on opposing counsel, and delivering the letter to the *Pro Se* Office. Some Judges will conduct the discovery conference in the courtroom; others will do it on the telephone; others will not hold a conference. See also "Discovery Conferences," on page 77. If the Judge denies your request for a conference or the discovery dispute is not resolved at the conference, you may file a motion for a protective order, a motion to compel discovery or a motion for discovery sanctions.

For any of these three types of motions, the motion must include a certification that you have tried to confer in good faith with all persons involved to resolve the matter without judicial intervention. The motion also must include an explanation of the dispute, what you would like the Judge to do, and the reasons why the Judge should grant your motion.

## Motion for a Protective Order (Rule 26(c))

A protective order is an order limiting the scope of discovery or directing that discovery proceed in a certain way. A motion for a protective order usually is filed before the discovery is due. A motion for a protective order must be filed with the Judge before whom the lawsuit is pending,

except that if the motion involves a deposition outside the Southern District, the motion for a protective order must be filed in the federal district court in the district where the deposition is to be taken.

## Motion to Compel or for Sanctions (Rule 37)

There are two motions which may be appropriate when disputes arise over initial disclosures or the response, or lack of response, to a discovery request:  a motion to compel or a motion for sanctions.  A motion to compel is a motion asking the Judge to order a party to make initial disclosures, answer a discovery request, or provide more information in response to a discovery request.  A motion for sanctions asks the Judge to punish a party for failing to make required initial disclosures, refusing to answer a discovery request, or refusing to obey an earlier order compelling the party to answer a discovery request.

Rule 37 of the Federal Rules of Civil Procedure sets forth the requirements for filing a motion to compel.  Under Rule 37(a)(2), a motion to compel other parties to make initial disclosures or to respond to discovery requests must be filed with the Judge before whom the lawsuit is pending.  A motion to compel a non-party to respond to discovery must be filed in the federal district court in the district where the discovery is being taken.

If the Judge grants a motion to compel, the Judge must require the person against whom the motion was filed to pay reasonable expenses involved in making the motion, including  attorneys' fees, unless the Judge finds that:  (1) the motion was filed without the moving party first making a good faith effort to obtain the disclosure or discovery without judicial intervention; (2) the opposing person's failure to comply or objection to a discovery request was substantially justified; or (3) other

circumstances exist which would make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(B).

A *pro se* litigant is not entitled to an award of attorneys' fees.

Under Rule 37(b) through (g) of the Federal Rules of Civil Procedure, a motion for discovery

sanctions may be brought when a party or person fails to:  (1) provide required initial disclosures;

(2) obey a Judge's order to respond to a discovery request; (3) admit the genuineness of a document

or the truth of a fact which is later proved genuine or true; (4) appear for a deposition for which

proper notice was received; (5) answer interrogatories; (6) respond to a request for production of

documents; or (7) participate in a Rule 26(f) meet and confer conference.

**Discovery Sanctions**

A Judge granting a motion for discovery sanctions may issue any order that is appropriate to

address the dispute.  Rule 37(b)(2) authorizes the Judge to issue any of the following types of orders:

1.  An order resolving certain issues or facts in favor of the party who made the
motion;

2.  An order refusing to allow a delinquent party to support or oppose certain claims
or defenses, or prohibiting that party from introducing certain evidence at trial;

3.  An order striking certain claims or parts of claims from the case, or staying the
lawsuit until the order is obeyed, or dismissing the lawsuit or a part of the lawsuit, or
issuing a judgment of default against a delinquent party; or

4.  An order holding the delinquent party or person in contempt of court for failing to
obey an order, except an order to submit to a physical or mental examination.

In addition, if a party fails to make required initial disclosures under Rule 26(a), that party cannot use

the non-disclosed information at trial, at a hearing, or in any motion, unless the Judge finds that the

failure to disclose was harmless.  Fed. R. Civ. P. 37(c)(1).

Under Rule 37(b)(2)(C), if the Judge grants a motion for discovery sanctions, the Judge must require the disobedient party (or counsel) to pay reasonable expenses, including attorneys' fees, caused by the disobedience, unless the Judge finds that the disobedience was substantially justified or that other circumstances exist making an award of expenses unjust.  *Pro Se* litigants, like all other litigants, are subject to sanctions under Rule 37.

Cited in Liu v Mount Sinai Sch of Med
09Civ9663 Decided 9/24/12
Archived on 10/11/12
This document is protected by copyright.
Further reproduction is prohibited without permission.

# MOTION PRACTICE

A motion is a formal request asking the Judge to do something.  Rule 7(b) of the Federal Rules of Civil Procedure requires all motions to be made in writing, except for motions made during a hearing or trial, which may be oral or written.  When a motion is filed, the following process usually occurs.  First, one party (the "moving party") files a motion (described below) explaining what it wants the Judge to do and why the Judge should do it.  Second, the opposing party files papers opposing the motion, explaining why the Judge should not grant the motion.  Third, the moving party may file reply papers responding to the arguments made in the opposition papers.  After the reply papers, neither side may file any more documents without permission from the Judge.  After all the motion papers are filed, the Judge may decide the motion based solely on the arguments in the papers, or the Judge may hold a conference where each side may appear in the Judge's courtroom or by telephone and state his or her arguments to the Judge.  This is referred to as "oral argument."  If the Judge holds oral argument, the Judge may announce the decision in the courtroom or may further consider the motion and issue a written decision at a later date.  If the Judge does not hold a conference, a written decision will be issued ruling on the motion.

A motion consists of:  a Notice of Motion (required), one or more Affirmations or Affidavits (required), and a Memorandum of Law or Brief (optional for *pro se* litigants).  The Notice of Motion is a brief statement to the other parties and the Judge telling them what type of motion you are filing. It should state the name of the motion to the right of the caption, for example: "PLAINTIFF'S MOTION TO COMPEL DISCOVERY."  The Notice of Motion should give a brief statement of what you want the Judge to do.

An Affirmation or Affidavit is a written statement, signed under penalty of perjury or before a notary public, by a person with personal knowledge that what is written.  If you are the moving party, an Affidavit or Affirmation is your statement to the Judge explaining why you are seeking relief and why you are entitled to it.  If you are the opposing party, you should explain in your Affidavit or Affirmation why the Judge should not grant the motion.  Affidavits or Affirmations should contain only facts and not legal arguments, which may be presented in a separate Memorandum of Law.  The first page of the Affidavit or Affirmation must contain the caption of the case, and include, under the docket number, the name of the document, for example: "AFFIDAVIT OF JOHN WATSON IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY" or "AFFIRMATION OF IRENE ADLER IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT." The Affidavit or Affirmation should consist of a series of numbered paragraphs, with each paragraph containing a different fact.  At the end of your Affidavit or Affirmation, you must state that you "declare under penalty of perjury that the foregoing is true and correct," date it, and sign it.  If you submit an Affidavit, you must sign it before a Notary Public, who will also sign and stamp your affidavit.  If a Notary Public is not available, you may submit your papers in Affirmation form, by the statement that you "declare under penalty of perjury that the foregoing is true and correct."  (False statements in an Affidavit or Affirmation are punishable for perjury.)

An opposition to a motion consists of an Affidavit or Affirmation in opposition to the motion (required) and a memorandum of law (optional for *pro se* litigants).  The Affidavit or Affirmation should be in the form described above.  A Reply to a motion also consists of an Affidavit and a memorandum of law (optional for *pro se* litigants).  A reply affidavit should contain facts responding to the opposition papers; the moving party should not "save" facts to include in the reply.  Affidavits

should be titled appropriately, for example "REPLY AFFIDAVIT OF JOHN WATSON IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY." **Forms** for a Motion, Opposition to a Motion, and Reply to a Motion are included in this manual.

A Memorandum of Law is a written statement of the legal arguments supporting your position. The first page of the Memorandum of Law must contain the caption of the case, and include, under the docket number, the name of the document, for example: "MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT." The Memorandum of Law should contain a brief Introduction to state the purpose of the document, for instance: To urge the Court to deny the Defendants' Motion for Summary Judgment because there is a genuine issue of material fact in dispute. The Introduction is generally followed by a brief Statement of Facts which highlight the facts relevant to the motion and your position. The Statement of Facts is then followed by your Arguments, in which you may refer to laws or decisions issued in other cases to lend support to your position and to convince the Judge to rule in your favor. The Memorandum of Law should end with a Conclusion, which summarizes your arguments and urges the Court to rule in your favor. You must date and sign the Memorandum of Law, but you need not have the document notarized.

**Motion Timing**

Different types of motions are appropriate at different stages of your case. Before making any motion you should check your Judges' Individual Practices to determine whether you are required to request a pre-motion conference or take some other step before making your motion. Before filing motion papers with the *Pro Se* Office, all motion papers must be served on all parties in your case and

must contain an Affirmation of Service stating that you have served the papers on the other parties. See also page 62.

If you are opposing a motion or filing a reply, you must consult Local Civil Rule 6.1 to determine how much time you have to serve and file your papers.  Local Civil Rule 6.1 sets one schedule for discovery motions and another for every other motion.  For a discovery motion, the opposition must be served within seven (7) days after service of the moving papers, and any reply must be served within two (2) days after service of the opposition.  For a summary judgment motion, the opposition must be served within twenty-one (21) days after service of the moving papers, and any reply must be served within fourteen (14) days after service of the opposition.  See Fed. R. Civ. P. 56(c)(1).  For any other type of motion, the opposition must be served within fourteen (14) days after service of the moving papers, and any reply must be served within seven (7) days after service of the opposition.  Under Rule 6(d) of the Federal Rules of Civil Procedure, an extra three (3) days may be added to each of the above deadlines if the papers being responded to were served by any method other than hand delivery.  For example, if a defendant moves to dismiss your complaint and serves the motion on you by mail, you have seventeen (17) days, rather than fourteen (14), to serve your opposition.  Rule 6(a) explains that all time periods should be counted in calendar days; if a deadline falls on a weekend or holiday, the deadline moves to the next business day.

**Extension of Time**

If you need more time to meet a deadline to respond to the other party's motion or to file a reply in your motion, you may enter into an agreement with the opposing party to do so.  You should telephone the opposing party's lawyer, inform the lawyer that you need more time, tell the lawyer how much time you need, and ask if the lawyer agrees to your proposed new deadline.  The lawyer may

prefer a shorter extension, and you may need to negotiate over the length of the extension. Once you have agreed on a new deadline, you and the opposing party's lawyer usually will sign a stipulation (a written agreement) and send it to the Judge for approval.

If the opposing party refuses to agree to an extension of time, you may write a letter to the Judge through the *Pro Se* Office, informing the Judge of your opposing party's position and asking the Judge to grant you an extension. Rule 6(b) of the Federal Rules of Civil Procedure allows the Judge to give you extra time to make or respond to a motion if you show a good reason why you need it. Under Rule 6(b), the Judge may grant extra time with or without a motion or notice to the other parties if you make the request before the original deadline passes. If you wait until after the original deadline has passed before asking for extra time, you must make a motion and show that excusable neglect caused you to miss the deadline. You also may try to file your papers after the deadline has passed without making a motion for permission to do so, but the Judge is not obliged to consider your late papers.

### **Urgent Matters**

Sometimes a motion raises an urgent issue that needs to be decided very quickly. In these circumstances, you may stipulate with your adversary or ask the Judge for an expedited motion schedule. If there is a genuine emergency, you may make a motion seeking preliminary relief without notice to the opposing party (*ex parte*), which is brought to the Judge's attention by an order to show cause. *Ex parte* motions seek extraordinary relief, and therefore are rare and must comply with special requirements. Unlike other *pro se* papers, which are liberally interpreted by the Judge with the understanding that you are not a lawyer, a request for an order to show cause must make a very

specific showing or else the Judge may deny the request for failing to comply with Rule 65 of the Federal Rules of Civil Procedure.

**Common Types of Motions**

There are different types of motions that can be made at any stage of your case. Some motions, such as motions to dismiss or motions for summary judgment, are "dispositive," which means that the granting of the motion ends certain claims or the entire case. These motions are usually made by defendants. Other motions, such as motions to compel compliance with discovery requests, are "non-dispositive," which means that the outcome of the motion will not itself end the case. The following are descriptions of the most common types of motions.

**Motion to Dismiss the Complaint**

In a motion to dismiss the complaint, the defendant argues that there are legal defects with the way the complaint was written, filed, or served.  If you are a *pro se* defendant and you file this motion, you do not need to file your answer to the complaint until after the Judge decides your motion.

Rule 12(b) of the Federal Rules of Civil Procedure lists the following defenses that can be raised in a motion to dismiss the complaint:

(1) Lack of subject matter jurisdiction.  When asserting this ground, the defendant argues that the federal district court does not have the legal authority to hear the type of claim asserted in the complaint.  Although this ground may be asserted at any time, it is better to make a motion asserting it as soon as the jurisdictional problem becomes apparent.  If the motion is granted on this ground, the case is dismissed and the litigation is over.  The Judge also may dismiss a complaint for lack of subject matter jurisdiction *sua sponte*, that is, without being asked by the opposing party to do so.  See also "Jurisdiction and Venue," on pages 35-42.

(2)  Lack of personal jurisdiction over the defendant(s).  When asserting this ground, the defendant argues that he or she has so little connection with the Southern District of New York that the court has no legal authority to hear the plaintiff's case against that defendant.  This ground for dismissal must be asserted as soon as possible, either in the defendant's answer or in a motion to dismiss.

(3)  Improper venue.  When asserting this ground, the defendant argues that the Southern District of New York is the incorrect federal court for this lawsuit.  See also "Jurisdiction and Venue," on pages 35-42.

114

(4) Improper summons and (5) Improper service of process. When asserting these grounds, the defendant argues that the plaintiff did not prepare the summons correctly or did not properly serve the summons on the defendant.

(6) Failure to state a claim upon which relief may be granted. When asserting this ground, the defendant argues that even if everything stated in the complaint were true, the defendant did not cause an injury to the plaintiff that the law recognizes. A motion to dismiss for failure to state a claim is not appropriate if the defendant wants to argue that the facts alleged in the complaint are not true. Instead, the defendant in a motion to dismiss the complaint for failure to state a claim assumes that the facts alleged in the complaint are true, but argues that those facts do not constitute a violation of any law.

(7) Failure to join an indispensable party under Rule 19. When asserting this ground, the defendant argues that the plaintiff failed to sue someone who must be included in the lawsuit before the Judge can decide the issues raised in the complaint.

Under Rule 12(a)(4), if the Judge denies a motion to dismiss in whole or in part, the defendant must file an answer within fourteen (14) days after the Judge's decision of the motion. The Judge may grant the motion "with leave to amend," which gives the plaintiff an opportunity to correct the problems with the complaint by filing an amended complaint. The Judge may also grant a motion to dismiss in part, which means that the plaintiff may continue the case only with the claims that were not dismissed. If the Judge grants the motion to dismiss in whole or in part "with prejudice," it means that the legal problems in plaintiff's complaint cannot be corrected, and the plaintiff may not raise these claims in any new complaint. If the Judge grants the motion in whole or in part "without prejudice," the plaintiff may attempt to cure the deficiencies and raise the claims in an amended

complaint or a new lawsuit.  If the defendant files a motion to dismiss, the plaintiff must oppose the motion or risk having the case dismissed.  If the motion to dismiss identifies deficiencies in the allegations of the complaint, the plaintiff may, in addition to opposing the motion, file an amended complaint curing any of the deficiencies.

A motion to dismiss the complaint under Rule 12 generally should not refer to any evidence, documents or facts that were not contained in the complaint.  If a defendant submits evidence outside the complaint in its motion to dismiss, the motion may be converted to a motion for summary judgment.  In such a situation, Local Civil Rule 12.1 requires the defendant to provide the *pro se* plaintiff with the notice set forth in Local Civil Rule 12.1 that the motion may be considered a summary judgment motion.  A copy of the Local Civil Rule 12.1 Notice **form** is included in this section of the manual.  Summary judgment motions are explained more fully below.

In addition to a motion brought by a defendant, the Court may, on its own (referred to as "*sua sponte*"), dismiss your *pro se* case on various grounds.  Under Rule 12(h)(3), the Court must dismiss your case if, at any time in the proceeding, it determines that the court lacks subject matter jurisdiction.  See also "Jurisdiction and Venue," on pages 35-42.  The court must also dismiss your case if it determines that: (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In addition, the Court may dismiss your case if the case is duplicative of a case that you previously filed, or if you fail to comply with a court order.  This is not an exhaustive list of grounds for *sua sponte* dismissal.

116

**Discovery Motion**

If the parties disagree over discovery, you first must try to resolve the dispute without contacting the Judge.  You may negotiate with the opposing party in person, by telephone or by letter.  Opposing counsel, or you, may confirm your oral discussions by writing a letter afterwards summarizing the issues on which you agree or disagree.

If you cannot come to an agreement or compromise on discovery with the opposing party, you (or the opposing party) may wish to file a motion asking the Judge for assistance.  Before you file a motion, Local Civil Rule 37.2 requires that you first write a letter to request a conference with the Judge to discuss the discovery dispute.  Your letter should describe briefly the dispute and your position.  See also "Discovery Conferences," on page 77.  If your request for a conference is denied, or your dispute is not resolved during the conference, you may file your discovery motion.  You also should check your Judges' Individual Practices to see whether that Judge has additional requirements for motions concerning discovery disputes.

In your discovery motion, you must (a) demonstrate to the Judge that you attempted to negotiate with your opposing party, but were unable to resolve your dispute on your own; (b) list the specific disagreements over discovery that you are having with your opposing party; (c) state clearly and concisely why you believe the Judge should resolve the discovery dispute in your favor.

**Summary Judgment Motion**

A motion for summary judgment decides a case without a trial because "material" (that is, important) facts are not in dispute.  A summary judgment motion may be filed by either the plaintiff or the defendant.  When a plaintiff files a motion for summary judgment, the plaintiff tries to show that the undisputed material facts prove that the defendant violated the plaintiff's rights.  When a

defendant files a motion for summary judgment, the defendant tries to show the opposite:  that the undisputed material facts prove that the defendant did not violate the plaintiff's rights.  In practice, however, in *pro se* cases a summary judgment motion usually is filed only by the defendant.  When the defendant files a motion for summary judgment, the defendant essentially is telling the Judge that no trial is necessary because, based on all of the evidence, there is no dispute over the material facts of the case and in applying the law to those undisputed facts, no reasonable jury could find in favor of the plaintiff.  The moving party may assert that the parties agree about the facts or that the other side does not have any evidence to support its version of the facts.  See also Local Rule 56.1.

The Judge will grant summary judgment only if the evidence is so one-sided that a jury could not reasonably find in favor of the opposing party.  In deciding a motion for summary judgment, the Judge must consider all of the admissible evidence from both parties.  Because summary judgment means that there is no chance to hear live witnesses and decide who is credible, the Judge must interpret the evidence in the light most favorable to the party who is opposing the motion (usually the plaintiff).

If the Judge grants a motion for summary judgment, the lawsuit is over.  If the Judge denies a motion for summary judgment, the case will go to trial (unless the parties settle the case).  By denying summary judgment, the Judge does not decide whose version of the facts is correct or true.  Rather, denying summary judgment means that there is a real dispute about the important facts that will have to be decided in a trial.

118

Not every motion for summary judgment is intended to end the entire case. A motion for summary judgment may be brought to end the whole lawsuit, or it may be brought to decide some but not all of the claims.

Rule 56 of the Federal Rules of Civil Procedure explains the requirements for filing a motion for summary judgment. Some Judges require a pre-motion conference before a party may file a summary judgment motion. You should consult your Judge's Individual Practices to determine if your Judge has any special requirements applicable to summary judgment motions.

Local Civil Rule 56.1(a) requires that the moving party include in the summary judgment motion a list of all the undisputed material facts. This is called a "Local Rule 56.1 Statement." If the moving party fails to submit this statement, the Judge may deny the motion. Local Rule 56.1(b) requires the opposing party to include a "correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Each material fact must be followed by a citation to admissible evidence, as set forth in Fed. R. Civ. P. 56(e). In other words, if you are the *pro se* plaintiff responding to the defendant's Local Rule 56.1 Statement, you must respond paragraph by paragraph to the defendant's Rule 56.1 Statement, either admitting or disputing the statement, and if you contend a fact is in dispute, include a citation or reference to the evidence to support your contention (for example, a citation to a paragraph of an affidavit, or to the page of a deposition transcript, or to a particular document).

119

Local Civil Rule 56.2 requires any party represented by counsel that files a summary judgment motion against a *pro se* litigant to serve the *pro se* litigant with a copy of the Notice required by Local Civil Rule 56.2, along with the summary judgment motion.  The Notice explains to the *pro se* litigant what a summary judgment motion is and the importance of opposing it with affidavits or other admissible evidence.  The Local Civil Rule 56.2 Notice is included in this manual.

Typically, motions for summary judgment are made after the close of discovery.  If the opposing party files a motion for summary judgment before the close of discovery and you need more discovery in order to show why summary judgment should not be granted, you may respond by including in your opposition a statement that you cannot respond to the motion because you need discovery.  See Fed. R. Civ. P. 56(f).  You must show what specific facts you need, why those facts will defeat summary judgment, and why you need discovery to get those facts.  You must be specific, and describe exactly what sort of information you need from discovery, and why.  If the summary judgment motion is filed after the close of discovery, you generally may not request further discovery.

**Motions Made During or After Trial**

**Motion for Judgment as a Matter of Law**

Under Rule 50(a) of the Federal Rules of Civil Procedure, a party may make a motion for a judgment as a matter of law **during** the trial, but after at least one side has presented its direct case, asking the Judge to decide the case without submitting it to the jury.  The purpose of such a motion is to resolve one or more claims or defenses or to end the case entirely where there is no legally sufficient evidentiary basis for a reasonable jury to find against the moving party.  In other words, where a party has not presented sufficient evidence to support its claims or defenses as a matter of law, the other party may move to have the Judge decide those claims or defenses in its favor without

submitting them to the jury.  Defendants may make this motion after the plaintiff has presented all of its evidence, or either party may make this motion after both parties have presented all of their evidence.

If the Judge denies a motion under the Rule 50(a), a party may renew the motion for judgment as a matter of law under Rule 50(b) **after** the verdict, within twenty-eight (28) days after entry of the judgment.  The moving party must clearly show that there was insufficient evidence to support the verdict.

**Motions Challenging an Order or Final Judgment**

There are a few types of motions to challenge an order or final judgment, all of which are described as "motions for reconsideration" or "motions for reargument."  Each of these motions is appropriate in particular circumstances and has its own requirements.  They are discussed in the section of this manual on "Appeals" on pages 136-42.

## SETTLEMENT AND MEDIATION

Your case does not have to go to trial to be resolved.  In fact, most cases are resolved before trial either through motions or through Alternative Dispute Resolution ("ADR").  Two common forms of ADR are settlement negotiation and mediation.

### Settlement Negotiations

Settlement is a compromise between parties in a civil case.  A settlement may occur at any time and ends the lawsuit.  The parties may discuss settling the case without the Judge being present or the parties may ask for the Judge to supervise the settlement discussions.  The parties may start settlement discussions on their own, or the Judge may direct the parties to start settlement discussions.  Frequently, the District Judge will ask the Magistrate Judge to supervise settlement discussions.  The Judge will not act as your attorney and will not force either party to settle.  It is up to each party to decide whether and on what terms it is willing to settle the case.

You should consider any serious offer of settlement.  There is no guarantee that even if your case goes to trial the jury will find in your favor.  Moreover, even if the jury does find in your favor, there is no guarantee that you will be awarded the amount of damages you asked for in your complaint.  A *pro se* party may be at a disadvantage in litigation against a party represented by an attorney because of the attorney's legal background, experience and resources.

In preparation for negotiating with the opposing party, if you are the plaintiff, you should consider what the maximum is that you realistically could obtain if you went to trial and won before the jury.  There is no incentive for the defendant to pay you that amount in settlement; cases almost never settle unless you are willing to compromise, that is, to accept less than you might if you won

your case.  One approach to settlement is for you to consider how likely it is that you will win (as a percentage) and if so, how much the jury might award you.  For example, if you believed you had a 25% chance of winning at trial and if you won you believe the jury likely would award you $10,000, a settlement around $2,500 might make sense.  Your likelihood of success depends upon the evidence you have or can develop during discovery.  The issue is not so much what really happened but what you are able to prove through admissible evidence.  Keep in mind that both parties will be making their own best guess as to your likelihood of winning the case and the amount that the jury might award you.  If you do not settle the case, you risk that your case may be dismissed on a motion (such as a summary judgment motion) or that the jury may rule for the defendant, in which case you would get nothing.  A settlement eliminates the cost, delay and effort of the litigation, and the risk that you will lose the case and get nothing.

If you reach a settlement with the other party, the settlement should be reduced to a written agreement (usually prepared by the lawyer for the party represented by counsel).  Oral agreements, however, are also valid and enforceable, particularly those reached in open court.  You must review the written settlement agreement carefully to be sure that you understand it and that it correctly states what you agreed to.  Both parties will sign the settlement agreement.  The settlement generally includes a separate underline release waiving your right to bring any other lawsuit or proceeding in federal or state court related to the claims presented in your lawsuit.  Sample Settlement Agreement and Release forms are included in this section of the manual.

The parties may submit the Settlement Agreement to the Judge to approve it and "So Order" it.  The parties also will submit a Stipulation and Order of Dismissal to the Judge, to dismiss the lawsuit as settled.

### Settlement of Prisoner Lawsuits

If you are a prisoner, you should be aware of New York's "Son of Sam" Law.  N.Y. Executive Law § 632-a.  The "Son of Sam" Law requires that whenever a prisoner (including a person who is incarcerated or on any form of supervised release), who was convicted of certain crimes, receives money in excess of $10,000 (including from settlement or judgment in a lawsuit), notification must be given to the Crime Victims Board and by the Board to the victims of the crime.  The victims of the crime then have a period of time in which they can file a lawsuit for damages against the prisoner, during which time the money may be held by the Crime Victims Board.  If you settle for an amount below $10,000, the "Son of Sam" Law does not apply.

### Mediation in *Pro Se* Employment Cases

Mediation involves a meeting between the plaintiff, defendant, each party's counsel, and a neutral third party (the mediator), in an attempt to reach a voluntary, negotiated resolution.

Mediation provides an opportunity to discuss the issues raised in the complaint, to determine the parties' main concerns, and to speak calmly and openly about the important issues.  The purpose of mediation is to resolve the dispute by reaching a mutually satisfactory agreement, by carefully exploring not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities.

The mediator is an unpaid, neutral person, who directs settlement discussions.  He or she is an experienced lawyer who has been trained and certified by the Southern District.  Alternatively, a Magistrate Judge may be the mediator.  The mediator serves to improve communication between the parties, to assist each party in understanding their opponent's position, and to facilitate discussion of

the key issues.  The mediator conducts the meetings, defines the issues and may suggest the possibilities of resolution.  The mediator does not make decisions, issue findings or determine who is right and wrong, and may not be a witness, consultant, or attorney in any future proceedings relating to the dispute.

The Southern District has a program to mediate *pro se* employment discrimination cases brought under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (discrimination based on race, color, gender, religion and national origin), the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-34 (discrimination based on age), or Title I of the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 1242-17 (discrimination based on disability or perceived disability).  Upon the signed consent of the parties, the Judge can appoint a *pro bono* lawyer to represent the *pro se* litigant solely for the mediation.

There are advantages to this mediation program for the *pro se* plaintiff:

• SAVES TIME – Mediation reduces the delays caused by the increasing number of cases being filed with the courts.  Mediation also may allow the parties to avoid lengthy discovery proceedings and arrive at a quick resolution.

• AN OPPORTUNITY TO MEET WITH AN ATTORNEY – An attorney is assigned to you to review your case.  The attorney can discuss with you whether or not to settle and, if so, for how much money.

• FAIR – The mediator does not have any interest in the case, and therefore the mediator can conduct sessions in an unbiased manner, giving both parties time to explain their situation and perspective.

• CONFIDENTIAL – Any information disclosed during mediation cannot be used against either party in the litigation and will not be revealed to anyone, including the Judge assigned to the case.

• LESS FORMAL SETTING – The high success rates of mediation can be attributed to a more flexible and comfortable setting for participants to explain their point of view.

• COST EFFECTIVE – Mediation is FREE.

### The *Pro Se* Employment Case Mediation Process

At any time after the defendant has been served with the summons and complaint, the parties may express their interest in mediation to the Judge, or the Judge may ask the parties if they are interested in mediation.  If the parties are interested in pursuing mediation and the Judge determines that the employment discrimination case is appropriate for mediation, the parties must sign the "Referral Form for *Pro Se* Employment Discrimination Mediation."  A copy of that **form** is included in this section of the manual.

Once the parties have consented to the mediation, the *Pro Se* Office will attempt to find a volunteer attorney for you (the *pro se* plaintiff).  The Judge will issue an order appointing that specific attorney to represent you for purposes of the mediation only, and the parties will be sent a copy of the order, which includes the attorney's address and phone number.  The *pro bono* attorney will contact you to schedule a meeting.  If you have not been contacted by the attorney listed in the Judge's order within one week of receiving the order, you should contact the attorney directly to discuss your case. The Southern District's mediation administrator will schedule the mediation within 4 - 6 weeks.  You and the attorney will arrange to meet before the mediation session to discuss the case.  Mediation sessions generally will take place at the courthouse.

The primary goal of mediation is reach a resolution of the dispute.  Mediation concludes when the parties reach an agreeable resolution for some or all of the issues.  If a resolution is reached, the parties will sign a settlement agreement, which is a binding contract, and the litigation will be dismissed.  If the mediator decides that resolution is impossible, the case will return to the litigation process.  **The attorney appointed to represent a *pro se* litigant in mediation is not responsible for the case once mediation has ended.**

Cited in Liu v Mount Sinai Sch of Med
09Civ9663 Decided 9/24/12
Archived on 10/11/12
This document is protected by copyright.
Further reproduction is prohibited without permission.

## TRIAL – AN OVERVIEW

If your lawsuit has not been settled or dismissed on a motion, it will proceed to trial.  At trial, the plaintiff attempts to prove that he or she is entitled to the relief sought, and the defendant attempts to prove the opposite.  The following is an overview of the stages of a trial and the Judge's role during the trial.

For a more detailed description of the stages of a trial and how to prepare for a trial, please refer to *Trial Ready: A Manual for* Pro Se *Litigants Appearing in the United States District Court for the Southern District of New York* ("Trial Ready" Manual) that is distributed by the *Pro Se* Office. If you have been granted *in forma pauperis* status, you may request, in writing, one free copy of the "Trial Ready" Manual from the *Pro Se* Office when a trial date has been set by the Judge.  The "Trial Ready" Manual also can be purchased for $15.  If you are interested in purchasing the "Trial Ready" Manual, contact the *Pro Se* Office for additional information.

## The Role of the Judge During Trial

The Judge presides over (supervises) the trial from the bench (the elevated desk in the courtroom where the Judge sits).  The functions of the Judge during trial are:

- • maintaining order while the trial proceeds;

- • determining whether evidence is admissible;

- • if the trial is before a jury (jury trial), instructing the jury regarding the law before the jury deliberates (meets to consider and decide, based on the Judge's instructions and the evidence presented, which party should win); and

128

• if the trial is a bench trial (no jury), determining which party should win based on the law and the evidence presented.

## The Stages of a Trial

### Jury Selection

If the case is to be tried by a jury, the first stage of the trial is jury selection, called *voir dire*, where the Judge asks potential jurors questions to see whether or not a particular potential juror will be able to decide the case impartially. (This is different from cases in the New York State courts, in which the attorneys ask potential jurors questions.)

Either party may challenge whether a potential juror can serve on the jury. There are two types of challenges to a potential juror's suitability to serve on the jury:

• *Peremptory challenge*: challenge to the suitability of a certain number of jurors given without a reason. Each side (plaintiff or defendant) generally is given three peremptory challenges under 28 U.S.C. § 1870.

• *Challenge for cause*: challenge to the suitability of a certain juror that a party believes will be unable to objectively consider the facts of the case due to a pre-existing prejudice or bias. There is no limit to the number of challenges a party can make. The party making such a challenge must articulate a reason to the Judge for having a juror excused for cause, and it is the Judge who must decide whether the challenged juror should serve on the jury.

Each Judge has procedures for selection of a jury. For instance, some Judges conduct voir dire in the courtroom, while other Judges conduct voir dire in the robing room (a room next to the courtroom), with only the parties, counsel and the Judge present.

In most civil cases, eight (8) jurors are chosen.  Once the courtroom deputy swears in these jurors, the jury is considered "impaneled."  All eight (8) jurors will participate in deliberations.  There are no alternate jurors.  While one or more jurors may be excused during trial (for illness or other reasons), no less than six (6) jurors will decide a case unless the parties agree to have a lower number of jurors.

**Judge's Statements to the Jury**

Once the jurors are sworn in, the Judge will inform them of what they will be required to do to decide the case.  The Judge will inform the jurors that:

• The jury determines the facts of the case, <u>not</u> the law of the case.  A jury determines the facts of the case by measuring the credibility of the evidence presented during the case.  The jury must follow the law as instructed by the Judge.

• The jurors cannot discuss the case with anyone, including each other, until the presentation of evidence is concluded and the Judge instructs the jurors on the law and instructs them to deliberate.

• The jurors must keep an open mind and not form an opinion until each party has concluded presenting its case.  Jurors cannot research or investigate any of the allegations or testimony on their own but must rely on the evidence presented at trial and the Judge's instructions.

• The Judge will instruct the jury as to what is and what is not evidence.  The Judge also will instruct the jury as to which party has the burden of proof.

**Opening Statements**

After the jurors have been sworn in and the Judge has spoken to the jurors about their role during the trial, the trial will begin with the presentation of opening statements by each party.  The plaintiff will make an opening statement first, the defendant second.  An opening statement is <u>not</u>

considered evidence to be considered by the jury.  The purpose of an opening statement is to tell, in a narrative (story) form, the issues in the case and the facts a party intends to prove in support of the claims.  During your opening statement, however, you are not allowed to argue your case or discuss the law.  To be considered by the jury, any facts mentioned in the opening statement must be addressed (that is, proved) at trial through testimony or documentary evidence.  If you fail to prove a fact mentioned in your opening statement, the opposing party's lawyer may highlight this in the closing argument to show the weakness of your case.

### Presentation of Evidence

The actual presentation of evidence occurs after the opening statements have been completed. Evidence is the "proof" that a Judge allows a party to present to the jury.  Examples of evidence are: the testimony of a witness on the witness stand while under oath, and documents or other exhibits presented to the jury during trial.  Parties commonly use the material and information received during discovery as evidence.

Certain rules have been established which must be followed during a trial in order to prohibit improper information or documents from being admitted as evidence.  These rules are called the Federal Rules of Evidence and must be referred to in order to determine whether certain evidence is admissible.  They are available in most law libraries and also can be viewed via links from the *pro se* page of the Court's website ("free on-line resources").

### Direct and Cross Examination of Witnesses

Direct Examination – When you question your own witness, it is called *direct examination*. Only non-leading questions are allowed during direct examination.  A non-leading question does not

imply the answer in the question.  Examples of non-leading questions are questions that begin with the words: Who, What, When, Where, How, or Why.

Cross Examination – Once a party has presented and questioned its witness, the opposing party is entitled to question that witness about the matters of the testimony given during direct examination.  This form of questioning is called *cross examination*.  Both leading questions (questions that imply the answer) and non-leading questions are acceptable during cross examination.

Redirect Examination (Redirect) – If, after cross examination is completed, a party has additional questions to ask its witness about issues that were raised during that witness's cross examination, that party may ask non-leading (Who, What, When, Where, How, or Why) questions in what is called *redirect examination*.

Recross Examination (Recross) – *Recross examination* is cross examination by the opposing party with questions based on the witness's answers during redirect examination.

**Objections**

An "objection" is a way of attempting to prevent inadmissable evidence from being presented to the jury.  If you believe that the opposing party is attempting to introduce improper evidence or is asking improper questions of a witness, you must stand and object, stating to the Judge the reasons for your objection, that is, why such evidence and/or question is improper.  You can make objections when the opposing party is: (1) questioning a witness, (2) seeking to admit a document into evidence, or (3) presenting their opening or closing statements.  Whether evidence is admissible is a decision made solely by the Judge.  You must state the reason for your objection to ensure that the issue can be raised on appeal.

In order to determine the admissibility of certain disputed evidence, the Judge may have a conference with the *pro se* party and the opposing party's attorney to discuss why the particular evidence may or may not be admissible.  This conference is called a *sidebar* or a *bench conference*. A record is made of the proceeding by the court reporter.  It is conducted out of the hearing of the jury.

### Closing Statements (also known as Closing Arguments)

After all the evidence is presented, both sides have the right to make closing statements.  The closing statements are a party's final chance to address the jurors before the Judge instructs the jurors on the law and they begin deliberations.  In the closing statements, the *pro se* party and the opposing attorney each summarize the evidence presented, explain to the jury how the evidence is relevant to the issues in the trial, and tell the jury why, based on all the evidence they have heard and seen at trial, they should return a decision favorable to its respective side.  The closing statements also give the parties the opportunity to provide the jurors with a clear and coherent narrative or story of what happened using the testimony and other evidence that was admitted during trial.  During closing statements, you are not permitted to include personal opinions about the facts or the evidence and must be careful not to do so.

### Jury Instructions (also known as Jury Charge)

After the closing statements, the Judge will instruct the jury on the relevant law, how this law must be applied to the facts of the case, and the specific questions the jury will be required to decide. As a general rule, the Judge's instructions to a jury will:  inform the members of the jury of their role in the case; explain which party has the burden of proof; explain the role of the evidence presented, the weight to be given to various types of evidence, and the permissible and impermissible inferences

133

to be drawn from the evidence; explain any limitations on the use of certain evidence; and set out the elements of each claim and any defenses.

### Proposed Jury Instructions

Prior to trial, each party may prepare proposed jury instructions and submit them to the Judge in writing for consideration, as specified by the Judge or by the Judge's Individual Practices.  There are several reference books available in a law library that provide model jury instructions on areas of law frequently dealt with by trial courts.  Keep in mind, however, that the Judge is not obligated to use either party's proposed jury instructions when instructing the jury.

### Objections to Jury Instructions

Once the Judge has prepared the jury instructions, the Judge usually will give each party a copy to review.  Each party will be asked if it has any objections.  When making an objection, you should identify the instruction that you are referring to, explain the basis for your objection, and offer an alternative instruction.

### Jury Deliberation

Jury deliberation begins when the Judge has completed instructing the jury and the jury is sent to a room, guarded by a Court Security Officer ("CSO"), to discuss the case.  Jury deliberation is the process whereby the jury evaluates the evidence and draws conclusions, with the goal of reaching a verdict.  No one, including the Judge or the parties, is permitted to witness the jury deliberations. During jury deliberations, the jurors are not permitted to speak to anyone, other than each other, about the case.  In addition to following the Judge's jury instructions while deliberating, the jury must answer a set of "yes or no" questions which will be given to the jury in what is called a verdict form.

**Verdict**

Once the jury has reached a decision, one of the jurors, known as the foreperson, will inform the Judge that the jury has reached a decision. The jury's decision is called the verdict. Unless the parties otherwise agree, the jury's verdict must be unanimous and no verdict can come from a jury of fewer than six jurors. The jurors will return to the courtroom and the Judge will ask the foreperson if the jury has reached a verdict. If the foreperson says yes, the Judge will ask to see the verdict form and then ask the jury foreperson to confirm the jury's answer to each of the questions on the verdict form. You also may ask the Judge to poll the jury, that is, to have each juror state that this is his or her verdict.

If you believe that the verdict was incorrect, you may appeal the decision. The procedure for doing so is outlined in the section of this manual entitled "Appeals," on pages 136-42.

**Judgment**

After the Judge (bench trial) or the jury (jury trial) has issued a verdict, a document entitled "Civil Judgment" or "Judgment" is prepared by the Judgment Clerk. The Judgment is prepared whether you won or lost your case. The Judgment closes your case in the Southern District and starts your time to appeal.

If you win at trial, you may be able to recover from your opponent, in addition to any monetary damages you may have won at trial, some or all of the costs you spent to bring or defend your lawsuit. If you lose at trial, the defendant may be able to get a judgment for costs against you. Local Civil Rule 54.1 provides more details regarding this request. A *pro se* party cannot be awarded attorneys' fees.

135

# APPEALS

A final decision by the Judge may be reviewed by a higher federal court – the appeals court – if the losing party files a Notice of Appeal. Appeals from cases in the Southern District of New York are heard by the United States Court of Appeals for the Second Circuit (the "Second Circuit"). The rules and procedures for appeals are set forth generally in the Federal Rules of Appellate Procedure (Fed. R. App. P.) and the Local Rules of the Second Circuit.

Grounds for an appeal usually consist of allegations that the Judge made an error either in interpreting the law or in a procedural ruling during the course of the case. Any error must have been sufficiently significant so that the Judge or jury reached an incorrect decision as a result of the error.

In general, only *final orders or judgments* from the district court may be appealed. 28 U.S.C. § 1291. This kind of appeal is called an *appeal as of right*. In most cases, a final order or judgment is entered when all issues in the case have been resolved in favor of either the plaintiff or the defendant. In order to appeal, a *final order or judgment* should be entered on the docket of your case. A *final order or judgment* is the document that announces the final decision with respect to your case (that is, whether you won or lost) and closes the case with the district court.

You have thirty (30) days (or sixty (60) days if the case involves a party who is the United States, a federal agency or federal employee) from the date that the final order or judgment was entered on the docket to file a Notice of Appeal in the Southern District's *Pro Se* Office. A Notice of Appeal is a one-page document containing your name, a description of the final order or judgment (or part thereof) being appealed, and the name of the court to which the appeal is taken (the Second Circuit). A Notice of Appeal **form** is included in this manual.

136

**Once you file a Notice of Appeal, the District Court no longer has jurisdiction over your case and all questions regarding the case or the Second Circuit's procedures should be addressed to the Clerk of the Second Circuit.**

Your Notice of Appeal should be filed in the Southern District *Pro Se* Office as soon as possible within the 30-day time period (or 60-day time period if the case involves a party who is the United States, a federal agency or federal employee). If, however, the 30-day period has passed and you still wish to appeal, you should file in the Southern District *Pro Se* Office both a Notice of Appeal and a Motion for an Extension of Time to File a Notice of Appeal ("Motion"). In that motion, you must explain to the Judge why you should be allowed to appeal despite the lateness of your Notice of Appeal. A **form** Motion for an Extension of Time to File a Notice of Appeal, and a **form** combined Notice of Appeal and Motion for an Extension of Time to File a Notice of Appeal, are included in this manual. If the Judge grants your motion, the appeal will be forwarded to the Second Circuit. If the Judge denies your Motion for an Extension of Time to File a Notice of Appeal, the motion still will be forwarded to the Second Circuit so that it may determine whether to grant your motion.

Even if you proceeded *pro se* in the District Court, you can ask the Second Circuit to appoint counsel for you for appeal.

**Appeal Fees**

The fee for filing your Notice of Appeal is $455. You may pay the $455 fee at the Southern District *Pro Se* Office in cash, by credit card (Discover, Mastercard, Visa or American Express), or by certified check or money order made payable to "Clerk of Court, S.D.N.Y." Personal checks are not accepted. Cash will not be accepted in cases submitted by mail.

If you are unable to pay the $455 filing fee, you may request that the Judge grant you *in forma pauperis* status ("IFP status") and waive the appeal fee. You do this by submitting to the Southern District *Pro Se* Office, along with your Notice of Appeal, an application to proceed *in forma pauperis* on appeal. If IFP status had been granted by the Chief Judge at the start of your case and was **not revoked in the Court's final order or judgment**, by ruling that an appeal will not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), then your IFP status still is in effect and no fee nor application to waive the fee is necessary. If, however, IFP status has been revoked or denied by the Judge, a new IFP application must be filed with the Southern District *Pro Se* Office, which will forward your IFP application to the Second Circuit for a ruling.

To ensure the efficient processing of your Notice of Appeal, you should either pay the $455 fee or, if you are unable to do so, you should submit to the Southern District *Pro Se* Office an application to proceed *in forma pauperis* on appeal regardless of your initial IFP status. If the application is unnecessary because your IFP status still is in effect, the *Pro Se* Office will return it to you.

**Interlocutory Appeals**

Generally, only final decisions by the Judge can be appealed to the Second Circuit. In <u>very limited</u> circumstances, you may appeal a non-final decision while your case is ongoing. These types of appeals are called *interlocutory appeals*. The limited circumstances in which you may seek an interlocutory appeal are set forth in 28 U.S.C. § 1292. There are no exceptions to this list. In the context of *pro se* cases, interlocutory appeals are generally permissible only from orders of the district court granting, denying, or modifying injunctive relief. 28 U.S.C. § 1292(a)(1). Generally, all other decisions, including those relating to discovery matters, are not appealable while the case is still pending in the district court.

If you are bringing an interlocutory appeal, you must file a Notice of Appeal in the Southern District *Pro Se* Office within ten (10) days of the date of the entry on the docket of the order being appealed.  Your Notice of Appeal will be processed and transmitted to the Second Circuit Court of Appeals; the Second Circuit may, however, decline to hear your appeal because it is an impermissible interlocutory appeal.  As with an appeal from a final judgment, your Notice of Appeal for an interlocutory appeal must be accompanied by either the $455 filing fee or your *in forma pauperis* application. Unlike an appeal from a final judgment, a Notice of Appeal from a non-final judgment – meaning, an interlocutory appeal – does not automatically stay the proceedings in the district court.

**Alternatives to Appeals**

There are some alternatives to an appeal that are available to you:

**Motion for a New Trial or to Alter or Amend the Judgment (Rule 59)**

Under Rule 59(a) of the Federal Rules of Civil Procedure, you may file a motion in the Southern District *Pro Se* Office, to be decided by the Judge in your case, to request a new trial.  Under Rule 59(e), you may file a motion to alter or amend a final *judgment* entered in your case.  In order to file a *timely* Rule 59 motion under Rule 59(a) or Rule 59(e), you must file it in the *Pro Se* Office within twenty-eight (28) days of the date of the entry of the *final judgment* on the Southern District docket.  **If you file a _timely_ Rule 59 motion with the *Pro Se* Office, your time to file a Notice of Appeal (in order to appeal your case to the Second Circuit as of right) does not begin to run until the Judge decides your Rule 59 motion.**  If you submit your Rule 59 motion at the same time you submit your Notice of Appeal, the Notice of Appeal will not be filed until the Judge decides your Rule 59 motion.

### Motion for Reconsideration or Reargument (Local Civil Rule 6.3)

You may file a motion for reconsideration or reargument in order to challenge *any* determination by a Judge.  The motion, which will be decided by the Judge on your case, must be filed with the *Pro Se* Office and served on the opposing party within fourteen (14) days of the date of the entry on the docket of the order being challenged.  The motion must be accompanied by a memorandum of law; it may not be accompanied by an affidavit or affirmation.  The memorandum of law should describe the controlling cases that you contend the Judge overlooked.

### Motion for Relief from Judgment or Order (Rule 60)

If you want the Judge to correct a **clerical mistake** made in an order or judgment, you should file a Rule 60(a) motion before your appeal is docketed in the Second Circuit.

Rule 60(b) governs all other motions for relief from a judgment or order.  Such motions must be filed within a reasonable time and not later than one year after the judgment being challenged.  In general, under Rule 60(b), the Judge may grant relief from a judgment for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; [or] (3) fraud, . . . misrepresentation, or other misconduct of an adverse party. . . ."  **Filing a Rule 60(b) motion does not extend your time to appeal the final order or judgment of your case to the Second Circuit.**.  If you want to file a motion for relief under Rule 60(b) and you also intend to appeal to the Second Circuit as of right from the final order or judgment, you must file your Notice of Appeal in the Southern District *Pro Se* Office within 30 days (or sixty (60) days if the case involves a party who is the United States, a federal agency or federal employee) of the date of the entry of the final order or judgment.  You may file your Rule 60(b) motion in the *Pro Se* Office at the same time you file your Notice of Appeal or at any time thereafter.  The Judge will review your Rule 60(b) motion and, if the

Judge intends to grant it, will notify the Second Circuit so that the case can be returned to the Southern District. If the Judge denies your Rule 60(b) motion, your appeal will proceed in the Second Circuit.

**Proceedings on Appeal Before the Second Circuit**

The Second Circuit is an *appellate court*. As such, there is no trial, no jurors, no witnesses. Testimony is not heard, and the parties themselves need not be present during the appeal. In the Second Circuit, a panel of three Judges usually is assigned to hear an appeal. The Second Circuit will only consider issues that the Southern District considered, based on the record from the Southern District. Generally, a party may not submit additional evidence (documents or testimony) to the Second Circuit that was not part of the file in the Southern District. If you want to have the record on appeal corrected or enlarged, you must file a motion in the Southern District pursuant to Rule 10(e) of the Federal Rules of Appellate Procedure.

In addition to the Southern District record, which will be forwarded to the Second Circuit, the Second Circuit will consider a party's legal position as set forth by an *appellate brief*. The party bringing the appeal, called the *appellant*, and the party against whom the appeal is brought, called the *appellee*, each will be allowed to submit briefs to the Second Circuit. An *appellate brief* contains a litigant's legal and factual arguments as to why the Second Circuit should find in favor of that litigant.

The Second Circuit may allow *oral argument*, where both appellant and appellee (or their attorney if they have one) are able to argue, in person, before a three-Judge panel, why the Second Circuit should rule in their favor.

Once the Second Circuit reaches a decision on the appeal, both the appellant and the appellee will receive a copy of that decision in the mail.

Questions regarding Second Circuit procedures should be addressed to the Second Circuit Clerk's Office.  The Southern District *Pro Se* Office cannot answer questions regarding Second Circuit procedure.

The Clerk's Office of the Second Circuit is located in Room 370 of the Daniel Patrick Moynihan Courthouse at 500 Pearl Street in Manhattan.  (There is no *Pro Se* Office in the Second Circuit.)  The mailing address for the Second Circuit is:

United States Court of Appeals for the Second Circuit
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 370
New York, N.Y.  10007

The telephone number of the Clerk's Office is (212) 857-8500.

Cited in Liu v Mount Sinai Sch of Med
09Civ9663 Decided 9/24/12
Archived on 10/11/12
This document is protected by copyright.
Further reproduction is prohibited without permission.

## GLOSSARY OF TERMS USED IN THIS MANUAL

| | |
|---|---|
| **Action** | A case or lawsuit. |
| **ADR** | Stands for "Alternative Dispute Resolution."  Generally, this refers to different methods parties can use to settle a case. |
| **Adjourned** | Postponed or moved to a later date. |
| **Affidavit** | A written statement of facts confirmed by the oath of the person making it, before a notary public or other officer having authority to administer oaths.  See *Affirmation, Declaration*. |
| **Affirmation** | A written statement of facts confirmed by the pledge of the person making it and subjecting that person to penalties of perjury for any false statements.  The signature of a notary public is not needed for an affirmation.  See *Declaration, Affidavit*. |
| **Affirmation of Service** | A document attached to any document submitted to the court in which a party attests that a copy of the document was sent to (= served on) all other parties in the case.  A copy of the Affirmation of Service is not sent to the other parties; it is attached only to the document submitted to the court.  Sometimes referred to as a "*Certificate of Service*."  See Rule 5 of the Federal Rules of Civil Procedure. |
| **Allegation** | A claim or statement of what a party intends to prove; the facts as one party claims they are. |
| **Amendment** | Changing, altering or correcting a document. |
| **Answer** | The defendant's written statement responding to a complaint, setting forth the grounds for the defendant's defense. |
| **Appeal** | A review by a higher court of the judgment or decision of a lower court.  Appeals from the United States District Court for the Southern District of New York are heard by the United States Court of Appeals for the Second Circuit. |
| **Appellant** | The party who appeals the lower court's decision. |
| **Appellee** | The party against whom the appeal is taken. |
| **Application to proceed *in forma pauperis*** | A written request by a plaintiff, who cannot pay the filing fee for a lawsuit, asking the Judge to waive the filing fee.  A party filing a Notice of Appeal also may file an "Application to proceed *in forma pauperis* on appeal," to request that the fee to file an appeal be waived. |
| **Bench Trial** | A trial conducted without a jury.  In a bench trial, the Judge determines the law, the facts, and the outcome of the lawsuit. |

143

| | |
|---|---|
| **Brief** | Also called a Memorandum of Law.  A written statement of a party's legal position including a summary of the facts, a statement of the questions of law involved, and the arguments and legal authorities upon which the party relies. |
| **Caption** | The caption is the title of the action.  It includes the names of all plaintiff(s) (the parties bringing the action) and the names of all defendant(s) (the parties being sued) separated by the word "against or the letter "v." for "versus."  The caption must  appear on the top left-hand corner of all papers submitted to the court and include the name of the court, for this District that is the United States District Court for the Southern District of New York.  <u>See</u> Rule 10 of the Federal Rules of Civil Procedure. |
| **Case Management Conference** | The meeting in which the Judge, after discussion with the parties, sets a schedule for various events in the case.  <u>See</u> Rule 16 of the Federal Rules of Civil Procedure. |
| **Certificate of Service** | A certificate attached to any document submitted to the court in which a party attests that a copy of the document was sent to (= served on) all other parties in the case.  A copy of the Certificate of Service is not sent to the other parties; it is attached only to the document submitted to the court.  Sometimes referred to as an "*Affirmation of Service*."  <u>See</u> Rule 5 of the Federal Rules of Civil Procedure. |
| **Challenge** | An objection to a prospective juror for a trial.  A challenge for cause is a challenge to a juror for which cause or a reason is alleged.   A peremptory challenge is a challenge to a juror without alleging any cause or reason; a limited number of peremptory challenges is allowed each side in any case. |
| **Charge to the Jury** | The Judge's instructions to the jury concerning the law that applies to the case. |
| **Cite or Citation** | A reference to a law, rule, judicial decision, or piece of evidence. |
| **Civil Action** | Every lawsuit other than a criminal action. |
| **Claim** | A statement made by a plaintiff in a complaint that the defendants violated the law.  Sometimes referred to as a "*Count*" or a "Cause of Action." |
| **Clerk of Court** | The court official who is responsible for filing papers, keeping the records and the court seal, issuing process, entering judgments and orders, and providing certified copies of documents from the record. |

Cited in Liu v. Siemens 09 Civ. 9663 Southern District 04/12 This document is Scholarden protected by copyright. Further reproduction is prohibited without permission.

| | |
|---|---|
| **Closing Arguments** | Also called "summation."  After the presentation of all evidence at trial, a statement made to the Judge and jury before deliberations begin in which each party summarizes the evidence presented at trial and asks that the law be applied in his/her favor. |
| **Collateral Estoppel** | Once an issue of fact has been determined in a proceeding between two parties, the parties may not relitigate that issue even in a proceeding on a different cause of action.  See *Res Judicata*. |
| **Complaint** | The first document filed in a lawsuit, in which the plaintiff tells the Judge and the defendants what happened, how the defendants violated the law, how the plaintiff was injured and what relief or damages the plaintiff wants.   See Rules 8 and 9 of the Federal Rules of Civil Procedure. |
| **Conviction** | A judgment of guilt against a criminal defendant. |
| **Costs** | An amount of money awarded to the successful party (and recoverable from the losing party) solely as reimbursement for certain expenses in prosecuting or defending the suit. |
| **Counsel** | Attorney or lawyer. |
| **Count** | A statement made by a plaintiff in a complaint that the defendants violated the law.  Sometimes referred to as a "*Claim*" or a "Cause of Action." |
| **Counterclaim** | A claim made by a defendant against a plaintiff. |
| **Court of Appeals** | A federal court which may review decisions by the District Court.  The Court of Appeals is higher than the District Court but under the United States Supreme Court.  Appeals from the Southern District of New York are heard by the United States Court of Appeals for the Second Circuit. |
| **Court Reporter** | A person authorized by law to record testimony either in the courtroom or at a deposition.  The court reporter uses a small typewriter-like machine to record testimony.  The testimony is recorded onto paper tapes and computer in "shorthand" and then transcribed.  Any request for transcripts must be made to the court reporter.  Sometimes referred to as a *Court Stenographer*. |
| **Court Stenographer** | A person authorized by law to record testimony either in the courtroom or at a deposition.  See *Court Reporter*. |
| **Courtesy Copy** | An extra copy of a court filing that is sent to the Judge's chambers. |

| | |
|---|---|
| **Courtroom Deputy** | A court employee who assists the Judge in the courtroom by swearing-in the jury and witnesses, marking evidence, and attending to the jury. In addition, the Courtroom Deputy often is in charge of keeping the Judge's Calendar and handling administrative tasks for the Judge. |
| **Cross claim** | A claim by one defendant against a co-defendant, usually for contribution or indemnity. |
| **Cross-Examination** | After a witness has given direct testimony, the opposing party may examine or question the witness to verify, refute or to further develop the testimony. |
| **Damages** | Monetary compensation that may be recovered by a plaintiff who has suffered a loss or injury through the unlawful act, omission, or negligence of the defendants. "Compensatory damages" or "actual damages" are damages awarded to a plaintiff to pay for the actual losses suffered by the plaintiff (for instance, medical expenses). "Punitive damages" are damages awarded in addition to actual damages when the defendant has acted with particular malice, fraud, or recklessness as a way to "punish" the defendant. |
| **Declaration** | A written statement confirmed by the pledge of the person making it and subjecting that person to penalties of perjury for any false statements. The signature of a notary public is not needed for a declaration. See *Affirmation, Affidavit.* |
| **Default Judgment** | A judgment entered for the plaintiff when a defendant who has been served with a summons and complaint fails to answer or otherwise respond to the complaint. See Rule 55 of the Federal Rules of Civil Procedure. |
| **Defendant** | The person sued by the plaintiff. The person plaintiff claims caused plaintiff's injures. Also, the party who is accused in a criminal case. |
| **Deposition** | A question and answer session conducted under oath, before trial but outside of court, in which a party asks a person (either a party or a non-party) questions about the facts or issues of the case. A deposition is oral (= verbal) testimony. The opposing party must be notified when any deposition is scheduled so that that party can attend and also ask questions. Deposition testimony may be used as evidence to support a motion (such as a summary judgment motion), at trial, or in order to obtain other discovery. See Rule 30 of the Federal Rules of Civil Procedure. |
| **Dicta** | Comments made by a Judge in an opinion that are not necessary to the decision in the case. |

146

| | |
|---|---|
| **Disclosures, Initial** | Information you must automatically give to the other parties, even if they do not ask for it.  See Rule 26(a)(1) of the Federal Rules of Civil Procedure.  See *Initial Disclosures.* |
| **Discovery** | The process by which the parties to a lawsuit gather information about the facts and issues of the case.  Discovery is conducted between the parties by exchanging information such as documents, or it may include obtaining information from non-parties.  Standard discovery methods are: interrogatories, depositions, requests for admissions, requests for production of documents, and physical and mental examinations.  See Rules 26 to 37 and 45 of the Federal Rules of Civil Procedure. |
| **Diversity of Citizenship** | One of two types of cases that federal district courts have jurisdiction to hear.  Diversity exists if none of the plaintiffs is a citizen of any state in which any defendant is a citizen, and the actual amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332. |
| **Docket** | The computer file, maintained by the court, listing the activity in each case.  It contains an index of each document filed with the court and every order issued by the Judge, as well as other information.  The *Pro Se* Office is not responsible for inputting or correcting the information on the docket; this is the responsibility of the Docketing Unit.  Each separate piece of information on the docket is called a "docket entry."  The "docket sheet" is the print-out of the docket.  You may receive a free docket sheet of your case by making a written request to the *Pro Se* Office. |
| **Docket Number** | The case number.  A docket number is made up of a two-digit number (to signify the year), followed by the case type (either Civ. for civil cases or Cr. for criminal cases), followed by a four- or five- digit case number and followed by the Judge's initials in parentheses.   For example, 09 Civ. 2345 (LAP) is the docket number for the 2,345[th] civil case filed in the year 2009, and the case is assigned to Chief Judge Loretta A. Preska.  The case's docket number must appear on all papers submitted to the court. |
| **Document** | Any writings, drawings, graphs, charts, photographs, computer records or other electronically stored information, pictures, maps, etc.  Denotes any record such as deeds, agreements, title papers, receipts and other written instruments or data compilations used to prove a fact. |
| **Electronically Stored Information ("ESI")** | Information on computers or similar devices.  ESI is discoverable.  See Rules 26 and 34 of the Federal Rules of Civil Procedure. |
| **Entry of Judgment** | Recording the judgment on the docket.  A party's right to appeal starts from entry of judgment. |

Cited in Liu v. Hermès of Paris ... 09 Civ... United States District ... This ... reproduction is prohibited without permission. Further reproduction prohibited without permission.

| Evidence | Any kind of matter, presented through witnesses, records or documents, to prove or disprove a fact. |
|---|---|
| *Ex Parte* | (Latin for "from one party.")  Communication between one party and the Judge, without the other parties being notified or present.  Except in very limited circumstances (such as for settlement), *ex parte* communication with the Judge is not permitted. |
| Exhibits | Documents or other materials used as evidence at trial or for motions. |
| Federal Question | One of two types of cases that federal district courts have jurisdiction to hear. In federal question cases, the plaintiff's claims involve the interpretation and application of the Constitution or laws of the United States.  See 28 U.S.C. § 1331. |
| Federal Rules of Appellate Procedure | The rules that govern appeals to the United States Courts of Appeals.  Cited as: Fed. R. App. P. |
| Federal Rules of Civil Procedure | The rules that govern civil proceedings in the federal district courts.  Cited as: Fed. R. Civ. P. |
| Federal Rules of Evidence | The rules that govern admission of evidence in the federal district courts.  Cited as: Fed. R. Evid. |
| File or Filing | A document which is properly submitted to the court may be stamped "filed," recorded on the court's docket, and placed in the court's record/file. Papers not properly prepared may be rejected by the Judge. All papers from a *pro se* party are to be submitted to the *Pro Se* Office for filing. |
| Good Faith | Acting in good faith means having honest intentions.  For example, negotiating in good faith means coming to the bargaining table with an open mind and a sincere desire to reach an agreement. |
| *Habeas Corpus* | (Latin for "that you have the body.")  A writ (= order of the court) used to bring a prisoner before the court to challenge the legality of a conviction or detention.  It also may be used to bring a prisoner before the court to testify (= a writ of *habeas corpus ad testificandum)* or to be prosecuted (= a writ of *habeas corpus ad prosequendum*). |
| Hearing | A formal proceeding, similar to a trial, in which evidence is submitted and witnesses are heard, with one or more legal issues to be determined.  Hearings are typically open to the public and held in the courtroom. |
| Hearsay | A statement made outside of court by someone other than a witness, offered to prove the truth of the matter asserted.  Hearsay usually is not admissible in evidence.  See Rules 801 to 805 of the Federal Rules of Evidence. |

Cited in Liu v. Pount Sinai School of Med. 09Civ.9663 Decided 1/24/12
Further reproduction or dissemination is prohibited by copyright. Further reproduction is prohibited without permission.

148

| Holding (of a case) | In legal research, the legal principal necessary for the decision of a case. The holding of a case will tell you whether the case supports your position. |
|---|---|
| Impeach | To introduce evidence intended to contradict testimony or to question the witness's truthfulness or credibility. |
| *In Forma Pauperis* | (Latin for "in the manner of a pauper.")  The permission given to a person unable to afford the court's filing fee to sue (or appeal) without payment of court fees. |
| Initial Disclosures | The disclosures the parties in certain cases must serve, automatically, without request from the opposing party, within fourteen (14) days of their initial case management conference.  See Rule 26(a)(1) of the Federal Rules of Civil Procedure. |
| Injunction | A temporary or permanent order by a Judge prohibiting or requiring the performance of some specific act in order to prevent irreparable damage or injury. |
| Interlocutory Appeal | An appeal from a court order issued before judgment is entered in a case.  Such appeals normally are not permitted, except that a party has a right to appeal some interlocutory orders, such as the denial of a motion for a preliminary injunction. Most interlocutory appeals require the Judge's permission.  See 28 U.S.C. § 1292. |
| Interrogatories | A discovery tool in which written questions are asked by one party and served on an opposing party who must answer them in writing under oath.  See Rule 33 of the Federal Rules of Civil Procedure. |
| Judge's Individual Practices or Rules | The rules unique to each individual Judge that supplement the Federal Rules of Civil Procedure and the Local Civil Rules of the Court.  Also referred to as the "Judge's Chambers Rules." |
| Judgment | The official decree of the court determining the rights and obligations of the parties in a case.  A judgment officially closes the case and triggers the parties' right to appeal. "Summary Judgment" is a decision by the Judge to end a lawsuit, before trial, based on evidence presented in affidavits and exhibits, when there is no dispute as to the material (important) facts of the case and one party is entitled to win as a matter of law.  "Declaratory Judgment" is a type of relief a plaintiff may request in the complaint in which the plaintiff asks the court to declare that his or her rights were (or were not) violated by the opposing party. A "Default Judgment" is entered in favor of the plaintiff when a properly-served defendant has failed to respond to the complaint.  See Rules 54 to 58 of the Federal Rules of Civil Procedure. |
| Jurisdiction | The court's power or legal authority to hear and decide a case. |

| | |
|---|---|
| **Jury** | A certain number of persons selected according to law and sworn to decide matters of fact and declare the truth about matters laid before them at a trial.  Eight (8) jurors are typically selected to decide a civil case, but in no event may fewer than six (6) jurors be selected. |
| **Jury Instructions** | Also called the "Jury Charge."  The rules the Judge gives to the jury at different times during the trial, but mostly at the end of the trial, to explain what the jury's role is, how to view the evidence, and the law that applies to the case.  Before the trial begins, the parties must submit to the Judge proposed jury instructions that the Judge can use to prepare the instructions that will be read to the jury during the trial. |
| **Jury Selection** | The process by which the jury is selected for a case.  In federal district court, the Judge, not the attorneys, asks prospective jurors a series of questions (= *voir dire*) to ascertain the jurors' abilities to sit on the jury.  The parties may submit a set of proposed *voir dire* questions to the Judge for consideration. |
| **Jury Trial** | A trial in which a jury is selected to decide which evidence to believe and determine what actually happened.  The Judge will instruct the jury as to the law and the jury will apply the law to the facts and render a decision as to who wins the case. |
| **Litigant** | A party to a lawsuit. |
| **Local Civil Rules** | A set of rules for a specific federal court that supplements the Federal Rules of Civil Procedure.  A copy of the Southern District of New York's Local Rules is available on the Court's website. |
| **Mandamus** | (Latin for "we command.")  It is a command of a higher court to either a lower court or a public officer to perform a lawful duty. |
| **Material Fact** | A fact that makes a difference or is significant, important or essential to the case. |
| **McKinney's** | Publisher of the set of legal books containing New York State laws.  The books are called "McKinney's" for short. |
| **Mediation** | A method of alternative dispute resolution in which the parties appear before a neutral mediator who tries to help the parties reach a mutually agreeable settlement. |
| **Memorandum of Law** | A written statement of a party's legal arguments presented to the Judge.  Sometimes referred to as a "*Brief*" or "Legal Brief." |
| **Mistrial** | A trial that cannot stand because of some fundamental error.  When a mistrial is declared, there is no decision on the merits of the case and the trial must start again with the selection of a new jury. |

| | |
|---|---|
| **Moot** | Having no practical significance.  For example, a motion for an extension of time may be considered moot if the Judge had already given the party more time. |
| **Motion** | A formal request that the Judge issue a specific order.  Motions are usually submitted in writing, but in certain limited circumstances (such as at a hearing or at trial) the motion may be made orally. |
| **Motion for Default Judgment** | A motion made by the plaintiff when the defendant has failed to answer or otherwise respond to the complaint after being served.  <u>See</u> Rule 55 of the Federal Rules of Civil Procedure. |
| **Motion for Extension of Time** | A motion made by either party for additional time to do something.  Frequently, these applications are made in the form of a letter to the Judge (through the *Pro Se* Office). |
| **Motion for Judgment as a Matter of Law** | In a jury trial, a motion made by either party before the case is submitted to the jury arguing that the opposing party's evidence is so legally deficient that no jury could reasonably decide the case in the opposing party's favor.  <u>See</u> Rule 50 of the Federal Rules of Civil Procedure. |
| **Motion for Judgment on the Pleadings** | A motion made by either party requesting that the Judge rule in that party's favor based solely on the pleadings (complaint and answer).  Generally, when this motion is made, the defendant asserts that even if the facts in plaintiff's complaint are true, the claim is legally barred.  The motion is often used in Social Security Appeals cases to ask the Judge to decide the case based on the administrative record.  <u>See</u> Rule 12(c) of the Federal Rules of Civil Procedure. |
| **Motion for New Trial** | A motion made by either party arguing that a new trial should be held because of an error in the trial.  For instance, a motion for a new trial may be made because the jury's verdict in the first trial is against the clear weight of the evidence.  <u>See</u> Rule 59 of the Federal Rules of Civil Procedure. |
| **Motion for Reconsideration or Reargument** | A motion made by either party asking the Judge to considering changing a prior order that determined a motion on the ground that the Judge overlooked matters or controlling decisions.  <u>See</u> Local Rule 6.3. |
| **Motion for Relief from a Judgment or Order** | A motion made by either party asking the Judge to consider changing a prior decision based on either misinformation, mistake, fraud, new information, or other stated reasons.  <u>See</u> Rule 60 of the Federal Rules of Civil Procedure. |

| Motion for Sanctions | A motion made by either party arguing that a person should be punished by the Judge because of certain conduct during the litigation.  The punishment imposed can be monetary in nature, or can result in a document or evidence being struck from the record or the case being dismissed. |
|---|---|
| Motion for Summary Judgment | A motion made by either party (but most frequently by the defendant), generally at the close of discovery, arguing that there are no *material facts* in dispute and that, based on the law, the moving party should win.  <u>See</u> Rule 56 of the Federal Rules of Civil Procedure. |
| Motion *In Limine* | A pretrial motion made by either party to obtain rulings on the admission of certain evidence prior to the trial. |
| Motion to Amend or Alter the Judgment | A motion made by either party after the entry of judgment arguing that a mistake was made in the judgment that should be corrected.  <u>See</u> Rule 59 of the Federal Rules of Civil Procedure. |
| Motion to Compel | A motion made by either party asking the Judge to order a party or non-party to make disclosures, to answer discovery requests, or to provide a more detailed response to discovery requests.  Before the motion is made, the party is required to try to resolve the dispute informally and request a pre-motion conference.  <u>See</u> Rule 37 of the Federal Rules of Civil Procedure. |
| Motion to Dismiss | A motion made by a defendant arguing that there are legal problems with the way the complaint is written, filed or served, and asking that the Judge dismiss some or all of the claims.  <u>See</u> Rule 12 of the Federal Rules of Civil Procedure. |
| Motion to Strike | A motion made by a either party arguing that a document or testimony, or a portion of such, should be deleted from the official court record. |
| Notary Public | A public officer who is authorized by the state to administer oaths and to attest to the authenticity of signatures.  Many lawyers, paralegals, and court reporters are notaries. |
| Notice of Appeal | A notice filed with the district court, and served on the other parties to the suit, stating that a party is appealing.  The Notice of Appeal contains no legal arguments, but serves only to identify the party taking the appeal and the order or judgment being appealed.  Filing the notice of appeal with the *Pro Se* Office in the district court is the first step in an appeal. |

Cited in Liu v. 888 Consulting Corp. et al., 09 Civ. 9663 (S.D.N.Y. Oct. 15, 2012). Archived on NYSD Court of Med. This document is protected by copyright. Further reproduction is prohibited without permission.

| | |
|---|---|
| **Notice of Deposition** | Notification made in writing to the witness, as well as all parties in the case, of your intention to depose the witness.  The Notice must be made a reasonable time in advance of the deposition.   The Notice must include all of the information required by Rules 26 and 30 of the Federal Rules of Civil Procedure. |
| *Nunc pro tunc* | (Latin for "Now for Then.")  Retroactively ordered by the Judge.  For example, the Judge may order a copy of a document which had been lost in the mail to be filed *nunc pro tunc* as of the date the original should have been received. |
| **Objections to Report & Recommendation** | A statement from a party explaining why that party believes a Magistrate Judge's Report & Recommendation should not be adopted by the District Judge.  The parties have fourteen (14) days to file objections to the Report & Recommendation.  <u>See</u> 28 U.S.C. § 636. |
| **Opening Statement** | In a trial, the first opportunity the parties have to address the jury and the Judge, and inform them of what they intend to prove through the use of evidence. |
| **Opinion** | The Judge's written decision, which typically includes a statement of facts, points of law, and an analysis applying the law to the facts. |
| **Opposing Party** | Your adversary.  The party you are suing or who is suing you.  In the context of a motion, the party against whom the motion is made. |
| **Order to Show Cause** | A Judge's Order directing a party to explain why the party did or failed to do something or why the Judge should or should not grant some relief. |
| **Overrule (an objection)** | If one party has an objection to testimony or evidence being submitted, the Judge may overrule the objection and permit the testimony or evidence to proceed. |
| **PACER** | "Public Access to Electronic Court Records."  Docket information is available to the public on the internet via PACER. |
| **Parties** | The *plaintiff(s)* and/or *defendant(s)* in the case. |
| **Perjury** | A deliberate false or misleading statement made under oath. |
| **Plaintiff** | The party who brings the suit, by filing the complaint asking for the enforcement of a right or the recovery of relief from a wrong. |
| **Prayer for Relief** | The last section of the complaint, stating what damages the plaintiff wants and what else the plaintiff wants the Judge to do (for example, injunctive or declaratory relief). |

| Pretrial Conference | A conference with the Judge attended by the parties (or counsel) to clarify the issues, to set a schedule for discovery, motions and further proceedings, and to discuss settlement.  See Rule 16 of the Federal Rules of Civil Procedure. |
|---|---|
| *Prima Facie* | (Latin for "At first sight.")   A *prima facie* case presents enough evidence for the plaintiff to win the case barring any defenses or additional evidence presented by the defendant. |
| Prison Mailbox Rule | A document submitted by a *pro se* prisoner for filing is deemed "filed" as of the date the prisoner delivers the document to prison officials for mailing, rather than the date it is actually received by the court. |
| Privilege | "Attorney-Client Privilege" prevents the attorney from disclosing confidential communications with a client.  The "Doctor-Patient Privilege" prevents the doctor from disclosing confidential medical information. |
| *Pro Bono* | (Latin for "For the Good.")  Legal services provided free of charge, usually for persons unable to afford a lawyer. |
| *Pro Se* | (Latin for "In his own behalf.")  Representing oneself in court, without an attorney. |
| Process Server | A professional hired by the plaintiff to serve the defendant with the summons and complaint.  If the plaintiff asked the defendant for a waiver of service and was refused, the plaintiff may be reimbursed for any costs and fees associated with hiring a process server to effect service.  See Rule 4 of the Federal Rules of Civil Procedure. |
| Proof of Service | A document which confirms that another document was served on the parties.  Proof of Service for the Summons and Complaint is located on the back of the summons and must be completed by the person who served those documents.  An Affirmation or Certificate of Service may be used as proof of service for all other documents. |
| Protective Order | A Judge's order prohibiting or limiting a party from proceeding with a legal procedure (for example, limiting certain types of discovery as unduly burdensome). |
| Quash the Subpoena | An application by a non-party witness to the Judge requesting that the non-party need not appear for a deposition and/or produce documents at the date, time and place listed in the subpoena. |
| Redirect Examination | At trial, after the opposing party has cross-examined a witness, the party who originally called the witness to testify may ask the witness questions regarding any of the answers given on cross-examination. |

| | |
|---|---|
| **Referring Judge** | The District Judge who refers all or some portion of the case to a Magistrate Judge. |
| **Remand** | To send back. The act of the appellate court in sending a case back to the district court for further action. |
| **Reply** | The response to an opposition to a motion. |
| **Report & Recommendation** | The Magistrate Judge's decision on a dispositive matter in which the Magistrate Judge advises the District Judge how the matter should be decided. After the Report & Recommendation is issued, the parties have fourteen (14) days to file *Objections to the Report & Recommendation*. The District Judge will review the Report & Recommendation and any Objections and either adopt, reject, or modify the Report & Recommendation. See 28 U.S.C. § 636. |
| **Request for Admission** | A discovery tool in which one party asks another party in writing to admit the truth of any statement or the authenticity of a document or to admit the application of law to any fact. See Rule 36 of the Federal Rules of Civil Procedure. |
| **Request for Waiver of Service** | A method by which the plaintiff asks the defendant to forgo formal service of the summons and complaint. If the defendant agrees to waive service, the defendant is granted an automatic extension of time to respond to the complaint. If the defendant refuses to agree to waive service, the plaintiff later may recoup any fees and costs associated with formally serving the defendant. See Rule 4 of the Federal Rules of Civil Procedure. |
| ***Res Judicata*** | (Latin for "A Matter Judged.") The principle that a matter generally may not be relitigated once it has been decided on the merits. |
| **Reversal** | The act of an appellate court overturning a decision of a lower court because of an error. |
| **Sanction** | A punishment or penalty, monetary or in another form, that the Judge may impose on a person in certain circumstances. For example, the Judge may impose a sanction upon a party that violates an order, fails to appear at a scheduled proceeding, or files frivolous complaints or motions. See Rules 11 and 37 of the Federal Rules of Civil Procedure. |
| **Service** | Providing a copy of a document to other parties. See Rule 5 of the Federal Rules of Civil Procedure. |

| Service of Process | Providing a copy of the summons and complaint to the defendant as required by Rule 4 of the Federal Rules of Civil Procedure.  Service must be done by a person over the age of 18 years who is not a party to the lawsuit.  A trusted family member or friend may serve the summons and complaint or a professional process server may be hired.  The defendant must be served within 120 days from the date the summons is issued.  <u>See</u> Rule 4 of the Federal Rules of Civil Procedure. |
|---|---|
| Side Bar | A conference in which the Judge calls the parties to one side of the bench, outside of the jury's hearing, to discuss an issue during trial. |
| Standing | A party's right to make a legal claim.  Generally, a plaintiff has standing in federal court if the plaintiff shows that the defendant's conduct injured him or her and that the right that was violated is one that is enforceable. |
| Standing Order | A Judge's Order that applies to lawsuits or certain circumstances that are heard by that particular Judge.  A Standing Order of the Court is an Order issued by the Chief Judge to deal with a recurring situation that the Federal Rules of Civil Procedure and the Local Civil Rules do not address.  Standing Orders have the full effect and power as all other judicial orders. |
| Statute of Limitations | Laws requiring that a lawsuit be filed within a certain amount of time after the injury.  Some federal laws specify their statute of limitations.  If a federal law does not specify the statute of limitations, then the federal courts will use the statute of limitations from the state law that is most closely related. |
| Stipulation | A written agreement voluntarily signed by parties in a case. |
| Strike | To delete a document or testimony, or any portion of such, from the official court record.  Also, to remove a potential juror from the jury. |
| *Sua Sponte* | (Latin for "Of its own will.")  When the Judge makes a determination on his or her own, without a motion from a party. |
| Subject Matter Jurisdiction | The power of the court to hear certain types of cases.  The federal district court has subject matter jurisdiction over federal question cases and diversity of citizenship cases.  <u>See</u> 28 U.S.C. §§ 1331, 1332. |
| Subpoena | (Latin for "Under Penalty.")  A court document commanding a non-party  to appear for trial or a deposition or produce documents on a specific date, time and place.  The same form is used for a "subpoena *ad testificandum*" and "subpoena *duces tecum*."  <u>See</u> Rule 45 of the Federal Rules of Civil Procedure. |

| | |
|---|---|
| **Subpoena *ad testificandum*** | A court document commanding a non-party to appear for trial or a deposition on a specific date, time and place.  See Rule 45 of the Federal Rules of Civil Procedure. |
| **Subpoena *duces tecum*** | A court document commanding a non-party to produce documents listed in the subpoena on a specific date, time and place.  See Rule 45 of the Federal Rules of Civil Procedure. |
| **Summons** | A document notifying the defendant that an action has been commenced against the defendant in the court, and that he or she is required to appear and answer the complaint.  The plaintiff must serve a copy of the summons and the complaint on the defendant within 120 days of the date listed on the summons. |
| **Sustain (an objection)** | Agrees with the objection.  If a party objects to some evidence and the Judge sustains the objection, the evidence will not be admitted or the question will not be answered. |
| **Temporary Restraining Order ("TRO")** | An order prohibiting a person from acting in a way likely to cause irreparable harm.  This differs from an injunction in that it may be granted immediately, without notice to the opposing party and without a hearing.  It is intended to last only a short time until a hearing can be held.  See Rule 65 of the Federal Rules of Civil Procedure. |
| **Testimony** | Evidence given by a witness under oath at a deposition or at trial, or in an affidavit. |
| **Transcript** | The typewritten transcription of the court reporter's shorthand notes of the proceedings in a trial, hearing or deposition. |
| **United States Code (U.S.C.)** | Federal laws are compiled in the United States Code.  Cited as:  U.S.C. |
| **Vacate** | To invalidate or cancel a prior order so that it no longer has any effect. |
| **Venue** | The specific court in which a lawsuit is filed. |
| **Verdict** | The decision or finding made by the jury upon matters or questions submitted to them at the trial. |
| ***Voir Dire*** | The preliminary examination of potential jurors to determine their competency and impartiality to serve on a case.  In federal court, the Judge generally asks each potential juror a series of questions designed to reveal any bias the juror may have that would prevent that person from being fair and impartial. |
| **Waiver of Service** | The defendant's agreement to forgo formal service of the summons and complaint.  See *Request for Waiver of Service*; see Rule 4 of the Federal Rules of Civil Procedure. |

| | |
|---|---|
| **With Prejudice** | Action taken with the loss of all rights.  A dismissal of the lawsuit with prejudice prohibits the plaintiff from filing another complaint raising those same claims. |
| **Without Prejudice** | Action taken with the right to reassert the same matter at a future date.  For example, a dismissal of the claims without prejudice permits the plaintiff to file another complaint raising those same claims.  Sometimes, the Judge will also grant the plaintiff "leave to amend" or "leave to replead" his allegations. |
| **Witness** | A person who has personal knowledge regarding the relevant facts of the case. |
| **Writ** | A written command, issued from the court, requiring the performance of a specific act. |

Cited in Liu v Mount Sinai Sch of Med
09Civ9663 Decided 9/24/12
Archived on 10/11/12
This document is protected by copyright.
Further reproduction is prohibited without permission.